TODD W. BONDER, ESQ. (Cal. Bar No. 116482)
tbonder@rmslaw.com
FRANCIE R. GOROWITZ, ESQ. (Cal. Bar No. 125728)
fgorowitz@rmslaw.com
ROSENFELD, MEYER & SUSMAN, LLP
9601 Wilshire Boulevard, Suite 710
Beverly Hills, California 90210-5225
Telephone: (310) 858-7700
Facsimile: (310) 860-2430

Attorneys for Plaintiff
GENOSCO dba KleanColor

FILED

11 APR 12 PM 4:00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ______________

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

GENOSCO, a California corporation doing business as KleanColor,

Plaintiff,

vs.

MAX MAKEUP CHERIMOYA, a corporation; MAX MAKEUP CHERIMOYA, a partnership; MAX MAKEUP CHERIMOYA, a business entity (form unknown); LAWRENCE KIM, an individual; CHRISTINE KIM, an individual; SUNNA KIM aka CLAIRE KIM aka CLAIR WALDORF, an individual; JEFFREY YOO, an individual; SEUNG WOOK SIM aka PAUL SIM aka SEUNG WOOK SHIM aka PAUL SHIM, an individual; and DOES 1 through 10, inclusive,

Defendants.

Case No. SACV11-00567 DOC MLGx

**COMPLAINT FOR DIRECT AND CONTRIBUTORY LIABILITY FOR:**

**(1) COPYRIGHT INFRINGEMENT;**
**(2) VIOLATION OF SECTION 43(a) OF THE TRADEMARK ACT – INFRINGEMENT OF UNREGISTERED TRADEMARKS;**
**(3) VIOLATION OF SECTION 43(a) OF THE TRADEMARK ACT – TRADE DRESS INFRINGEMENT;**
**(4) VIOLATION OF SECTION 43(a) OF THE TRADEMARK ACT – UNFAIR COMPETITION;**
**(5) VIOLATION OF CAL. CIV. CODE SECTION 3426 ET SEQ.- MISAPPROPRIATION OF TRADE SECRETS;**
**(6) VIOLATION OF CALIFORNIA BUS. & PROF. CODE SECTIONS 17040 ET SEQ. - UNFAIR COMPETITION;**
**(7) INTERFERENCE WITH CONTRACTUAL RELATIONS;**
**(8) BREACH OF EMPLOYMENT AGREEMENT; AND**
**(9) DEFAMATION**

**DEMAND FOR JURY TRIAL**

Plaintiff, GENOSCO, a California corporation doing business as KleanColor (hereinafter "Genosco" or "Plaintiff"), complains and alleges as follows:

**ALLEGATIONS COMMON TO ALL CLAIMS**

**JURISDICTION AND VENUE**

1. The first and second claims hereof arise under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. This Court has jurisdiction over the subject matter of such claims pursuant to 28 U.S.C. Sections 1331 and 1338(a). The third through fifth claims hereof each arise under the provisions of the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., particularly under 15 U.S.C. Section 1125(a), Section 1114 and Section 1125(c), as amended, respectively, and allege the use in interstate commerce of false designations of origin and false descriptions and representations of trade dress and unregistered marks. This Court has jurisdiction over the subject matter of these claims pursuant to 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331 and 1338. The sixth through tenth claims hereof each arise under the common law and statutory law of this State relating to misappropriation of trade secrets, unfair competition, interference with contractual relations, breach of employment agreement, and defamation, respectively. This Court has jurisdiction over the subject matter of such claims pursuant to the provisions of 28 U.S.C. Section 1338(b), such being claims of unfair competition and misappropriation, among others, joined with substantial and related claims under the Trademark Laws of the United States, or under the law of supplemental jurisdiction.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Sections 1391(b), 1392 and 1400(a).

**THE PARTIES**

3. Plaintiff is a corporation duly organized and existing under and operating in accordance with the laws of the State of California, having its principal place of business located at 6190 Valley View Street, Buena Park, California 90620.

4. Plaintiff is informed and believes, and upon that basis alleges, that at all times relevant hereto:

a. Defendant MAX MAKEUP CHERIMOYA is a corporation (hereinafter "Cherimoya Corporation") doing business in the County of Los Angeles, State of California, with its principal place of business at 819 S. Gladys Avenue, Los Angeles, California 90021, and is and/or was carrying out the activities and/or causing the damages complained of herein in this District and elsewhere;

b. Defendant MAX MAKEUP CHERIMOYA is a partnership (hereinafter "Cherimoya Partnership") doing business in the County of Los Angeles, State of California, with its principal place of business at 819 S. Gladys Avenue, Los Angeles, California 90021, and is and/or was carrying out the activities and/or causing the damages complained of herein in this District and elsewhere;

c. Defendant MAX MAKEUP CHERIMOYA is a business entity of unknown form (hereinafter "Cherimoya Business Entity") doing business in the County of Los Angeles, State of California, with its principal place of business at 819 S. Gladys Avenue, Los Angeles, California 90021, and is and/or was carrying out the activities and/or causing the damages complained of herein in this District and elsewhere;

d. Defendant LAWRENCE KIM ("L. Kim") is an individual whose principal place of business is 819 S. Gladys Avenue, Los Angeles, California 90021, is and/or was an officer and owner of defendants Cherimoya Corporation, Cherimoya Partnership and/or Cherimoya Business Entity, and is and/or was carrying out the activities and/or causing the damages complained of herein in this judicial district and elsewhere

e. Defendant CHRISTINE KIM ("C. Kim") is an individual whose principal place of business is 819 S. Gladys Avenue, Los Angeles, California 90021, is and/or was an officer and owner of defendants Cherimoya Corporation, Cherimoya Partnership and/or Cherimoya Business Entity, and is and/or was

carrying out the activities and/or causing the damages complained of herein in this judicial district and elsewhere;

f. Defendant SUNNA KIM aka CLAIRE KIM aka CLAIR WALDORF ("S. Kim") is an individual whose principal place of business is 819 S. Gladys Avenue, Los Angeles, California 90021, is the owner of U.S. Trademark Application No. 85159621 for the mark MAX MAKEUP CHERIMOYA, is and/or was an officer and owner of defendants Cherimoya Corporation, Cherimoya Partnership and/or Cherimoya Business Entity, and is and/or was carrying out the activities and/or causing the damages complained of herein in this judicial district and elsewhere;

g. Defendant JEFFREY YOO ("J. Yoo") is an individual whose principal place of business is 819 S. Gladys Avenue, Los Angeles, California 90021, is and/or was an officer and owner of defendants Cherimoya Corporation, Cherimoya Partnership and/or Cherimoya Business Entity, and is and/or was carrying out the activities and/or causing the damages complained of herein in this judicial district and elsewhere;

h. Defendant Seung Wook Sim aka Paul Sim aka Seung Wook Shim aka Paul Shim ("P. Sim") is an individual residing at 686 W. El Segundo Boulevard, Suite A, Los Angeles, California 90061, and is and/or was carrying out the activities and/or causing the damages complained of herein in this judicial district and elsewhere;

i. Defendants L. Kim, C. Kim, S. Kim, J. Yoo, P. Sim and DOES 1 through 10, inclusive, are each officers, directors, owners, partners or agents of defendants Cherimoya Corporation, Cherimoya Partnership and/or Cherimoya Business Entity (collectively "Cherimoya"), and are each doing business under the name and style "Max Makeup Cherimoya," on the World Wide Web at www.makeupcherimoya.com, and at 819 S. Gladys Avenue, Los Angeles, California 90021;

j. The true names and capacities, whether individual, corporate, associate or otherwise, of defendant DOES 1 through 20, inclusive, and each of them, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names. Each of defendant DOES 1 through 20, inclusive, has and/or is assisting, aiding and abetting the named defendants in carrying out the activities complained of herein, or otherwise participated in, contributed to, or is legally responsible in some other manner for the events and occurrences herein alleged, Plaintiff's damages as alleged herein were proximately caused thereby, and each such defendant is liable to Plaintiff thereon. Plaintiff will, with leave of court, amend this Complaint to show the true names and capacities of DOES 1 through 20 when the same have been ascertained.

k. Defendants Cherimoya, L. Kim, C. Kim, S. Kim, J. Yoo, P. Sim and DOES 1 through 20, inclusive, and each of them, were at all times relevant hereto the agents, servants, partners, employees, representatives, co-conspirators and/or alter egos of each of the other defendants with respect to the matters and events alleged herein, and were acting within the course and scope of such agency, partnership, employment, representative, conspiracy and/or alter ego relationship in doing the things herein alleged with the consent, permission, authorization and ratification of said other defendants, and each of them.

**PLAINTIFF'S ACTIVITIES**

5. Plaintiff is an importer and distributer of color cosmetics including nail lacquers and make-up ("Plaintiff's Products"), a business it has engaged in since in or about October 1999. Plaintiff's products are manufactured for it in China pursuant to Plaintiff's specifications.

6. Plaintiff's Products are sold throughout the world. Within the United States of America, Plaintiff's Products are sold to approximately 350 wholesalers and distributors by sales representatives, who are employees of Plaintiff.

7. Plaintiff's Products are relatively inexpensive and are primarily sold to and used by teenagers and young adults. They are sold primarily at independent beauty supply retailers, accessory and clothing stores, dollar stores and on-line on sites such as Amazon.com and eBay.

8. One of the most popular lines of Plaintiff's products is its nail lacquers. Plaintiff's nail lacquers are packaged in a unique bottle that was designed by Plaintiff. The bottle has four protruding edges which are solely ornamental. Other ornamental features include use of the color black for the bottle cap and use of either black or white for the labeling information printed on the bottle. On the front of the bottle the name "Kleancolor" is depicted on top in a small font size. Thereunder in larger font is "NAIL LACQUER," under which in a very small font size is "esmalte de uñas" and "vernis á ongles" (nail lacquer in Spanish and French). At the very bottom of the front of the bottle is the net weight "0.5fl. oz." In small print on the back of the bottle is a list of the ingredients, numbers of dyes that it "May Contain," the net weight and the place of manufacture. On the bottom of the bottle is a printed label containing the name (often fanciful) and number assigned to the particular color product, the name and contact information for the distributor, and the designation "USA." Attached hereto as Exhibit A and incorporated herein by this reference are true and correct photographs of Plaintiff's distinctive bottle for its nail lacquers.

9. The unique shaped bottles do not fit in any generic display units for nail lacquer. To accommodate the distinctive shape of the bottles Plaintiff designed its own unique display unit.

10. Annually, Plaintiff publishes a nail lacquer color chart comprised of a scheme of numbered nail lacquer colors, many of which consist of arbitrary terms used to identify the source of the nail lacquer. The 2010 "KLEANCOLOR Nail Lacquer Color Chart" (hereinafter the "2010 Color Chart") included 155 numbered colors of nail polish and included colors such as "Cobalt," "Pearl Jungle," and

"Bikini Green." The 2010 Color Chart was created by Plaintiff in 2009 and was first published on September 1, 2009. Attached hereto as Exhibit B and incorporated herein by this reference is a true and correct copy of the 2010 Color Chart.

11. The 2010 Color Chart embodies original text, photographs and other material that is copyrightable under the Copyright Act of 1976, as amended, 17 U.S.C.§ 101 et seq.

12. Genosco filed an application to register its copyrights in the 2010 Color Chart, on or about January 21, 2011.

13. Plaintiff also creates an annual catalog containing photographs of its products and color charts for various products, including lipstick shades, lip liner and eyeliner, nail lacquer, and nail art, including one published in calendar year 2010 (hereinafter the "KleanColor 2010 Catalog"). The KleanColor 2010 Catalog was published on or about January 1, 2010. Attached hereto as Exhibit C and incorporated herein by this reference is a true and correct copy of the KleanColor 2010 Catalog.

14. The KleanColor 2010 Catalog embodies original text, photographs and other material that is copyrightable under the Copyright Act of 1976, as amended, 17 U.S.C.§ 101 et seq.

15. On or about January 21, 2011, Genosco applied for, and on or about January 24, 2011 the United States Copyright Office issued to Genosco, a certificate of copyright registration (Registration No. TX 7-319-018) with respect to its copyrights in the KleanColor 2010 Catalog.

16. The trademarks for nail lacquer numbers 9 and 24 are, respectively, "Cobalt" and "Bikini Green." There were, at one point, typographical errors in the labels for these products: Number 9 was inadvertently listed on the label as "Covalt" rather than "Cobalt" and Number 24 was inadvertently listed as "Vikini Green" rather than "Bikini Green." Attached hereto as Exhibit D and incorporated

herein by this reference is a true and correct photograph of the labels for 9 Cobalt and 24 Bikini Green both with and without the typographical error noted above.

**DEFENDANTS' WRONGFUL ACTIVITIES**

17. Prior to April 2009, defendant P. Sim approached Plaintiff several times requesting a job as a sales representative. In or about March 2009, Plaintiff granted P. Sim's request and hired P. Sim as a sales representative for an area consisting of downtown Los Angeles, Chicago, and New York.

18. On or about April 1, 2009, Plaintiff and P. Sim entered into an Employment Agreement pursuant to which P. Sim agreed to abide by the general employment policies and procedures of Plaintiff, which were set forth in the Genosco Employee Handbook. P. Sim was provided copies of both the Employment Agreement and the Employee Handbook. Attached hereto as Exhibit E and Exhibit F and incorporated herein by this reference are partially-redacted true and correct copies of the relevant provisions of the above-mentioned Employment Agreement and Employee Handbook.

19. Both the Employment Agreement and the Employee Handbook required P. Sim to help protect confidential information by keeping all nonpublic information concerning Genosco, its vendors and suppliers strictly confidential. Nonpublic information was defined as including trade secrets (information that gives Plaintiff a material and substantial advantage over its competitors, which does not include knowledge, skills, or information that is otherwise publicly disclosed) including but not limited to customer lists, and company financial information. The confidentiality of the nonpublic information was to be maintained both during the period of employment and following termination for any reason.

20. The following precautionary measures designed to protect the confidential information were set forth in the Employee Handbook:

a. "Discuss work matters only with other GENOSCO (dba KleanColor) employees who have a specific business reason to know or have access to such information;

b. Do not discuss work matters in public places;

c. Monitor and supervise visitors to GENOSCO (dba KleanColor) to insure that they do not have access to company information;

d. Destroy hard copies of documents containing confidential information that is not filed or archived;

e. Secure confidential information in desk drawers and cabinets at the end of every business day."

21. The Employee Handbook also required P. Sim to avoid conflicts of interest, by avoiding "any situation in which your loyalty may be divided and promptly disclose any situation where an actual or potential conflict may exist." The following example was given of a situation creating a potential conflict: "owning or having a significant financial interest in or other relationship with, a GENOSCO (dba KleanColor) competitor, customer, or supplier."

22. In or about August 2010, Plaintiff learned that P. Sim was soliciting its employees to leave Genosco and join P. Sim in a competing company. P. Sim also attempted to obtain confidential information from said employees, including but not limited to asking them to import their customer lists for him. Plaintiff is informed and believes, and upon that basis alleges, that the above-described activities of P. Sim were carried out as part of a common plan and scheme among Defendants to engage in corporate espionage in order to infiltrate and obtain from Plaintiff, through false pretenses, confidential information concerning Plaintiff's business and then use such information in a competing business venture.

23. In August 2010, P. Sim was confronted by Plaintiff regarding his wrongful activities. P. Sim abruptly left Genosco's facilities and never returned.

24. Plaintiff is informed and believes, and upon that basis alleges, that as a part of a common plan and scheme entered into among defendants P. Sim, L. Kim, C. Kim, S. Kim, J. Yoo, Cherimoya and DOES 1 though 20, inclusive (collectively and individually referred to hereinafter as "Defendants"), and each of them, to steal Plaintiff's trade secrets, business, customers and other confidential information, C. Kim and L. Kim visited at least one of Plaintiff's vendors in China and asked said vendor(s) to copy for Defendants the products in the KleanColor 2010 Catalog.

25. Plaintiff is informed and believes, and upon that basis alleges, that when Plaintiff's vendor refused to copy Plaintiff's Products for Defendants, Defendants successfully hired another vendor to replicate some or all of the products in the KleanColor 2010 Catalog.

26. Plaintiff is informed and believes, and upon that basis alleges, that in or about September 2010, Defendants started selling nail lacquer under the trademark "MAX MAKEUP CHERIMOYA" in packaging that is virtually identical to the distinctive packaging created by Plaintiff for its nail lacquer.

27. Defendants' nail lacquer bottle has the ornamental protruding edges that appear on Plaintiff's bottles, a black bottle cap, as well as the use of either black or white for the labeling information printed on the bottle. On the front of the bottle the name "max Makeup Cherimoya" is depicted on top in a small font size. The formatting and language of all other features of the bottle are virtually identical to Plaintiff's, including the appearance in large font on the front of the bottle of the term "NAIL LACQUER," the use below of the terms "esmalte de uñas" and "vernis á ongles" in small font, and designation ".05 fl. oz" at the bottom of the bottle. The only difference in the respective backs of the bottles is the use of the designation "PRC" instead of "China." From the time Defendants started selling the nail lacquer until approximately February 15, 2011, the labels at the bottom were also virtually identical to Plaintiff's labels both in use of Plaintiff's numbering system and in use of Plaintiff's trademarks for the colors associated with said numbers. Attached

hereto as Exhibit G and incorporated herein by this reference are true and correct photographs of copies of both Genosco's nail lacquers and Defendants' corresponding versions thereof.

28. Plaintiff is informed and believes, and upon that basis alleges, that Defendants have also copied and are using the unique display unit designed by Plaintiff.

29. Plaintiff is informed and believes, and upon that basis alleges, that Defendants' website is located at www.makeupcherimoya.com. The domain name "makeupcherimoya.com" is registered to Cherimoya. The administrative and technical contact is listed as Claire Kim, whose email address is set forth as "clairwaldorf@hotmail.com."

30. In or about January 2011, Defendants' website www.makeupcherimoya.com contained a nail lacquer color chart that was copied from Plaintiff's 2010 Color Chart ("Copy of KC's 2010 Color Chart"). The Copy of KC's 2010 Color Chart includes 120 nail colors. Attached hereto as Exhibit H and incorporated herein by this reference is a true and correct copy, taken from Defendants' website, of the Copy of KC's 2010 Color Chart.

31. Most if not all of the trademarks for Plaintiff's nail colors have been copied, including Numbers 9 (Cobalt) and 24 (Bikini Green) as to which Defendants copied the typographical errors on Plaintiff's original labels (CNP 9 is "Covalt" and CNP 24 is "Vikini Green").

32. Defendants' Copy of KC's 2010 Color Chart consists of 120 numbered colors. Plaintiff's 2010 Color Chart consists of 155 numbered colors.

33. Defendants' Copy of KC's 2010 Color Chart, included the following 108 trademarks that were copied from Plaintiff's 2010 Color Chart, all of which consist of a combination of numbers and words: "01 Clear," "02 Nail Hardener," "03 Calcium," "04 White," "05 Black," "06 Charcoal," "07 Pearl Silver," "08 Silver," "09 Covalt," "10 Sapphire," "11 Blue Pearl," "12 Melon Green," "13 Pearl

Jungle," "14 Neon Aqua," "15 Neon Sapphire," "16 Neon Purple," "17 Neon Green," "18 Neon Yellow," "19 Neon Orange," "20 Neon Pink," "21 Neon Fuchsia," "22 Barbie Pink" "23 Mango," "24 Vikini Green," "25 Beach Blue," "26 Gold Shimmer," "27 Silver Glitter," "28 Chunky Silver," "29 Aurora," "30 Pinky Moon," "31 Silver Star," "32 Peaceful Heart," "33 Starry Blue," "34 Sparkle Emerald," "35 Starry Purple," "36 Sparkle Purple," "37 Blue Satin," "38 Twinkly Love," "39 Fuchsia Glitter," "40 Red Sparkle," "41 Pearl Beige," "42 Sandstone," "43 Dessert," "44 Americano," "45 Copper," "46 Sweet Orange," "47 Gold Bright," "48 Café au lait," "49 Mocha," "50 Cappucino," "51 Brown," "52 Dark Brown," "53 Garnet Red," "54 Dark Red," "55 Black Hole," "57 Coffee," "58 Espresso," "59 Dark Cherry," "60 Chocolate Brown," "61 Frapuccino," "62 Fusion Pink," "63 Pearl Pink," "64 Shear Pink," "65 Salsa," "66 Sweet Pink," "67 Pink Sleepers," "68 Pink Star," "69 Plum," "70 Sheer Lilac," "71 Silver Purple," "72 Purple," "74 Red Heart," "75 Titanic," "76 Jewelry Red," "77 Blood," "78 Angel Red," "79 Light Red," "80 Red," "83 Pearl Sherry," "84 Pearl Fuchsia," "85 Funky Yellow," "86 Purple Velvet," "87 Iridescent Fuchsia," "88 Firework," "89 Starry Night," "91 Puppy Love," "93 Dolly Girl," "94 Holo Chrome," "95 Disco Ball," "96 Vegas Night," "97 Love Affair," "98 Fairy Lover," "99 IT Purple," "100 Wicked Plum," "101 Concrete Gray," "103 TLC," "104 Fashionista," "105 Military Green," "107 Boogie Nights," "108 Top Coat," "109 Green Grass," "110 Moon Dance," "111 Cream Pearl," "112 Golden Nightmare," "115 Ocean Wave," "117 Forest Fairy," "118 Jazz Olive" and "120 Teal Envy."

34. In addition, Defendants' Copy of KC's 2010 Color Chart included the following twelve (12) trademarks that were copied from Plaintiff's 2010 Color Chart, all of which consist solely of words: "Mystic Grass," "Teal Marble," "Lavenbaby," "Luscious Lilac," "Disco Purple," "Pink Lady," "Wild Rose," "Orchid Chrome," "Tahiti Sun," "Starry Meteor," "Silver Lining" and "24 Carat."

35. Plaintiff is informed and believes, and upon that basis alleges, that defendant P. Sim, either alone or in concert with the other Defendants as part of a common plan and conspiracy, obtained all or part of Plaintiff's customer lists and used the same to sell Defendants' infringing products to Plaintiff's customers.

36. Plaintiff is informed and believes, and upon that basis alleges, that defendant P. Sim, either alone or in concert with the other Defendants as part of a common plan and conspiracy, relied on trade secrets and other confidential information of Plaintiffs in order to sell Defendants' products to Plaintiff's customers and others.

37. Plaintiff is informed and believes, and upon that basis alleges, that defendant P. Sim, either alone or in concert with the other Defendants as part of a common plan and conspiracy, told Plaintiff's customers that Defendants' products were the same as Plaintiff's products only less expensive.

38. Plaintiff is informed and believes, and upon that basis alleges, that defendant P. Sim made false and defamatory accusations concerning Plaintiff's officer and principal, Brandon Kim, to one or more of Plaintiff's customers.

## FIRST CLAIM

### Direct Copyright Infringement

### (Against All Defendants)

39. Plaintiff repeats, realleges, and incorporates the allegations contained in paragraphs 1 through 38, inclusive, hereof as if fully set forth herein.

40. Plaintiff is, and at all times has been, the sole owner of all copyrights in and to Plaintiff's 2010 Color Chart and the KleanColor 2010 Catalog (individually and collectively referred to hereinafter as "Plaintiff's Copyrighted Works").

41. Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, have infringed and threaten to further infringe Plaintiff's Copyrighted Works and other copyrighted works of Genosco by, among other things, manufacturing or causing to be manufactured, importing, exporting,

marketing, advertising, displaying, promoting, distributing, providing, offering for sale and/or selling within this judicial district and elsewhere, including but not limited to over the World Wide Web at www.makeupcherimoya.com, unauthorized goods featuring or otherwise using in the promotion thereof certain of Plaintiff's Copyrighted Works. The unauthorized goods which are being manufactured, imported, exported, marketed, advertised, displayed, promoted, distributed, provided, offered for sale and/or sold by, for or on behalf of the Defendants, or any of them, and/or Defendants' promotional activities with respect thereto, utilize simulations and unauthorized copies and/or depictions of certain of Plaintiff's Copyrighted Works and/or constitute unauthorized "derivative works" within the purview of 17 U.S.C. Sections 101 and 106. Without authorization, Defendants have copied most of Plaintiff's Copyrighted Works, including but not limited to the color and number scheme and the design elements of the product packaging. Defendants have utilized the unauthorized copies of Plaintiff's Copyrighted Works to make derivative works, which Defendants have distributed on their website and in other manners. The unauthorized reproduction of Plaintiff's Copyrighted Works by Defendants is in violation of 17 U.S.C. Section 106(1). The unauthorized preparation of derivative works is in violation of 17 U.S.C. Section 106(2). The unauthorized distribution of copies of Plaintiff's Copyrighted Works and derivative works created therefrom is in violation of 17 U.S.C. Section 106(3). The advertising and/or display of such copies and derivative works by Defendants is an unauthorized public display of Plaintiff's Copyrighted Works in violation of 17 U.S.C. Section 106(5).

42. Plaintiff has fully complied with its obligations under the copyright laws and, as stated above, Plaintiff has at all times been and still is the sole proprietor of all right, title and interest in and to the copyrights in Plaintiff's Copyrighted Works.

43. The reproduction, creation of derivative works, advertisement, display, and distribution of Plaintiff's Copyrighted Works by Defendants is without any permission, license or other authorization from Plaintiff.

44. Defendants have been notified of their infringing and illegal activity. Despite clear requests to Defendants, Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, have willfully and knowingly undertaken and continued at least certain of their respective unlawful infringing activities through the date of the filing of this Complaint.

45. Plaintiff has no adequate remedy at law and has suffered, and is continuing to suffer, irreparable harm and damage as a result of the aforesaid acts of infringement. Defendants are each liable in amounts within the jurisdiction of this Court.

46. Plaintiff is informed and believes, and upon that basis alleges, that the aforesaid infringements by Defendants were and continue to be with the knowledge that Plaintiff's 2010 Color Chart and the KleanColor 2010 Catalog are each copyrighted, and that the Defendants, and each of them, in doing the acts complained of herein, have willfully infringed Plaintiff's rights under the Copyright Laws of the United States, 17 U.S.C. Section 101 et seq.

47. Plaintiff is informed and believes, and upon that basis alleges, that Defendants have each obtained gains, profits and advantages as a result of their respective wrongful acts in amounts within the jurisdiction of this Court.

48. Plaintiff is informed and believes, and upon that basis alleges, that it has suffered, and is continuing to suffer, direct and actual damages as a result of Defendants' wrongful conduct as alleged herein, in amounts within the jurisdiction of this Court. In order to determine the full extent of such damages, including such profits as may be recoverable under 17 U.S.C. Section 504, Plaintiff will require an accounting from each defendant of all monies generated from the products sold as a result of the reproduction, creation of derivative works, advertisement, display, and

distribution of Plaintiff's Copyrighted Works by Defendants, or otherwise as a result of their above-described wrongful conduct.

49. In the alternative, Plaintiff may potentially elect to recover for each of its copyrighted works infringed statutory damages pursuant to 17 U.S.C. Section 504(c). Defendants have each violated certain copyrighted works of Plaintiff, as set forth above. Plaintiff is informed and believes, and upon that basis alleges, that Defendants have each infringed, inter alia, the following works of Genosco:

(i) Plaintiff's 2010 Color Chart; and

(ii) the KleanColor 2010 Catalog.

Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, are liable for statutory damages to Plaintiff for each copyrighted work of Genosco infringed by said Defendants, pursuant to 17 U.S.C. Section 504(c). Furthermore, Plaintiff is informed and believes, and upon that basis alleges, that each defendant's acts as described above are in willful violation of Genosco's rights, and statutory damages against each such willfully infringing defendant in the Court's discretion up to the amount of $150,000.00 for each of the not less than two (2) separate copyrighted works infringed should be assessed by the Court pursuant to 17 U.S.C. Section 504(c)(2).

50. Plaintiff is informed and believes, and upon that basis alleges, that unless enjoined by the Court, the unlawful infringement by Defendants of Plaintiff's Copyrighted Works will continue with irreparable harm and damage to Plaintiff. Accordingly, Plaintiff seeks preliminary and permanent injunctive relief pursuant to 17 U.S.C. Section 502.

51. By reason of the foregoing, Plaintiff has incurred, and will continue to incur, attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Plaintiff is entitled to recover from the Defendants, and each of them, herein.

///

///

///

## SECOND CLAIM

### Contributory Copyright Infringement

### (Against Defendants P. Sim, L. Kim, C. Kim, S. Kim, J. Yoo, Cherimoya and DOES 1 though 10, inclusive)

52. Plaintiff repeats, realleges, and incorporates the allegations contained in paragraphs 1 through 38 and 40 through 51, inclusive, hereof as if fully set forth herein.

53. Plaintiff is informed and believes, and upon that basis alleges, that defendants P. Sim, L. Kim, C. Kim, S. Kim, J. Yoo, Cherimoya and DOES 1 though 10, inclusive, and each of them (hereinafter individually and collectively referred to as the "Supplier Defendants"), with knowledge of the infringing activities of the other Defendants and customers of the Supplier Defendants, as well as with the ability to control same and the intent to themselves benefit, either directly or indirectly, therefrom, have infringed and threaten to further infringe Plaintiff's Copyrighted Works by, among other things, participating in or otherwise knowingly contributing to the manufacture, production, importation, exportation, advertisement, display, promotion, marketing, distribution, provision, offering for sale and/or selling within this judicial district and elsewhere of certain unauthorized goods by such other Defendants and customers featuring or otherwise utilizing Plaintiff's Copyrighted Works, or unauthorized derivative works thereof, and have induced, caused and materially contributed to, and continue to induce, cause and materially contribute to the infringing conduct by such other Defendants and customers.

54. The unauthorized goods which have been and/or are being produced, manufactured, imported, exported, advertised, displayed, promoted, marketed, distributed, provided, offered for sale and/or sold by, for or on behalf of Supplier Defendants, or any of them, and/or Supplier Defendants' respective promotional

activities with respect thereto, utilize unauthorized copies and/or depictions of Plaintiff's Copyrighted Works and/or constitute unauthorized "derivative works" within the purview of 17 U.S.C. Sections 101 and 106. The participation in or otherwise knowing contribution by Supplier Defendants to the production or manufacture of such infringing goods is an unauthorized reproduction of Plaintiff's Copyrighted Works violating 17 U.S.C. Section 106(1), and/or the unauthorized preparation of derivative works violating 17 U.S.C. Section 106(2). The participation in or otherwise knowing contribution by Supplier Defendants to the marketing of such infringing goods is an unauthorized distribution of copies of Plaintiff's copyrighted works violating 17 U.S.C. Section 106(3). The participation in or otherwise knowing contribution by Supplier Defendants to the advertisement and/or display of such infringing goods is an unauthorized public display of Plaintiff's copyrighted works violating 17 U.S.C. Section 106(5).

55. The manufacture, production, importation, exportation, advertisement, display, promotion, marketing, distribution, provision, and/or sale of the unauthorized and infringing goods by Supplier Defendants, or any of them, and/or their third party customers and others for resale or other use(s) in commerce is without any permission, license or other authorization from Plaintiff.

56. Supplier Defendants have been notified of their infringing and illegal activity. Despite clear requests to Supplier Defendants, Plaintiff is informed and believes, and upon that basis alleges, that Supplier Defendants, and each of them, have willfully and knowingly undertaken and continued at least certain of their unlawful infringing activity through the date of the filing of this Complaint.

57. Plaintiff has no adequate remedy at law and has suffered, and is continuing to suffer, irreparable harm and damage as a result of the aforesaid respective acts of contributory infringement. Supplier Defendants are each liable in amounts within the jurisdiction of this Court.

58. Plaintiff is informed and believes, and upon that basis alleges, that the aforesaid contributory infringements by Supplier Defendants of Plaintiff's Copyrighted Works was and continues to be with the knowledge that said works are copyrighted, and that the Supplier Defendants, and each of them, in doing the acts complained of herein, have willfully contributorily infringed Plaintiff's rights under the Copyright Laws of the United States, 17 U.S.C. Section 101 et seq.

59. Plaintiff is informed and believes, and upon that basis alleges, that Supplier Defendants have each obtained gains, profits and advantages as a result of their respective wrongful acts of contributory infringement in amounts within the jurisdiction of this Court.

60. Plaintiff is informed and believes, and upon that basis alleges, that it has suffered, and is continuing to suffer, direct and actual damages as a result of Supplier Defendants' respective wrongful conduct as alleged herein, in amounts within the jurisdiction of this Court. In order to determine the full extent of such damages, including such profits as may be recoverable under 17 U.S.C. Section 504, Plaintiff will require an accounting from each defendant of all monies generated from the manufacture, production, importation, exportation, distribution, provision, and/or sale of infringing goods as alleged herein.

61. In the alternative, Plaintiff may potentially elect to recover for each of its copyrighted works contributorily infringed statutory damages pursuant to 17 U.S.C. Section 504(c). Supplier Defendants have each contributed to the violation of certain copyrighted works of Plaintiff, as set forth above. Plaintiff is informed and believes, and upon that basis alleges, that Supplier Defendants, and each of them, have contributorily infringed, inter alia, the following works of Genosco:

(i) Plaintiff's 2010 Color Chart; and

(ii) the KleanColor 2010 Catalog.

Plaintiff is informed and believes, and upon that basis alleges, that Supplier Defendants, and each of them, are liable for statutory damages to Plaintiff for each

copyrighted work of Genosco contributorily infringed by the Supplier Defendants, pursuant to 17 U.S.C. Section 504(c). Furthermore, Plaintiff is informed and believes, and upon that basis alleges, that each of said defendant's acts as described above are in willful violation of Genosco's rights, and statutory damages against each such willfully infringing defendant in the Court's discretion up to the amount of $150,000.00 for each of the not less than two (2) separate copyrighted works contributorily infringed should be assessed by the Court pursuant to 17 U.S.C. Section 504(c)(2).

62. Plaintiff is informed and believes, and upon that basis alleges, that unless enjoined by the Court, the unlawful contributory infringement by Supplier Defendants of Plaintiff's copyrights will continue with irreparable harm and damage to Plaintiff. Accordingly, Plaintiff seeks preliminary and permanent injunctive relief pursuant to 17 U.S.C. Section 502.

63. By reason of the foregoing, Plaintiff has incurred, and will continue to incur, attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Plaintiff is entitled to recover from the Supplier Defendants, and each of them, herein.

**THIRD CLAIM**

**Direct Violation of Section 43(a) of the Trademark Act –**

**Infringement of Unregistered Trademarks**

**(Against All Defendants)**

64. Plaintiff repeats, realleges, and incorporates the allegations contained in paragraphs 1 through 38, 40 through 51 and 53 through 63, inclusive, hereof as if fully set forth herein.

65. Since at least as early as January 2010, Plaintiff has been using the following inherently distinctive trademarks in connection with its sale of nail lacquer: "01 Clear," "02 Nail Hardener," "03 Calcium," "04 White," "05 Black," "06 Charcoal," "07 Pearl Silver," "08 Silver," "09 Covalt" (or "09 Cobalt"), "10

Sapphire," "11 Blue Pearl," "12 Melon Green," "13 Pearl Jungle," "14 Neon Aqua," "15 Neon Sapphire," "16 Neon Purple," "17 Neon Green," "18 Neon Yellow," "19 Neon Orange," "20 Neon Pink," "21 Neon Fuchsia," "22 Barbie Pink," "23 Mango," "24 Vikini Green" (or "24 Bikini Green"), "25 Beach Blue," "26 Gold Shimmer," "27 Silver Glitter," "28 Chunky Silver," "29 Aurora," "30 Pinky Moon," "31 Silver Star," "32 Peaceful Heart," "33 Starry Blue," "34 Sparkle Emerald," "35 Starry Purple," "36 Sparkle Purple," "37 Blue Satin," "38 Twinkly Love," " 39 Fuchsia Glitter," "40 Red Sparkle," "41 Pearl Beige," "42 Sandstone," "43 Dessert," "44 Americano," "45 Copper," "46 Sweet Orange," "47 Gold Bright," "48 Café au lait," "49 Mocha," "50 Cappucino," "51 Brown," "52 Dark Brown," "53 Garnet Red," "54 Dark Red," "55 Black Hole," "57 Coffee," "58 Espresso," "59 Dark Cherry," "60 Chocolate Brown," "61 Frapuccino," "62 Fusion Pink," "63 Pearl Pink," "64 Shear Pink," "65 Salsa," "66 Sweet Pink," "67 Pink Sleepers," "68 Pink Star," "69 Plum," "70 Sheer Lilac," "71 Silver Purple," "72 Purple," 74 Red Heart," "75 Titanic," "76 Jewelry Red," "77 Blood," "78 Angel Red," "79 Light Red," "80 Red," "83 Pearl Sherry," "84 Pearl Fuchsia," "85 Funky Yellow," "86 Purple Velvet," "87 Iridescent Fuchsia," "88 Firework," "89 Starry Night," "91 Puppy Love," "93 Dolly Girl," "94 Holo Chrome," "95 Disco Ball," "96 Vegas Night," "97 Love Affair," "98 Fairy Lover," "99 IT Purple," "100 Wicked Plum," "101 Concrete Gray," "103 TLC," "104 Fashionista," "105 Military Green," "107 Boogie Nights," "108 Top Coat," "109 Green Grass," "110 Moon Dance," "111 Cream Pearl," "112 Golden Nightmare," "115 Ocean Wave," "117 Forest Fairy," "118 Jazz Olive" and "120 Teal Envy," as well as "Pearl Silver," "Blue Pearl," "Melon Green," "Pearl Jungle," "Neon Aqua," "Neon Sapphire," "Neon Purple," "Neon Green," "Neon Yellow," "Neon Orange," "Neon Pink," "Neon Fuchsia," "Barbie Pink" "Mango," "Beach Blue," "Gold Shimmer," "Silver Glitter," "Chunky Silver," "Aurora," "Pinky Moon," "Silver Star," "Peaceful Heart," "Starry Blue," "Sparkle Emerald," "Starry Purple," "Sparkle Purple," "Blue Satin," "Twinkly Love," "Fuchsia Glitter,"

"Red Sparkle," "Pearl Beige," "Sandstone," "Dessert," "Americano," "Sweet Orange," "Gold Bright," "Café au lait," "Mocha," "Cappucino," "Garnet Red," "Black Hole," "Coffee," "Espresso," "Dark Cherry," "Chocolate Brown," "Frapuccino," "Fusion Pink," "Pearl Pink," "Salsa," "Sweet Pink," "Pink Sleepers," "Pink Star," "Sheer Lilac," "Silver Purple," "Red Heart," "Titanic," "Jewelry Red," "Blood," "Angel Red," "Pearl Sherry," "Pearl Fuchsia," "Funky Yellow," "Purple Velvet," "Iridescent Fuchsia," "Firework," "Starry Night," "Puppy Love," "Dolly Girl," "Holo Chrome," "Disco Ball," "Vegas Night," "Love Affair," "Fairy Lover," "IT Purple," "Wicked Plum," "Concrete Gray," "TLC," "Fashionista," "Military Green," "Boogie Nights," "Green Grass," "Moon Dance," "Cream Pearl," "Golden Nightmare," "Ocean Wave," "Forest Fairy," "Jazz Olive," "Teal Envy," "Mystic Grass," "Teal Marble," "Lavenbaby," "Luscious Lilac," "Disco Purple," "Pink Lady," "Wild Rose," "Orchid Chrome," "Tahiti Sun," "Starry Meteor," "Silver Lining," "24 Carat," and "Vikini Green" or "Bikini Green" (hereinafter collectively referred to as "Genosco's Marks").

66. Defendants have copied and used all of Genosco's Marks on labels affixed to their bottles and other packages for nail varnishes and nail art.

67. Defendants' use of marks that are identical to Genosco's Marks on and in connection with virtually identically products that are sold in interstate commerce, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Genosco, or as to the origin, sponsorship, or approval of Defendants' goods by Genosco.

68. Defendants' acts constitute false designation of origin and are in violation of Section 43(a) of the Trademark Act, as amended. 15 U.S.C. Section 1125(a).

69. Genosco has no adequate remedy at law and has suffered, and is continuing to suffer, irreparable harm and damage as a result of Defendants' respective acts of federal unfair competition in amounts thus far not determined but

within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. Section 1117.

70. Genosco is informed and believes, and upon that basis alleges, that unless enjoined by the Court, the confusion and deception noted above, and the likelihood thereof, will continue with irreparable harm and damage to Genosco. Accordingly, Genosco seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. Section 1116.

71. Genosco is informed and believes, and upon that basis alleges, that Defendants have each obtained gains, profits and advantages as a result of their wrongful acts of trademark infringement in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. Section 1117.

72. In order to determine the full extent of such damages, including such profits as may be recoverable, Plaintiff will require an accounting from each defendant of all monies generated from the manufacture, production, importation, exportation, distribution, provision, and/or sale of the goods bearing the infringing trademarks as alleged herein.

73. By reason of the foregoing, Genosco has incurred, and will continue to incur, attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Genosco is entitled to recover from the Defendants, and each of them, herein.

**FOURTH CLAIM**

**Contributory Violation of Section 43(a) of the Trademark Act – Infringement of Unregistered Trademarks**

**(Against All Supplier Defendants)**

74. Plaintiff repeats, realleges, and incorporates the allegations contained in paragraphs 1 through 38, 40 through 51, 53 through 63 and 65 through 73, inclusive, hereof as if fully set forth herein.

75. Supplier Defendants have, with knowledge of the infringing activities of the other Defendants and customers of the Supplier Defendants, as well as with the ability to control same and the intent to themselves benefit, either directly or indirectly, therefrom, have infringed and threaten to further infringe Genosco's Marks by, among other things, participating in or otherwise knowingly contributing to the copying and use by the other Defendants and customers of the Supplier Defendants of all of Genosco's Marks on labels affixed to bottles and other packages for nail varnishes and nail art.

76. Supplier Defendants' participation in or otherwise knowing contribution to the use by the other Defendants and customers of the Supplier Defendants of marks that are identical to Genosco's Marks on and in connection with virtually identically products that are sold in interstate commerce, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of said persons and entities with Genosco, or as to the origin, sponsorship, or approval of such persons and entities' respective goods by Genosco.

77. Supplier Defendants' acts constitute false designation of origin and are in violation of Section 43(a) of the Trademark Act, as amended. 15 U.S.C. Section 1125(a).

78. Genosco has no adequate remedy at law and has suffered, and is continuing to suffer, irreparable harm and damage as a result of Supplier Defendants' respective acts of federal unfair competition in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. Section 1117.

79. Genosco is informed and believes, and upon that basis alleges, that unless enjoined by the Court, the confusion and deception noted above, and the likelihood thereof, will continue with irreparable harm and damage to Genosco. Accordingly, Genosco seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. Section 1116.

80. Genosco is informed and believes, and upon that basis alleges, that Supplier Defendants have each obtained gains, profits and advantages as a result of their wrongful acts of contributory trademark infringement in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. Section 1117.

81. In order to determine the full extent of such damages, including such profits as may be recoverable, Plaintiff will require an accounting from each of Supplier Defendants and their customers of all monies generated from the manufacture, production, importation, exportation, distribution, provision, and/or sale of the goods bearing the infringing trademarks as alleged herein.

82. By reason of the foregoing, Genosco has incurred, and will continue to incur, attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Genosco is entitled to recover from the Supplier Defendants, and each of them, herein.

**FIFTH CLAIM**

**Violation of Section 43(a) of the Trademark Act –**

**Trade Dress Infringement**

**(Against All Defendants)**

83. Plaintiff repeats, realleges, and incorporates the allegations contained in paragraphs 1 through 38, 40 through 51, 53 through 63, 65 through 73 and 75 through 82, inclusive, hereof as if fully set forth herein.

84. The trade dress adopted by Defendants for its nail lacquer is virtually identical to the unique trade dress designed and used by Genosco.

85. The trade dress for the nail lacquer consists of a unique bottle that was created for Genosco to identify the source of its product. The bottle has four protruding edges which are solely ornamental. Other ornamental features include use of the color black for the bottle cap and use of either black or white for the labeling information printed on the bottle. On the front of the bottle the name

"Kleancolor" is depicted on top in a small font size. Thereunder in larger font is "NAIL LACQUER," under which in a very small font size is "esmalte de uñas" and "vernis á ongles" (nail lacquer in Spanish and French). At the very bottom of the front of the bottle is the net weight "0.5fl. oz." In small print on the back of the bottle is a list of the ingredients, numbers of dyes that it "May Contain," the net weight and the place of manufacture. On the bottom of the bottle is a printed label containing the number assigned to the color, the name of the color, the name and contact information for the distributor, and the designation "USA."

86. The distinctive elements, which include the four protruding edges and the appearance of the labeling on the bottle, are not functional.

87. Defendants' use of trade dress that is virtually identical to Genosco's trade dress on and in connection with virtually identically products that are sold in interstate commerce, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Genosco, or as to the origin, sponsorship, or approval of Defendants' goods by Genosco.

88. Defendants' acts constitute false designation of origin and are in violation of Section 43(a) of the Trademark Act, as amended, 15 U.S.C. Section 1125(a).

89. Plaintiff has no adequate remedy at law and has suffered, and is continuing to suffer, irreparable harm and damage as a result of Defendants' respective acts of trade dress infringement in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. Section 1117.

90. Plaintiff is informed and believes, and upon that basis alleges, that unless enjoined by the Court, the confusion and deception noted above, and the likelihood thereof, will continue with irreparable harm and damage to Genosco. Accordingly, Plaintiff seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. Section 1116.

91. Plaintiff is informed and believes, and upon that basis alleges, that Defendants have each obtained gains, profits and advantages as a result of their wrongful acts of federal unfair competition in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. Section 1117.

92. In order to determine the full extent of such damages, including such profits as may be recoverable, Genosco will require an accounting from each defendant of all monies generated from the manufacture, production, importation, exportation, distribution, provision, and/or sale of the goods packaged in the infringing trade dress as alleged herein.

93. By reason of the foregoing, Genosco has incurred, and will continue to incur, attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Plaintiff is entitled to recover from the Defendants, and each of them, herein.

**SIXTH CLAIM**

**Direct Violation of Section 43(a) of the Trademark Act –**

**Unfair Competition**

**(Against All Defendants)**

94. Plaintiff repeats, realleges, and incorporates the allegations contained in paragraphs 1 through 38, 40 through 51, 53 through 63, 65 through 73, 75 through 82 and 84 through 93, inclusive, hereof as if fully set forth herein.

95. Defendants' use of a scheme of numbered nail lacquer colors that is almost identical to Genosco's number scheme; identical trademarks for its nail lacquer, and virtually identical trade dress for its nail lacquer, constitute unfair competition and are in violation of Section 43(a) of the Trademark Act, as amended, 15 U.S.C. Section 1125(a).

96. Defendants' respective unauthorized and unlawful acts of unfair competition, and each of them, have enabled Defendants, and each of them, to trade

unlawfully upon the established goodwill and reputation of Genosco. Defendants, and each of them, are thereby unjustly enriching themselves at the expense and to the damage and injury of Genosco and, unless enjoined by this Court, will further impair the value of Genosco's trademarks, trade dress, trade copyrights and goodwill. By reason of the aforesaid, the continued use by any of the Defendants of Genosco's copyrighted scheme of numbers and colors, trademarks, and trade dress has caused, and unless restrained will continue to cause, serious irreparable injury to PlaintiffGenosco.

97. Genosco has no adequate remedy at law and has suffered, and is continuing to suffer, irreparable harm and damage as a result of Defendants' respective acts of unfair competition in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. Section 1117.

98. Plaintiff is informed and believes, and upon that basis alleges, that unless enjoined by the Court, the confusion and deception noted above, and the likelihood thereof, will continue with irreparable harm and damage to Genosco. Accordingly, Genosco seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. Section 1116.

99. Genosco is informed and believes, and upon that basis alleges, that Defendants have each obtained gains, profits and advantages as a result of their wrongful acts of federal unfair competition in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. Section 1117.

100. In order to determine the full extent of such damages, including such profits as may be recoverable, Genosco will require an accounting from each defendant of all monies generated from the manufacture, production, importation, exportation, distribution, provision, and/or sale of the competing goods as alleged herein.

101. By reason of the foregoing, Genosco has incurred, and will continue to incur, attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Plaintiff entitled to recover from the Defendants, and each of them, herein.

**SEVENTH CLAIM**

**Contributory Violation of Section 43(a) of the Trademark Act – Unfair Competition**

**(Against All Supplier Defendants)**

102. Plaintiff repeats, realleges, and incorporates the allegations contained in paragraphs 1 through 38, 40 through 51, 53 through 63, 65 through 73, 75 through 82, 84 through 93 and 95 through 101, inclusive, hereof as if fully set forth herein.

103. Plaintiff is informed and believes, and upon that basis alleges, that as alleged above, the Supplier Defendants' use of a scheme of numbered nail lacquer colors that is almost identical to Genosco's number scheme; identical trademarks for its nail lacquer, and virtually identical trade dress for its nail lacquer, constitute unfair competition and are in violation of Section 43(a) of the Trademark Act, as amended, 15 U.S.C. Section 1125(a).

104. Plaintiff is informed and believes, and upon that basis alleges, that the Supplier Defendants, and each of them, have, without permission, authority or license from Genosco, participated in or otherwise knowingly contributed to the affixation, application and/or use by their wholesale customers and others in connection with the manufacture, advertisement, display, promotion, marketing, distribution, provision, offering for sale and/or sale of goods, false descriptions and representations, including words or other symbols, which tend falsely to describe or represent such goods and/or services as Genosco's and/or as affiliated with Genosco, and have participated in or otherwise knowingly contributed to causing such goods to enter into interstate commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment

of Plaintiff; in particular, the Supplier Defendants' participation in or otherwise knowing contribution to the manufacture, advertisement, display, promotion, marketing, distribution, provision, offering for sale and/or sale of goods incorporating unauthorized depictions, counterfeits, infringements and/or the style of one or more of Genosco's Marks, and/or employing all or part of Genosco's Marks and/or Plaintiff's Copyrighted Works, and elements associated with the same, constitutes false descriptions and representations tending falsely to describe or represent goods provided and/or sold by Supplier Defendants' wholesale customers and others.

105. The Supplier Defendants' contributory conduct in connection with their customers and others' respective unauthorized and unlawful acts of federal unfair competition, and each of them, have enabled, assisted, aided and abetted their customers and others to trade unlawfully upon the established goodwill and reputation of Plaintiff. The Supplier Defendants, and each of them, are thereby unjustly enriching themselves at the expense and to the damage and injury of Plaintiff and, unless enjoined by this Court, will further impair the value of Plaintiff's trademarks, service marks, trade names, copyrights and goodwill. By reason of the aforesaid, the continued use by any of the Supplier Defendants and/or their customers of any of Genosco's Marks or Plaintiff's Copyrighted Works, and/or the likenesses thereof, has caused, and unless restrained will continue to cause, serious irreparable injury to Plaintiff.

106. Genosco has no adequate remedy at law and has suffered, and is continuing to suffer, irreparable harm and damage as a result of the Supplier Defendants' respective acts of contributory federal unfair competition in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. Section 1117.

107. Plaintiff is informed and believes, and upon that basis alleges, that unless enjoined by the Court, the confusion and deception noted above, and the

likelihood thereof, will continue with irreparable harm and damage to Genosco. Accordingly, Genosco seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. Section 1116.

108. Genosco is informed and believes, and upon that basis alleges, that the Supplier Defendants have each obtained gains, profits and advantages as a result of their respective wrongful acts of contributory federal unfair competition in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. Section 1117.

109. In order to determine the full extent of such damages, including such profits as may be recoverable, Genosco will require an accounting from each defendant and others of all monies generated from the manufacture, production, importation, exportation, distribution, provision, and/or sale of the competing goods as alleged herein.

110. By reason of the foregoing, Genosco has incurred, and will continue to incur, attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Plaintiff entitled to recover from the Supplier Defendants, and each of them, herein.

**EIGHTH CLAIM**

**Violation of Uniform Trade Secrets Act, Cal. Civ. Code Section 3426 et seq. - Misappropriation of Trade Secrets**

**(Against All Defendants)**

111. Plaintiff repeats, realleges, and incorporates the allegations contained in paragraphs 1 through 38, 40 through 51, 53 through 63, 65 through 73, 75 through 82, 84 through 93, 95 through 101 and 103 through 110, inclusive, hereof as if fully set forth herein.

112. During his employment with Genosco, defendant P. Sim had access to confidential information maintained by Genosco as trade secrets, including customer and vendor lists and pricing information.

113. Plaintiff is informed and believes, and upon that basis alleges, that in violation of his Employment Agreement and without the consent or authorization of Genosco, P. Sim misappropriated Genosco's trade secrets, including vendor lists and pricing information, and used them in conjunction with the other Defendants to obtain products required to establish Defendants' business, Max Makeup Cherimoya.

114. Plaintiff is informed and believes, and upon that basis alleges, that P. Sim and other Defendants used trade secrets misappropriated from Genosco, including pricing information and customer lists, to unlawfully sell products to Genosco's customers.

115. Plaintiff is informed and believes, and upon that basis alleges, that defendant P. Sim's use of said trade secrets was to the economic detriment of Genosco and was in violation of the Uniform Trade Secrets Act, Cal. Civ. Code Section 3426 et seq.

116. Plaintiff is informed and believes, and upon that basis alleges, that defendant P. Sim's actions constituted willful and malicious misappropriation of Genosco's trade secrets.

117. Plaintiff is informed and believes, and upon that basis alleges, that Defendants L. Kim, C. Kim, S. Kim, J. Yoo, Cherimoya and DOES 1 through 20, inclusive, and each of them, acquired misappropriated trade secret information about Genosco's vendors, pricing, and customers from defendant P. Sim, which information Defendants, and each of them, used to obtain products required to establish Defendants' business, Max Makeup Cherimoya.

118. Plaintiff is informed and believes, and upon that basis alleges, that Defendants L. Kim, C. Kim, S. Kim, J. Yoo, Cherimoya and DOES 1 through 20, inclusive, and each of them, participated in the use of the misappropriated trade secret information for the unlawful sale of products to Genosco's customers.

119. Plaintiff is informed and believes, and upon that basis alleges, that the use and participation of Defendants C. Kim, L. Kim, S. Kim, J. Yoo, Cherimoya and

DOES 1 through 20, inclusive, in the use of said trade secrets was to the economic detriment of Genosco and was in violation of the Uniform Trade Secrets Act, Cal. Civ. Code Section 3426 et seq.

120. Plaintiff is informed and believes, and upon that basis alleges, that the actions of Defendants C. Kim, L. Kim, S. Kim, J. Yoo, Cherimoya and DOES 1 through 20, inclusive, constitute willful and malicious misappropriation of Genosco's trade secrets.

121. Genosco has no adequate remedy at law and has suffered, and is continuing to suffer, irreparable harm and damage as a result of P. Sim and the other Defendants' misappropriation and use of its trade secrets in amounts thus far not determined but within the jurisdiction of this Court, which due to the willful and malicious nature of the misappropriation should be doubled pursuant to Cal. Civ. Code Section 3426.3(c).

122. Plaintiff is informed and believes, and upon that basis alleges, that unless enjoined by the Court, the unlawful use of Genosco's trade secrets will continue with irreparable harm and damage to Genosco. Accordingly, Genosco seeks preliminary and permanent injunctive relief pursuant to Cal. Civ. Code Section 3426.2.

123. In order to determine the full extent of such damages, including actual loss and unjust enrichment as may be recoverable, Genosco will require an accounting from each defendant of all monies generated from the use of the misappropriated trade secrets.

**NINTH CLAIM**

**Violation of California Unfair Business Practices Act,**

**Cal. Bus. & Prof. Code Sections 17040 et seq. - Unfair Competition**

**(Against All Defendants)**

124. Plaintiff repeats, realleges, and incorporates the allegations contained in paragraphs 1 through 38, 40 through 51, 53 through 63, 65 through 73, 75 through

82, 84 through 93, 95 through 101, 103 through 110 and 112 through 123, inclusive, hereof as if fully set forth herein.

125. Defendants' acts as complained of herein constitute deceptive, unfair and fraudulent practices in violation of California Bus. & Prof. Code Sections 17040 et seq.

126. Plaintiff is informed and believes, and upon that basis alleges, that these deceptive, unfair and fraudulent practices have been undertaken with knowledge by each defendant of their wrongfulness, in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code §17200 et seq.

127. Genosco has no adequate remedy at law and has suffered, and is continuing to suffer, irreparable harm and damage as a result of each defendant's acts of unfair competition in amounts thus far not determined but within the jurisdiction of this Court.

128. Plaintiff is informed and believes, and upon that basis alleges, that unless enjoined by the Court, the confusion and deception noted above, and the likelihood thereof, will continue with irreparable harm and damage to Genosco.

129. Plaintiff is informed and believes, and upon that basis alleges, that Defendants have each unlawfully and wrongfully derived, and will continue to derive, income, gains, profits and advantages as a result of their wrongful acts of unfair competition in amounts thus far not determined but within the jurisdiction of this Court. In addition, Plaintiff is informed and believes, and upon that basis alleges, that it has lost and will continue to lose profits and goodwill as a result of Defendants' respective conduct.

130. By reason of the foregoing acts of unfair competition, Genosco is entitled to restitution from each defendant of all income, gains, profits and advantages resulting from their wrongful conduct in amounts to be determined according to proof at trial.

131. In order to determine the full extent of such restitution, including such profits as may be recoverable, Genosco will require an accounting from each defendant of all monies generated from the manufacture, production, importation, exportation, distribution, provision, and/or sale of the competing goods as alleged herein.

132. Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with intent to injure Genosco in its business and with conscious disregard of Genosco's rights, thereby justifying awards of punitive and exemplary damages against each defendant in amounts sufficient to punish said defendant and set an example for others.

## TENTH CLAIM

## Interference with Contractual Relations

## (Against All Defendants)

133. Plaintiff repeats, realleges, and incorporates the allegations contained in paragraphs 1 through 38, 40 through 51, 53 through 63, 65 through 73, 75 through 82, 84 through 93, 95 through 101, 103 through 110, 112 through 123 and 125 through 132, inclusive, hereof as if fully set forth herein.

134. Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, had knowledge of Genosco's contracts with its vendors and suppliers, and the prices it paid thereto.

135. Genosco had contractual relationships with its customers pursuant to which Genosco would supply its customers with cosmetic products, including nail lacquer, at agreed upon prices.

136. Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, had knowledge of Genosco's contractual agreements with its customers and the agreed upon prices therein.

137. Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, acted alone or in concert to contact Genosco's customers and offer to sell products which they alleged were "the same as" Genosco's products for prices lower than Genosco's contractual prices.

138. Plaintiff is informed and believes, and upon that basis alleges, that as a result of Defendants' interference with Genosco's contractual relations as aforesaid, one or more of Genosco's customers terminated their contracts with Genosco and entered into agreements with Defendants.

139. Plaintiff has been damaged, and is continuing to be damaged, and Defendants, and each of them, have profited and otherwise obtained advantages, and are continuing to profit and otherwise obtain advantages, as a result of Defendants' respective acts of interference with Genosco's contractual relations, and Defendants, and each of them, are liable to Plaintiff thereon in amounts according to proof.

140. In order to determine the full extent of such damages, including such profits of Defendants as may be recoverable, Genosco will require an accounting from each defendant of all monies generated from sale of the competing goods to Genosco's customers or otherwise as a result of their interfering conduct.

141. Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with intent to injure Genosco in its business and with conscious disregard of Genosco's rights, thereby justifying awards of punitive and exemplary damages against each defendant in amounts sufficient to punish said defendant and set an example for others.

## ELEVENTH CLAIM

### Breach of Employment Agreement

### (Against Defendant P. Sim)

142. Plaintiff repeats, realleges, and incorporates the allegations contained in paragraphs 1 through 38, 40 through 51, 53 through 63, 65 through 73, 75 through

82, 84 through 93, 95 through 101, 103 through 110, 112 through 123, 125 through 132 and 134 through 141, inclusive, hereof as if fully set forth herein.

143. Plaintiff is informed and believes, and upon that basis alleges, that P. Sim breached the confidential provisions of his above-mentioned contract by revealing nonpublic information concerning Genosco, its vendors and suppliers.

144. Plaintiff is informed and believes, and upon that basis alleges, that P. Sim breached the conflicts provisions of said contract by soliciting Genosco's employees to leave Genosco and join P. Sim in another company and by forming a relationship with Cherimoya during his employment with Genosco.

145. The Employment Handbook prohibited employees of Genosco from concurrently working for a third party without written approval of Genosco.

146. Plaintiff is informed and believes, and upon that basis alleges, that P. Sim breached the prohibition against outside employment by obtaining employment and/or an ownership interest in Cherimoya during his employment with Genosco and not revealing said employment and/or ownership interest to Genosco.

147. Plaintiff is informed and believes, and upon that basis alleges, that unless enjoined by the Court, P. Sim will continue breaching the employment agreement by revealing nonpublic information concerning Genosco, its vendors and suppliers to third parties. Accordingly, Genosco seeks preliminary and permanent injunctive relief requiring P. Sim to refrain from any further revelations of nonpublic information concerning Genosco, its vendors and suppliers to third parties.

148. By reason of the foregoing breach(es) of contract, Genosco is entitled to compensatory damages from P. Sim in an amount to be determined according to proof at trial.

///

///

///

**TWELFTH CLAIM**

**Defamation**

**(Against All Defendants)**

149. Plaintiff repeats, realleges, and incorporates the allegations contained in paragraphs 1 through 38, 40 through 51, 53 through 63, 65 through 73, 75 through 82, 84 through 93, 95 through 101, 103 through 110, 112 through 123, 125 through 132, 134 through 141 and 143 through 148, inclusive, hereof as if fully set forth herein.

150. Plaintiff is informed and believes, and upon that basis alleges, that defendant P. Sim and DOES 8 through 15, inclusive, and each of them, deliberately told customers of Genosco with knowledge of the falsehood of the statement that in connection with his divorce Genosco's principal, Brandon Kim, abandoned his three children.

151. Brandon Kim never abandoned his children and has been paying more in child support than ordered by the court.

152. Plaintiff is informed and believes, and upon that basis alleges, that defendant P. Sim and DOES 8 through 15, inclusive, and each of them, deliberately told customers of Genosco with knowledge of the falsehood of the statements that Brandon Kim is "powerless" in dealing with the Chinese factories manufacturing Genosco's products and that as a result Genosco was having a hard time importing products from China.

153. Genosco has not had problems importing products from China.

154. Plaintiff is informed and believes, and upon that basis alleges, that defendant P. Sim and DOES 8 through 15, inclusive, and each of them, deliberately told customers of Genosco with knowledge of the falsehood of the statement, that Brandon Kim mistreated P. Sim when P. Sim was an employee of Genosco.

155. P. Sim was never mistreated by Brandon Kim or Genosco.

156. Plaintiff is informed and believes, and upon that basis alleges, that the aforesaid false and defamatory statements were made pursuant to a common plan and scheme agreed to among Defendants, and each of them, to defame Brandon Kim and Genosco in order to damage Plaintiff in its business and obtain business, profits and other advantages for Defendants' competing business, instead

157. The false statements made by P. Sim and DOES 8 through 15, inclusive, and each of them, to Genosco's customers and others have caused damage to the reputation of Brandon Kim personally and Genosco, have presented Brandon Kim personally and Genosco in a false light and have resulted in criticism, dishonor, and condemnation of Mr. Kim by Genosco's customers and others.

158. Plaintiff is informed and believes, and upon that basis alleges, that Genosco has lost several of its customers and other contacts as a direct result of Defendants' false statements about Brandon Kim, and has been damaged as a result of Defendants' defamatory statements, and Defendants, and each of them, are liable to Plaintiff thereon, in an amount to be proven at trial.

159. Plaintiff is informed and believes, and upon that basis alleges, that unless enjoined by the Court, Defendants, and each of them, will continue defaming Mr. Kim and Genosco by making false statements to Genosco's customers and others. Accordingly, Genosco seeks preliminary and permanent injunctive relief requiring Defendants, and each of them, to refrain from making any further defamatory statements about either Genosco or its President and principal, Brandon Kim.

160. Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, committed or otherwise participated in the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with intent to injure both Brandon Kim and Genosco in their business and with conscious disregard of both Brandon Kim and Genosco's rights, thereby justifying awards of punitive and exemplary damages against Defendants, and each

of them, in amounts sufficient to punish said defendants and set an example for others.

**PRAYER FOR RELIEF**

WHEREFORE, Genosco demands judgment as follows:

1. That Defendants, and each of them, be adjudged to have directly infringed, willfully or otherwise, certain of Plaintiff's Copyrighted Works and/or other copyrighted works of Genosco, according to proof;

2. That the Supplier Defendants, and each of them, be adjudged to have contributorily infringed, willfully or otherwise, certain of Plaintiff's Copyrighted Works and/or other copyrighted works of Genosco, according to proof;

3. That Defendants, and each of them, be adjudged to have directly infringed, willfully or otherwise, certain of Genosco's Marks and/or other trademarks of Genosco, according to proof;

4. That the Supplier Defendants, and each of them, be adjudged to have contributorily infringed, willfully or otherwise, certain of Genosco's Marks and/or other trademarks of Genosco, according to proof;

5. That Defendants, and each of them, be adjudged to have misappropriated Genosco's trade secrets, willfully and maliciously, or otherwise, according to proof;

6. That defendant P. Sim be adjudged to have breached his contractual obligations to Genosco, according to proof;

7. That defendant P. Sim be adjudged to have defamed Genosco and its principal, Brandon Kim, to the detriment of Genosco;

8. That Defendants, and each of them, be adjudged to have infringed, willfully or otherwise, certain of Genosco's trade dress, according to proof;

9. That Defendants, and each of them, and each of their respective officers, directors, agents, servants, employees, affiliated companies, representatives, licensees, attorneys, successors and assigns, and all those persons, firms,

associations, corporations or other entities in active concert or participation with any of them, be enjoined throughout the world during the pendency of this action, and permanently thereafter:

(i) From further violating, directly or indirectly, any of the exclusive rights of Genosco in Plaintiff's Copyrighted Works, Genosco's Marks and/or Genosco's trade dress, including the manufacture, importation, exportation, reproduction, preparation, advertisement, marketing, promotion, display, publication, provision, license, sale, distribution or other disposal of any and all products which infringe any of Plaintiff's Copyrighted Works, Genosco's Marks or trade dress;

(ii) From otherwise infringing any of Plaintiff's Copyrighted Works, Genosco's Marks or trade dress or any elements thereof, and from otherwise unfairly competing with Genosco in any manner whatsoever;

(iii) From engaging in any acts or activities directly or indirectly likely to trade upon or injure the name, reputation or goodwill of Genosco or in any manner competing unfairly with Genosco by appropriating the distinctive features of any of Plaintiff's Copyrighted Works, Genosco's Marks or trade dress;

(iv) From using any simulation, reproduction, counterfeit, copy or colorable imitation of any of Plaintiff's Copyrighted Works, Genosco's Marks or trade dress or any elements thereof, in connection with the promotion, advertisement, display, publication, provision, licensing, sale, offering for license or sale, manufacture, importation, exportation, production, circulation or distribution of any product, in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Genosco, or to any goods licensed, sold, provided, manufactured, sponsored or approved by, or connected with, Genosco;

(v) From making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can, or is likely to, lead the trade or public, or individual members thereof, to believe that any product imported, manufactured, exported, provided, distributed,

published, licensed, offered or sold by Defendants, or any of them, is in any manner associated or connected with Genosco, or is sold, provided, manufactured, licensed, offered, published, sponsored, approved or authorized by Genosco;

(vi) From transferring, consigning, licensing, renting, selling, shipping or otherwise moving or providing any goods, services, packaging or other materials in their possession, custody or control bearing a design or style substantially identical or confusingly similar to any or all of Genosco's copyrights, trademarks, trade dress, trade names and/or other copyrighted works and Marks, or any elements thereof;

(vii) From using any of Plaintiff's Copyrighted Works and Genosco's Marks, or any element or combination of elements thereof, or any other form of design or artwork which so resembles any of Genosco's trademarks, service marks, trade names and/or other copyrighted designs and trademarks, or any elements thereof, as to be likely to cause confusion, deception or mistake, on or in connection with the importation, manufacture, exportation, promotion, distribution, provision, publication, licensing, rental, sale, offering for license, rental or sale, advertisement, or promotion of any good;

(viii) From making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can, or is likely to, lead the trade or public, or individual members thereof, to believe that any product imported, manufactured, exported, provided, distributed, published, offered, licensed or sold by Genosco, is in any manner associated or connected with Defendants, or is sold, provided, manufactured, licensed, offered, published, sponsored, approved or authorized by Defendants, or any of them;

(ix) From representing in any manner, or by any method whatsoever, that any goods not sponsored, approved, or authorized by or originating from Genosco, but imported, manufactured, exported, promoted, distributed, provided, published, offered for licensing or sale, licensed and/or sold by Defendants, or any

of them, are sponsored, approved, or authorized by or originate from Genosco, or *vice versa*, or from otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, sponsorship, or certification of such goods and/or services;

(x) From representing in any manner or by any method whatsoever that any business conducted by Defendants, or any of them, is connected, affiliated, or otherwise associated with Genosco, or *vice versa*, or from otherwise taking any action likely to cause confusion, mistake, or deception on the part of the public as to the connection, affiliation, or other association of the business(es) of the Defendants, or any of them, with Genosco;

(xi) From engaging in any acts or activities directly or indirectly using any trade secret information obtained from Genosco;

(xii) From committing any acts calculated to cause purchasers to falsely believe that any of Defendants' products are licensed, sold or otherwise provided under the control or supervision of Genosco, or sponsored by, approved by, or associated with, affiliated with, or produced under the control or supervision of Genosco, or *vice versa*;

(xiii) From otherwise competing unfairly with Genosco in any manner;

(xiv) From defaming Brandon Kim and Genosco by making false statements about Brandon Kim and/or Genosco;

(xv) From assisting, aiding or abetting any other person or business entity in engaging in or performing any of the prohibited activities referred to in subparagraphs (i) through (xiv), above;

(xvi) From effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (xv), above; and

(xvii) From secreting, destroying, altering, removing or otherwise dealing with the products or any books or records which contain any information relating to the importing, manufacturing, exporting, producing, distributing, circulating, publishing, providing, selling, licensing, marketing, offering for license or sale, advertising, promoting or displaying of any products and/or services which infringe any of Genosco's rights;

10. That defendant P. Sim and all those persons, firms, associations, corporations or other entities in active concert or participation with him, be enjoined throughout the world during the pendency of this action, and permanently thereafter, from revealing nonpublic information concerning Genosco, its vendors and suppliers that was obtained as a result of P. Sim's employment with Genosco, to third parties.

11. That Defendants, and each of them, be further ordered and directed:

(i) To remove from all servers and computers and deliver up for destruction all of the merchandise, discs, tapes, computers, servers, code, downloadable materials, images, labels, tags, signs, prints, catalogs, trade press and advertising, marketing and promotional materials, and packaging in any defendant's possession, custody and control bearing any reference to, or any or all of the distinctive features of any of Plaintiff's Copyrighted Works, Genosco's Marks and trade dress, or any elements thereof;

(ii) To deliver up for destruction all of the merchandise, displays, images, labels, tags, signs, prints, catalogs, trade press and advertising, marketing and promotional materials, and packaging in any defendant's possession, custody and control bearing any reference to, or any or all of the distinctive features of any of Plaintiff's Copyrighted Works, Genosco's Marks and trade dress, or any elements thereof;

(iii) To remove from all servers and computers and deliver up for destruction all of the trade press and advertising, marketing and promotional

materials, whether online or otherwise, and packaging associated with or relating to any of Defendants' infringing merchandise and/or packaging, including but not limited to Defendants' respective images, display cartons, signs, labels, prints, packages, dyes, wrappers, receptacles, business cards and letterheads and other representations;

(iv) To remove from all servers and computers and deliver up for destruction all trade secret information obtained from Genosco, including but not limited to customer lists, vendor lists, supplier lists, and pricing information;

(v) To make a diligent effort to recall and deliver up for destruction all of Defendants' respective infringing images, merchandise and goods and packaging, catalogs, trade press and advertising, marketing and promotional materials, whether online or otherwise, already distributed so that such images, merchandise, goods, packaging, catalogs, trade press and advertising, marketing and promotional materials can be destroyed; and

(vi) To file with this Court and serve on Genosco, ten (10) days after the issuance of any preliminary or permanent injunction by the Court, whichever occurs sooner, a report in writing and under oath setting forth in detail the manner and form in which such defendant has complied with the foregoing;

12. For a full and complete accounting from each defendant of all infringing merchandise or goods manufactured, imported, exported, reproduced, distributed, marketed, published, held or offered for license or sale, licensed, provided and/or sold by it, whether online or otherwise, and of all income, profits, gains and advantages received by such defendant therefrom;

13. That judgment be rendered, jointly and severally, against Defendants, and each of them, for:

(i) All income, profits, gains and advantages received by any of the Defendants as a result of any of the Defendants' respective acts of copyright infringement, as provided by 17 U.S.C. Section 504;

(ii) All damages suffered by Genosco as a result of any of the Defendants' respective acts of copyright infringement, as provided by 17 U.S.C. Section 504;

(iii) Statutory damages against the Defendants in the amount of up to $30,000.00, or $150,000.00 if such acts are found to be willful, for each of the not less than two (2) separate copyrighted works infringed according to proof, as provided for in 17 U.S.C. Section 504(c), if such amounts are greater than the amounts of items set forth in subparagraphs 13(i) and 13(ii) above;

(iv) All income, gains, profits and other advantages received by any of the Defendants and all damages sustained by Genosco on account of the Defendants' respective acts of trademark infringement, trade dress infringement and/or unfair competition; and furthermore, that such profits and damages as found herein be trebled pursuant to 15 U.S.C. Section 1117;

(v) All income, gains, profits and other advantages received by any of the Defendants and all damages sustained by Genosco on account of the Defendants' respective acts of misappropriation of trade secrets; and furthermore, that such profits and damages as found herein be doubled pursuant to Cal. Civ. Code Section 3426.3(c);

(vi) All income, gains, profits and other advantages received by any of the Defendants and all damages sustained by Genosco on account of the Defendants' respective acts of state law unfair competition and interference with contracts;

(vii) Plaintiff's costs and disbursements incurred in this action, including an award of its reasonable attorneys' and investigator's fees;

(viii) Exemplary and punitive damages; and

(ix) Such other and further damages and relief as may be available in accord with California Business and Professions Code Sections 17200 et seq.;

14. That judgment be further rendered, jointly and severally, against the Supplier Defendants, and each of them, for:

(i) All income, profits, gains and advantages received by any of the Supplier Defendants as a result of any of the Supplier Defendants' respective acts of contributory copyright infringement, as provided by 17 U.S.C. Section 504;

(ii) All damages suffered by Genosco as a result of any of the Supplier Defendants' respective acts of contributory copyright infringement, as provided by 17 U.S.C. Section 504;

(iii) Statutory damages against the Supplier Defendants in the amount of up to $30,000.00, or $150,000.00 if such acts are found to be willful, for each of the not less than two (2) separate copyrighted works contributorily infringed according to proof, as provided for in 17 U.S.C. Section 504(c), if such amounts are greater than the amounts of items set forth in subparagraphs 14(i) and 14(ii) above;

(iv) All income, gains, profits and other advantages received by any of the Supplier Defendants and all damages sustained by Genosco on account of the Defendants' respective acts of contributory trademark infringement and/or unfair competition; and furthermore, that such profits and damages as found herein be trebled pursuant to 15 U.S.C. Section 1117;

(v) Plaintiff's costs and disbursements incurred in this action, including an award of its reasonable attorneys' and investigator's fees;

(vi) Exemplary and punitive damages; and

(vii) Such other and further damages and relief as may be available in accord with California Business and Professions Code Section 17200 et seq.;

15. That judgment be rendered against defendant P. Sim and DOES 8 through 15, inclusive, and each of them, for:

(i) All general and special damages sustained by Genosco as a result of defendant P. Sim's breach of contract, according to proof at trial;

(ii) All damages sustained by Genosco as a result of said defendants' defamation, according to proof at trial; and

(iii) Exemplary and punitive damages;

16. That judgment be further rendered, jointly and severally, against each of the Defendants for restitutionary damages in amounts to be determined at trial, but in no event less than all income, gains, profits and other advantages derived as a result of such defendant's direct and/or contributory unfair business activities;

17. For an order compelling the Defendants, and each of them, to fully account to Genosco for all monies received as a result of the wrongful acts hereinabove alleged, and requiring the Defendants, and each of them, to transfer possession of said monies to Genosco;

18. That Genosco have and recover its costs and disbursements incurred in this action, including an award of its reasonable attorneys' and investigator's fees;

19. That Genosco have and recover prejudgment interest on all profits and damages awarded by this Court;

20. That the Court retain jurisdiction of this action for the purpose of enabling Genosco to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement of compliance therewith and for the punishment of any violations thereof; and

21. That Genosco have such other and further relief as the Court may deem just and proper.

DATED: April 7, 2011

TODD W. BONDER, ESQ.
FRANCIE R. GOROWITZ, ESQ.
ROSENFELD, MEYER & SUSMAN, LLP

By: ______________________
Todd W. Bonder
Attorneys for Plaintiff GENOSCO dba KleanColor

LAW OFFICES
ROSENFELD, MEYER & SUSMAN, LLP

482466.01

49

COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, ETC.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff GENOSCO dba KleanColor hereby demands a trial by jury of all issues so triable.

DATED: April 7, 2011

TODD W. BONDER, ESQ.
FRANCIE R. GOROWITZ, ESQ.
ROSENFELD, MEYER & SUSMAN, LLP

By: ____________________
Todd W. Bonder
Attorneys for Plaintiff GENOSCO dba KleanColor

LAW OFFICES ROSENFELD, MEYER & SUSMAN, LLP

482466.01

50

COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, ETC.

# Exhibit A

Home | About Us | FAQ | Terms of Use | Contact Us

© 2010 KleanColor. All Rights Reserved

**Exhibit B**

KLEANCOLOR®
Nail Lacquer
Color Chart
♦ Trend-setting shades with a top-quality formula
♦ Long-lasting, chip-resistant nail lacquer
KLEANCOLOR
KLEANCOLOR
KLEANCOLOR

# Exhibit C

# KLEANCOLOR

Don't Just Colorize Your Look,
Klean Colorize Your
Yuri
2010
catalog

# It's all about COLOR!

KleanColor provides women of all ages with an unprecedented selection of today's cosmetics, always trendy and always in style.

It is headquartered in Orange County, California, a Los Angeles suburb, and has always prided itself on the innovation quality and performance of its products.

With a focus on creating and offering the best products, and an emphasis on innovation of pigment, KleanColor is committed to helping women look fabulous at every age. KleanColor continues to develop KLEAN color cosmetics and KLEAN customer services that are dedicated to the enhancement of women's beauty.

It offers large and diverse selection of cosmetics. KleanColor makeup has something for everyone: inexpensive yet luxe elements that add up to glamorous styles you'll love. With large and diverse selection of Kleancolor cosmetics, you can re-create entire looks every day and night. You'll never look the same.

With 15 years of experience, KleanColor has taken KLEAN pride in offering the KLEANEST quality products at the KLEANLY affordable prices. "KleanColor" is not just our name; it's our promise.

Don't Just Colorize Your Look!
            KleanColorize Your Divine Beauty!

www.kleancolor.com

# Category Contents

KLEANCOLO

FACE
16-18

KLEANCOLOR
KLEANCOLOR
KLEANCOLOR
LIPS
19-25

NAILS
26-29

KLEANCOLOR
HAIR POLISHER
KLEANCOLOR
HAIR POLISHER
TOOLS & HAIR
30

TEENS
31-35

www.kleancolor.com

# KLEANCOLOR



**Miniature Vanity Set**
*28 eyeshadow, 4 bronzer, 4 blush, 2 lip gloss*
Item# GS369
0.5 dz/display
12 dz/master case



**My Beauty Journal**
*60 eyeshadow, 8 bronzer, 8 blush, 4 eyebrow, 4 lip gloss*
Item# GS370
0.5 dz/display
8 dz/master case



**Simple Voyage**
*mascara, lip/eye pencil, 5 lip gloss, 10 eyeshadow, 2 blush*
Item# GS371
0.5 dz/display
12 dz/master case



**Bon Voyage**
*12 eyeshadow, 3 bronzer, 3 blush, 2 pressed powder, 2 lip gloss, mascara, pencil*
Item# GS372
0.5 dz/display
8 dz/master case



**Vanity Queen**
*42 eyeshadow, 6 pressed powder, 6 bronzer & blush, 3 eyebrow, 5 lip gloss, 1 mascara*
Item# GS373
0.5 dz/display
2 dz/master case



**Rainbow Splendor**
*18 shimmer eyeshadows*
Item# 501-A
2 dz/display
16 dz/master case

# KLEANCOLOR





**Rainbow Splendor**
*18 shimmer eyeshadows*
Item# 501
2 dz/display
16 dz/master case

**Rainbow Palette**
*12 shimmer eyeshadows*
Item# 502
2 dz/display
16 dz/master case







**Double Rainbow Palette**
*8 eyeshadows with 2 blushes*
Item# 503
2 dz/display
16 dz/master case

**Double Rainbow Splendor**
*10 eyeshadows with 2 blushes*
Item# 504
2 dz/display
16 dz/master case







**Hawaiian Rainbow Splendor**
*12 eyeshadows*
Item# 505-A
2 dz/display
16 dz/master case

**Hawaiian Rainbow Splendor**
*12 eyeshadows*
Item# 505
2 dz/display
16 dz/master case

# KLEANCOLOR



**Rainbow Wheel**
*11 shimmer eyeshadows*
Item# 506
2 dz/display
16 dz/master case




**35 Rainbow Palette**
*35 eyeshadows*
Item# 507
2 dz/display
16 dz/master case




**35 Rainbow Palette with Glitter**
*35 glitter eyeshadows*
Item# 508
2 dz/display
16 dz/master case



**Shadow & Bronzer**
*6 eyeshadows, 2 bronzers*
Item# BSB123W
2 dz/display
12 dz/master case



**Shadow & Bronzer**
*6 glitter eyeshadows, 2 glitter bronzers*
Item# BSB-3B
2 dz/display
16 dz/master case



**Rose Supershiny Eyeshadow**
*4 eyeshadows*
Item# DES-A
2 dz/display
16 dz/master case

KLEANCOLOR

**Sparkling Glitter Shadow**
*6 glitter eyeshadows*
Item# E33SGS6B
2 dz/display
16 dz/master case

**Sparkling glitter Shadow**
*10 glitter eyeshadows*
Item# E35SGS10B
2 dz/display
16 dz/master case

**Shimmery Duster**
*2 shimmer eyeshadows*
Item# SD362-A
3 dz/display
36 dz/master case

**5 Eye Palette**
*5 eyeshadows with mirror*
Item# ES361
2 dz/display
16 dz/master case

**Shadow Couture 12**
*12 shimmer eyeshadows*
Item# ES363
2 dz/display
16 dz/master case

**Shadow Couture 10**
*10 shimmer eyeshadows*
Item# ES364
2 dz/display
16 dz/master case

KLEANCOLOR

**Shadow Couture 22**
*22 shimmer eyeshadows*
Item# ES365
2 dz/display
12 dz/master case

**Heavy Metal Shadow**
*12 shimmer eyeshadows*
Item# ES366
2 dz/display
16 dz/master case

**Eye & Cheeks**
*4 shimmer eyeshadows, 2 blushes with mirror*
Item# ES367
2 dz/display
16 dz/master case

**9 Palette Encore**
*9 shimmer eyeshadows*
Item# ES368
2 dz/display
24 dz/master case

**Walk of Fame**
*12 eyeshadows*
Item# ES390-A
2 dz/display
16 dz/master case

**Walk of Fame**
*12 eyeshadows*
Item# ES390-B
2 dz/display
16 dz/master case

# KLEANCOLOR



**Starry Eye**
*11 shimmer eyeshadows*
Item# ES391-A
3 dz/display
24 dz/master case




**All About Me 18**
*18 shimmer eyeshadows*
Item# ES510-A
2 dz/display
16 dz/master case



**All About Me 18**
*18 shimmer eyeshadows*
Item# ES510-B
2 dz/display
16 dz/master case




**All About Me 48**
*48 shimmer eyeshadows*
Item# ES511-A
2 dz/display
16 dz/master case



**All About Me 14**
*14 shimmer eyeshadows*
Item# ES513-A
2 dz/display
16 dz/master case




**All About Me 14**
*14 shimmer eyeshadows*
Item# ES513-B
2 dz/display
16 dz/master case

KLEANCOLOR

**All About Me 14**
*14 glitter eyeshadows*
Item# ES513-C
2 dz/display
16 dz/master case

**All About Me 14**
*14 glitter eyeshadows*
Item# ES513-D
2 dz/display
16 dz/master case

**All About Me 14**
*14 matte eyeshadows*
Item# ES513-E
2 dz/display
16 dz/master case

**All About Me 14**
*14 matte eyeshadows*
Item# ES513-F
2 dz/display
16 dz/master case

**All About Me 24**
*24 shimmer eyeshadows*
Item# ES514-A
2 dz/display
12 dz/master case

**All About Me 36**
*36 shimmer eyeshadows*
Item# ES515-A
2 dz/display
12 dz/master case

# KLEANCOLOR



**Shimmery Palette**
*12 shimmer eyeshadows*
Item# HSES-12R
2 dz/display
16 dz/master case



**12 Eye Palette**
*12 eyeshadows*
Item# HSES-12S
2 dz/display
16 dz/master case




**Shadow & Bronzer**
*8 glitter eyeshadows, 2 bronzers*
Item# HSES-E191
2 dz/display
16 dz/master case



**Waterproof Eyeliner**
*black liquid eyeliner*
Item# LE404
3 dz/display
48 dz/master case

**Eyeliner Duo**
*black liquid eyeliner & auto pencil*
Item# 402
2 dz/display
36 dz/master case



**Precision Eyeliner**
*black liquid eyeliner*
Item# 403
2 dz/display
36 dz/master case



KLEANCOLOR

**Tattoo Eye**
*color liquid eyeliner (black, dark brown, white, electric blue)*
Item# LE400
2 dz/display
36 dz/master case

**Iconic Dual Eyeliner**
*black liquid & pencil eyeliner*
Item# LE399
2 dz/display
36 dz/master case

**Eyeliner Glitter**
*assorted colors glitter eyeliner*
Item# GLE405
3 dz/display
48 dz/master case

**Double Agent**
*white fiber with black volumizing mascara*
Item# MS423
2 dz/display
36 dz/master case

**Waterproof Mascara**
*black waterproof mascara*
Item# MS422
2 dz/display
48 dz/master case

**Volume Mascara**
*volume mascara*
Item# VM421
3 dz/display
36 dz/master case

# KLEANCOLOR





**Tease Me**
*color mascara (black, white, electric blue, dark brown)*
Item# CM419
2 dz/display
36 dz/master case

**Angelic Duo**
*mascara & liquid eyeliner*
Item# M5004/410
2 dz/display
24 dz/master case





**KleanShow**
*washable mascara*
Item# MS416
2 dz/display
36 dz/master case

**KleanShow**
*volume mascara*
Item# MS417
2 dz/display
36 dz/master case







**KleanShow**
*lengthening mascara*
Item# MS418
2 dz/display
36 dz/master case

**KleanShow**
*waterproof mascara*
Item# MS420
2 dz/display
36 dz/master case

# KLEANCOLOR

**Angelic Wink**
*false eyelashes display set*
Item# ELS24
24 dz/display

*Bulk pack available*
*1 dz/inner box*
*24 dz/master case*

12 dz

ELS192
Flare Short

ELS193
Flare Medium

ELS194
Flare Long

ELS195
Joyful Giovanna

ELS196
Curious Kathy

ELS197
Sweet Tina

ELS198
Gorgeous Patricia

ELS199
Aspiring Deborah

ELS200
Mystic Rhonda

# KLEANCOLOR



ELS201
Romantic Helen



ELS202
Bubbly Carol

ELS203
Unique Tiffany



ELS204
Deviant Yuri



ELS205
Energetic Brittany



ELS206
Smoking Erika



ELS207
Secretive Sarah



ELS208
Sexy Kimberly



ELS209
Catty Maria



ELS210
Dashing Christina



ELS211
Rebellious Laura



ELS212
Lovely Serena



ELS213
Adorable Betty



ELS214
Preppy Linda



ELS215
Sassy Jessie



# KLEANCOLOR

FACE

**Velvet Moisturing Stick Foundation**
*stick foundation with SPF20*
Item# SF557
2 dz/display
36 dz/master case

**SF557** Translucent Beige

**SF558** Natural Beige

**SF559** Rosy Beige

**SF560** Apricot Beige

**SF561** Natural Tan

**SF562** Dark Beige

**CC551** Translucent Beige

**CC552** Natural Beige

**CC553** Rosy Beige

**CC554** Apricot Beige

**CC555** Natural Tan

**CC556** Dark Beige

**Velvet Moisturing 3 in 1 Concealer**
*concealer stick with liquid foundation*
Item# CC551
3 dz/display
36 dz/master case

**Make Me Blush**
*6 blushes*
Item# BH512-A
2 dz/display
16 dz/master case

**Spotlight Blush**
*assorted color blush with mirror & applicator*
Item# BH585-A
3 dz/display
16 dz/master case

# KLEANCOLOR

FACE

**Velour Pressed Powder SPF20**
*12 color display set*
Item# PP12
12 dz/case

***Bulk color available***
***1 dz/inner box***
***16 dz/master case***

**PP569** Ivory

**PP570** Translucent Beige

**PP571** Light Beige

**PP572** Natural Beige

**PP573** Sand Beige

**PP574** Rosy Beige

**PP575** Apricot Beige

**PP576** Warm Beige

**PP577** Natural Tan

**PP578** Sparkling Tan

**PP579** Toasty Almond

**PP580** Dark Beige

**Multi-Color Blush**
*blusher*
Item# BH583
2 dz/display
16 dz/master case

**Multi-Color Bronzer**
*bronzer*
Item# BZ584
2 dz/display
16 dz/master case



# KLEANCOLOR

FACE

**White Lies**
*liquid concealer*
Item# CS001
3 dz/display
24 dz/master case

**Trio Palette Blushes**
*3 blushes*
Item# HSES-E303B
2 dz/display
24 dz/master case

**Bronzer**
*bronzer*
Item# 2368123
2 dz/display
8 dz/master case

**Everlasting Matte Pressed Powder**
Item# PP581 *6 lighter color mixed*
Item# PP582 *6 darker color mixed*
2 dz/display
16 dz/master case

**Everlasting Matte Tube Foundation**
*foundation*
Item# TF100
2 dz/display
24 dz/master case

0.40

# KLEANCOLOR

display? x

**Everlasting Lipstick**
*lipstick display set*
Item# LS24
24 dz/display

***Bulk color available***
***6 dz/inner box***
***48 dz/master case***

701 Black
702 Brown
703 Hot Cocoa
704 Mocha Cream
705 Espresso
706 Coco
707 Mauve
708 Chocolate
709 Toastie Taupe
710 Caramel
711 Nutmeg
712 Redwood
713 Brownie
714 Mystery
715 Terra Cotta
716 Brown Shimmer
717 Hazelnut
718 Iced Brandy
719 Deep Bronze
720 Copper
721 Oro
722 Almond
723 Cinnamon
724 Chestnut
725 Sea Pearl
726 Malibu
727 Sandstone
728 Coco Malt
729 Natural
730 Nude
731 Java
732 Burnt Sugar
733 Earth
734 Holiday Red
735 Red
736 Garnet
737 Radiant Red
738 Cranberry Mix
739 Cherry
740 Burgundy
741 Rum Raisin
742 Raisin
743 Pink
744 Georgia
745 Iced Pink
746 Tea Rose
747 Soft Rose
748 Barely Pink
749 Candle Light
750 Beige Frost
751 Perfect Pink
752 All Spicy
753 Orange
754 Blackberry
755 Plum
756 Fiesta
757 Raspberry
758 Grape
759 Ice
760 Lilac Frost



# KLEANCOLOR

**Lipliner & Eyeliner**

*lip/eyeliner pencils*

Item# LEP45

45 dz/display

***Bulk color available***

*12 dz/inner box*

*72 dz/master case*

815 Espresso
816 Y2K
817 Cafe
818 Stone
819 Hot Cocoa
820 Hot Fudge
821 Mahogany
822 Mocha
823 Cappuccino
824 Never
825 Cocoa
826 Brown
827 Toffee
828 Nutmeg
829 Chocolate
830 Rose Brown
831 Brown Cafe
832 Earth Tone
833 Newport
834 Auburn
835 Natural
836 Coffee
837 Mauve
838 Ever
839 Chestnut
840 Toasty
841 Toast
842 Taupe
843 1000 Years
844 Black Cherry
845 Currant
846 Hot Red
847 Deep Red
848 Plush Red
849 Cabaret
850 Burgundy
851 Fuschia
852 Pinky
853 Barbie Pink
854 Rose
855 Flower
901 Black
902 Dark Brown
903 Medium Brown
904 Brown
905 Light Brown
906 Chestnut
907 Auburn
908 Golden Nugget
909 Gold
910 Charcoal
911 Silver
912 White
913 Baby Pink
914 Lime Green
915 Baby Blue
916 Seafoam Green
917 Silver Blue
918 Electric Blue
919 Pearl Blue
920 Violet

LIPS

# KLEANCOLOR

## Retractable Lip/Eyeliner

*lip/eyeliner waterproof pencils*
Item# AP440
36 dz/display

*Bulk color available*
*12 dz/inner box* *192 dz/master case*

## Long Pencil with Sharpener

*lip/eyeliner pencils*
Item# LPS57-74

*Bulk color available*
*6 dz/inner box* *72 dz/master case*

AP1 Black
AP2 Brown
AP3 Charcoal
AP4 Dark Brown
AP5 Electric Blue
AP6 Golden Nugget
AP7 Lime Green
AP8 Medium Brown
AP9 Silver
AP10 Silver Blue
AP11 Violet
AP12 White
AP13 Barbie Pink
AP14 Black Cherry
AP15 Brown Cafe
AP16 Burgundy
AP17 Cafe
AP18 Chocolate
AP19 Cocoa
AP20 Coffee
AP21 Deep Red
AP22 Fuschia
AP23 Hot Cocoa
AP24 Hot Red
AP25 Mahogany
AP26 Natural
AP27 Rose
AP28 Light Brown
AP29 Espresso
AP30 Mocha
AP31 Cabaret
AP32 Auburn
AP33 Mauve
AP34 Chestnut
AP35 Toast
AP36 Cappuccino

LPS57 Black
LPS58 Dark Brown
LPS59 Cocoa
LPS60 Champagne
LPS61 Natural
LPS62 Hot Red
LPS63 Charcoal
LPS64 White
LPG65 Glitter Icicle
LPG66 Glitter Icy Brownie
LPG67 Glitter Icy Grape Juice
LPG68 Glitter Icy Red Apple
LPG69 Glitter Icy Golden Nugget
LPG70 Glitter Blue Glacier
LPS71 Black Glitter
LPG72 White Glitter
LPS73 Medium Brown
LPS74 Light Brown

LIPS



# KLEANCOLOR

LIPS

**Double Addiction & Sharpener**
*2 colors lip/eye jumbo pencil*
Item# DP468
2 dz/display
48 dz/master case

**Angelic Lips**
*color lip gloss*
Item# 258-A
2 dz/display
48 dz/master case

**Angelic Lips**
*glitter lip gloss*
Item# 258-B
2 dz/display
48 dz/master case

**Eye Candy Lips**
*fruity lip gloss*
Item# 259-A
2 dz/display
48 dz/master case

**Eye Candy Lips**
*glitter lip gloss*
Item# 259-B
2 dz/display
48 dz/master case

**Shimmery Tubes**
*shimmery lip gloss*
Item# L340-A
3 dz/display
24 dz/master case

# KLEANCOLOR

  

**Ultimate Gloss**
*color lip gloss*
Item# L340-B
3 dz/display
48 dz/master case

**Juicy Tubes**
*fruity lip gloss*
Item# L340-C
3 dz/display
48 dz/master case

  



**Dreamy Kissy**
*shimmer lip gloss*
Item# L343-B
3 dz/display
24 dz/master case

**Dreamy Kissy**
*color lip gloss*
Item# L343-C
3 dz/display
24 dz/master case

  

**Crystal Gloss**
*fruity lip gloss*
Item# LG301
3 dz/display
72 dz/master case

**Plump & Shine**
*color lip gloss*
Item# LG302
3 dz/display
36 dz/master case

KLEANCOLOR

**Honey Gloss**
*roll-on lip oil with fruit scents*
Item# LG303
3 dz/display
36 dz/master case

**Glamour Gloss**
*color lip gloss*
Item# LG304
3 dz/display
36 dz/master case

**Classic Lip Gloss**
*fruit scented lip gloss*
Item# LG306
3 dz/display
36 dz/master case

**Tube Honey gloss**
*fruity lip gloss*
Item# LG307
3 dz/display
36 dz/master case

**Diamond Gloss**
*lip gloss*
Item# LG309
2 dz/display
48 dz/master case

**Diamond Gloss**
*glitter lip gloss*
Item# LG310
2 dz/display
48 dz/master case

# KLEANCOLOR



**Fusion**
*lip gloss*
Item# LG311
2 dz/display
48 dz/master case



**Fresh Kiss**
*vitamin E & Aloe enriched lip gloss*
Item# LG312-A
3 dz/display
48 dz/master case



**Magic Kiss**
*vitamin E & Aloe enriched color changing lip gloss*
Item# LG312-B
3 dz/display
48 dz/master case

# KLEANCOLOR

**Nail Lacquer**
*48 color display set*
24 dz/display

***Bulk color available***
***6pcs/inner box***
***12 dz/master case***

NAILS

001 Clear
002 Hardener
003 Calcium
004 White
005 Black
006 Charcoal
007 Pearl Silver
008 Silver
009 Cobalt
010 Sapphire
011 Blue Pearl
012 Melon Green
013 Pearl Jungle
014 Neon Aqua
015 Neon Sapphire
016 Neon Purple
017 Neon Green
018 Neon Yellow
019 Neon Orange
020 Neon Pink
021 Neon Fuschia
022 Barbie Pink
023 Mango
024 Bikini Green
025 Beach Blue
026 Gold Shimmer
027 Silver Glitter
028 Chunky silver
029 Aurora
030 Pinky Moon
031 Silver Star
032 Peaceful Heart
033 Starry Blue
034 Sparkle Emerald
035 Starry Purple
036 Sparkle Purple
037 Blue Satin
038 Twinkly Love
039 Fuchsia Glitter
040 Red Sparkle
041 Pearl Beige
042 Sandstone
043 Dessert
044 Americano
045 Copper
046 Sweet Orange
047 Gold Bright
048 Cafe Au Lait
049 Mocha
050 Cappuchino
051 Brown
052 Dark Brown
053 Garnet Red
054 Dark Red
055 Black Hole
056 Modern Wine
057 Coffee
058 Espresso
059 Dark Cherry

www.kleancolor.com

# KLEANCOLOR

060 Chocolate Brown
061 Frapuccino
062 Fusion Pink
063 Pearl Pink
064 Sheer Pink
065 Salsa
066 Sweet Pink
067 Pink Sleepers
068 Pink Star
069 Plum
070 Sheer Lilac
071 Silver Purple
072 Purple
073 True Purple
074 Red Heart
075 Titanic
076 Jewelry Red
077 Blood
078 Angel Red
079 Light Red
080 Red
081 Red Alert
082 Pink
083 Pearl Sherry
084 Pearl Fuschia
085 Funky Yellow
086 Purple Velvet
087 Iridescent Fuschia
088 Firework
089 Starry Night
091 Puppy Love
092 Holiday Jingle
093 Dolly Girl
094 Holo Chrome
095 Disco Ball
096 Vegas Night
097 Love Affair
098 Fairy Lover
099 IT Purple
100 Wicked Plum
101 Concrete Gray
102 Catch Me
103 TLC
104 Fashionista
105 Military Green
106 Retro Green
107 Boogie Nights
108 Top Coat
109 Green Grass
110 Moondance
111 Cream Pearl
112 Golden Nightmare
113 Sea Ice
114 Mermaid
115 Ocean Wave
116 Midnight Queen
117 Forest Fairy
118 Jazz Olive
119 Leaves Jingle
120 Teal Envy
121 Mystic Grass
122 Teal Marble
123 Lavenbaby
124 Luscious Lilac
125 Disco Purple
126 Pink Lady
127 Wild Rose
128 Orchid Chrome
129 Tahiti Sunset
130 Starry Meteor
131 Silver Lining
132 24 Carat
NAILS

www.kleancolor.com

# KLEANCOLOR

**Nail to Toe**
*22 color mixed nail art decoration*
Item# NTT-12
12 dz/display

***Bulk color available***
***6pcs/inner box***
***24 dz/master case***

NAILS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **901** White | **902** Black | **903** Silver Glitter | **904** Gold Glitter | **905** Red Glitter | **906** Blue Glitter | **907** Green Glitter | **908** Pink Glitter |
| **909** Sky Blue | **910** Baby Pink | **911** Purple | **912** Silver | **913** Rose | **914** Hot Red | **915** Copper | **916** Lime |
| **917** Yellow | **918** Ocean Blue | **919** Orange | **920** Hot Pink | **921** Blue Mania | **922** Fuchsia Glitter | **923** Gold | **924** Pearl |
| **925** Purple Glitter | **926** Mango | **927** Bikini Green | **928** Funky Yellow | **929** Wine Frost | **930** Lilac Frost Rose | **931** Fuchsia Frost | **932** Moon Frost |
| **933** Bloody Shine | **934** Baby Blue | **935** Teal Mint | **936** Blue Onyx | **937** Hallowed Orange | **938** Teel Frost | **939** Olive Frost | **940** Plum Frost |
| **941** Concrete Gray | **942** Teal Glitter | **943** Baby Lavender | **944** Pink Coral | **945** Orchid Frost | **946** Green Frost | **947** Boogie Lime | **948** Gold Night |

KLEANCOLOR

**Wizard Pads**
*nail polish remover pad with cuticle oil, no acetone*
Item# 471
4 dz/display
24 dz/master case

**French Manicure**
*french manicure kit with tracing paper*
Item# FMK15
1.5 dz/display
12 dz/master case

**Madly Matte**
*matte topcoat*
Item# MM90
2 dz/display
12 dz/master case

**Nail Treatment**
*8 different nail treatments (top coat, base coat, hardener, garlic, calcium, cuticle remover, ridge filler, cuticle oil)*
Item# NT188
4 dz/display
16 dz/master case

NAILS

# KLEANCOLOR



**Pencil Sharpener**
*liner & jumbo pencil sharpener*
Item# SH1
2.5 dz/display
60 dz/master case



**Wonder Eyelash Curler**
*eyelash curler with extra pad*
Item# ELC746
2 dz/inner box
12 dz/master case





**Hair Polisher**
*aloe vera hair polisher*
Item# 296
1 dz/display
4 dz/master case



**Hair Polisher**
*olive oil hair polisher*
Item# 297
1 dz/display
4 dz/master case



**Hair Polisher**
*hair polisher for colored hair*
Item# 298
1 dz/display
4 dz/master case



# Love Me 365's Mission!

Eye-catching, self-sufficient, on-trend, confident defines Love Me 365. This edgy color collection is tailored for the young-and the young at heart.

Love Me 365 girl is self-confident, smart, sassy with a style and dares to express it. Before you can love someone else, you have to love yourself. Sounds chiche? Self-love is not a selfish thing or an arrogant thing. Love begins by loving yourself first. Girls with healthy self-love value themselves and also value others. The degree to which you love yourself is the degree to which you will be able to share love with others. Self-love will allow you to give a more enriched love to others.

Believe in yourself, love yourself. When you love yourself, you will feel good about yourself, and you will feel better about the world. This will make it easier for you to give love to others. That's the magical mission Love Me 365 will deliver bringing you comfort at all time, 24/7/365. Loving yourself is the foundation.

With Love Me 365, live your life fully each and every day.

A girl who loves herself is easily noticeable in the crowd. She is self-sufficient and confident. She knows what she wants. A perfect girl who loves herself always looks great. She takes care of herself.

## That's the "Love Me 365" girl.

# Love Me 365



**Smoky Eyeliner**
*eyeliner with applicator*
*(smoky:black, charcoal, blue, purple, green, espresso)*
Item# EP102
12 dz/display
72 dz/master case



**Smoky Eye Quad**
*4 eyeshadows with smoky shadow instruction*
Item# ES103
2 dz/display
24 dz/master case



**Stardust Eyeshadow**
*shimmer powder eyeshadows*
Item# ES107
3 dz/display
24 dz/master case



**Velvet Cream Eyeshadow**
*creamy eyeshadow*
Item# ES113
3 dz/display
36 dz/master case



**Angel & Devil Eyeshadow**
*12 eyeshadows, 2 blushes*
Item# ES115
2 dz/display
16 dz/master case



**World Tour**
*12 shimmer eyeshadows*
Item# ES116
2 dz/display
16 dz/master case

# Love Me 365



**Hollywood Premiere**
*22 shimmer eyeshadows*
Item# ES118
2 dz/display
16 dz/master case

 

**Gel Eyeliner**
*gel eyeliner*
Item# GE102
2 dz/display
40 dz/master case



**Stardust Eyeliner**
*glitter liquid eyeliner*
Item# GE111
3 dz/display
24 dz/master case

 

**Jumbo Twist Stix**
*eyeshadow pencils*
Item# JTS106
3 dz/display
24 dz/master case



**California Sun-Kissed Bronzer**
*bronzer*
Item# BZ161
2 dz/display
16 dz/master case



**Delectable Lip Balm**
*lip balm with fruity scent*
Item# LB114
3 dz/display
24 dz/master case

# Love Me 365




**Fruity Lip Gloss**
*lip gloss*
Item# LG101
3 dz/display
54 dz/master case



**Velvet Lip Gloss**
*color lip gloss*
Item# LG120
3 dz/display
24 dz/master case



**Plumping Lip Gloss**
*lip gloss*
Item# LG121
2 dz/display
48 dz/master case



**Sparkling Gloss**
*lip gloss*
Item# LG123
2 dz/display
48 dz/master case



**Dazzling Shine Gloss**
*color lip gloss*
Item# LG124
2 dz/display
48 dz/master case



**High Shine Lipstick**
*lipstick*
Item# LG125
2 dz/display
48 dz/master case

# Love Me 365



**Sheer Color Duo**
*double side lip glosses*
Item# LG126
2 dz/display
48 dz/master case



**Double Diamond Lips**
*lip gloss with lipstick combo*
Item# LG127
2 dz/display
48 dz/master case



**Angelic Smiles**
*lip gloss*
Item# LG128
2 dz/display
36 dz/master case



**Angelic Smiles**
*glitter lip gloss*
Item# LG129
2 dz/display
36 dz/master case









KLEANCOLOR

6190 Valley View St.
Buena Park, CA 90620, USA
T: 714-521-4199 F: 714-521-4299
www.kleancolor.com





# Exhibit D

**Old lot with typo**



**Recent lot with correct label**



# Exhibit E

REDACTED

*Strictly Private & Confidential*

# EMPLOYMENT AGREEMENT

THIS EMPLOYMENT AGREEMENT (THE "AGREEMENT") is made this 1st day of April, 2009, and is effective the 1st day of April, 2009, by and between Genosco, a California corporation (the "company"), and Seung Wook SIN (the "employee").

WHEREAS, the Company desires to employ the Employee to provide personal services to the Company, the Employee wishes to be employed by the Company and provide personal services to the Company in return for certain compensation and benefits, including the benefits provided under this Agreement.

REDACTED

9. Confidentiality. During the Period of Employment and following termination for any reason, the Employee covenants and agrees that he will not divulge any trade secrets or other confidential information pertaining to the business of the Company. It is understood that the term "trade secrets" as used in this Agreement is deemed to include any information which gives the Company a material and substantial advantage over its competitors but that such term does not include knowledge, skills or information which is otherwise publicly disclosed.

be binding upon and inure to the benefit of the successors of the Company and shall be assignable by the Company only to the entity acquiring all or substantially all of the assets of the Company.

12. Governing Law. The validity, interpretation, construction and performance of this Agreement shall be governed by the laws of the State of California.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

Genosco

By: [signature] 4/1/2009
Brandon Kim, CEO and President Date

Employee

By: Seung Wook SIM 4/1/09
Date

**Exhibit F**

REDACTED

# Employee Handbook

**GENOSCO (dba KleanColor)**

## Confidentiality Agreement

Information that pertains to GENOSCO (dba KleanColor)'s business, including all nonpublic information concerning the Company, its vendors and suppliers, is strictly confidential and must not be given to people who are not employed by GENOSCO (dba KleanColor).

Please help protect confidential information - which may include, for example, trade secrets, customer lists and company financial information - by taking the following precautionary measures:

1 Discuss work matters only with other GENOSCO (dba KleanColor) employees who have a specific business reason to know or have access to such information.
2 Do not discuss work matters in public places.
3 Monitor and supervise visitors to GENOSCO (dba KleanColor) to insure that they do not have access to company information.
4 Destroy hard copies of documents containing confidential information that is not filed or archived.
5 Secure confidential information in desk drawers and cabinets at the end of every business day.

Your cooperation is particularly important because of our obligation to protect the security of our clients' and our own confidential information. Use your own sound judgment and good common sense, but if at any time you are uncertain as to whether you can properly divulge information or answer questions, please consult a GENOSCO (dba KleanColor) officer.

## Conflict of Interest

Employees must avoid any interest, influence or relationship which might conflict or appear to conflict with the best interests of GENOSCO (dba KleanColor). You must avoid any situation in which your loyalty may be divided and promptly disclose any situation where an actual or potential conflict may exist.

Examples of potential conflict situations include:

1 Having a financial interest in any business transaction with GENOSCO (dba KleanColor)
2 Owning or having a significant financial interest in, or other relationship with, a GENOSCO (dba KleanColor) competitor, customer or supplier, and
3 Accepting gifts, entertainment or other benefit of more than a nominal value from GENOSCO (dba KleanColor) competitor, customer or supplier.

Anyone with a conflict of interest must disclose it to management and remove themselves from negotiations, deliberations or votes involving the conflict. You may, however, state your position and answer questions when your knowledge may be of assistance to GENOSCO (dba KleanColor).

# Exhibit G
















































# Exhibit H

Makeup Cherimoya - Windows Internet Explorer

makeupcherimoya.com

Favorites

Makeup Cherimoya

Page ▾ Safety ▾ Tools ▾

max MAKEUP CHERIMOYA

PRODUCTS EVENTS NEW ARRIVALS CONTACT US HOME

EYES LIPS FACE BODY NAILS ACCESORIES SETS SALE ITEMS

Nail Lacquer

Clear CNP1

Nail Hardener CNP2

Calcium CNP3

Nail White CNP4

Internet | Protected Mode: Off

125%

EN

9:51 PM

Makeup Cherimoya - Windows Internet Explorer

makeupchenmoya.com

Favorites

Makeup Chenmoya

Page ▾ Safety ▾ Tools ▾

| Black CNP5 | Charcol CNP6 | Pearl Silver CNP7 | Silver CNP8 | Covalt CNP9 |
|---|---|---|---|---|
| Sapphire CNP10 | Blue Pearl CNP11 | Melon Green CNP12 | Pearl Jungle CNP13 | Neon Aqua CNP14 |

Internet | Protected Mode: Off

EN

Makeup Chenmoya - Windows Internet Explorer

makeupchenmoya.com

Favorites

Makeup Chenmoya

Page ▾ Safety ▾ Tools ▾

Neon Sapphire
CNP15

Neon Purple
CNP16

Neon Green
CNP17

Neon Yellow
CNP18

Neon Orange
CNP19

Neon Pink
CNP20

Neon Fuchsia
CNP21

Barbie Pink
CNP22

Mango
CNP23

Vikini Green
CNP24

Internet | Protected Mode: Off

EN

9:53 PM

Makeup Chenmoya - Windows Internet Explorer

makeupchenmoya.com

Favorites

Makeup Chenmoya

Page ▾ Safety ▾ Tools ▾

Beach Blue
CNP25

Gold Shimmer
CNP26

Silver Glitter
CNP27

Chunky Silver
CNP28

Aurora
CNP29

Pinky Moon
CNP30

Silver Star
CNP31

Peaceful Heart
CNP32

Starry Blue
CNP33

sparkle emerald
CNP34

Internet | Protected Mode: Off

EN

Makeup Chenmoya - Windows Internet Explorer

makeupchenmoya.com

Favorites

Makeup Chenmoya

Page ▾ Safety ▾ Tools ▾

| Starry Purple CNP35 | Sparkle Purple CNP36 | Blue Satin CNP37 | Twinkly Love CNP38 | Fuchsia Glitter CNP39 |
| --- | --- | --- | --- | --- |
| Red Sparkle CNP40 | Pearl Beige CNP41 | Sandstone CNP42 | Dessert CNP43 | Americano CNP44 |

Internet | Protected Mode: Off

125%

Makeup Chenmoya - Windows Internet Explorer

makeupchenmoya.com

Favorites

Makeup Chenmoya

Page ▾ Safety ▾ Tools ▾

Copper
CNP45

Sweet Orange
CNP46

Gold Bright
CNP47

Cafe Au Lait
CNP48

Mocha
CNP49

Cappuchino
CNP50

Brown
CNP51

Dark Brown
CNP52

Garnet Red
CNP53

Dark Red
CNP54

Internet | Protected Mode: Off

EN

Makeup Cherimoya - Windows Internet Explorer

makeupchenmoya.com

Favorites

Makeup Chenmoya

Page ▾ Safety ▾ Tools ▾

Black Hole
CNP55

Mystic Grass
CNP56

Coffee
CNP57

Espresso
CNP58

Dark Cherry
CNP59

Chocolate Brown
CNP60

Frapuccino
CNP61

Fusion Pink
CNP62

Pearl Pink
CNP63

Sheer Pink
CNP64

Internet | Protected Mode: Off

125%

EN

Makeup Chenmoya - Windows Internet Explorer

makeupchenmoya.com

Favorites

Makeup Chenmoya

Page ▾ Safety ▾ Tools ▾

Salsa
CNP65

Sweet Pink
CNP66

Pink Sleepers
CNP67

Pink Star
CNP68

Plum
CNP69

Sheer Lilac
CNP70

Silver Purple
CNP71

Purple
CNP72

Teal Marble
CNP73

Red Heart
CNP74

Internet | Protected Mode: Off

125%

EN

Makeup Chenmoya - Windows Internet Explorer

makeupchenmoya.com

Favorites

Makeup Chenmoya

Page ▾ Safety ▾ Tools ▾

Titanic
CNP75

Jewlry Red
CNP76

Blood
CNP77

Angel Red
CNP78

Light Red
CNP79

Nail Red
CNP80

Laven Baby
CNP81

Lucious Lilac
CNP82

Pearl Sherry
CNP83

Pearl Fuschia
CNP84

Internet | Protected Mode: Off

125%

EN

Makeup Chenmoya - Windows Internet Explorer

makeupchenmoya.com

Favorites

Makeup Chenmoya

Page ▾ Safety ▾ Tools ▾

| | | | | |
|---|---|---|---|---|
| Funky Yellow CNP85 | Purple Velvet CNP86 | Iridescent Fuchsia CNP87 | Firework CNP88 | Starry Night CNP89 |
| Disco Purple CNP90 | Puppy Love CNP91 | Pink Lady CNP92 | Dolly Girl CNP93 | Holo Chrome CNP94 |

Internet | Protected Mode Off

EN

Makeup Chenmoya - Windows Internet Explorer

makeupchenmoya.com

Favorites

Makeup Chenmoya

Page ▾ Safety ▾ Tools ▾

| | | | | |
|---|---|---|---|---|
| Disco Ball<br>CNP95 | Vegas Night<br>CNP96 | Love Affair<br>CNP97 | Fairy Lover<br>CNP98 | IT Purple<br>CNP99 |
| Wicked Plum<br>CNP100 | Concrete Gray<br>CNP101 | Wild Rose<br>CNP102 | TLC<br>CNP103 | Fashionista<br>CNP104 |

Internet | Protected Mode: Off

125%

EN

Makeup Cherimoya - Windows Internet Explorer

makeupcherimoya.com

Favorites

Makeup Cherimoya

Page ▾ Safety ▾ Tools ▾

| | | | | |
|---|---|---|---|---|
| Military Green CNP105 | Orchid Chrome CNP106 | Boogie Nights CNP107 | Top Coat CNP108 | Green Grass CNP109 |
| Moondance CNP110 | Cream Pearl CNP111 | Golden Nightmare CNP112 | Tahiti Sunshine CNP113 | starry meteor CNP114 |

Internet | Protected Mode: Off

125%

EN

9:58

1/12/2011

Makeup Cherimoya - Windows Internet Explorer

makeupcherimoya.com

Favorites

Makeup Cherimoya

Page ▾ Safety ▾ Tools ▾

Moondance CNP110

Cream Pearl CNP111

Golden Nightmare CNP112

Tahiti Sunshine CNP113

starry meteor CNP114

Ocean Wave CNP115

Silver Lining CNP116

Forest Fairy CNP117

Jazz Olive CNP118

24 Carat CNP119

Teal Envy CNP120

Internet | Protected Mode: Off

125%

EN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

**SACV11- 567 DOC (MLGx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[X] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENOSCO, a California corporation doing business as KleanColor<br><br>PLAINTIFF(S)<br><br>v.<br><br>see attached<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SACV11-00567 DOC(MLGx)<br><br>SUMMONS |

TO: DEFENDANT(S): ____________

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] ____________ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, TODD W. BONDER, whose address is 9601 WILSHIRE BLVD., SUITE 710, BEVERLY HILLS, CA 90210-5225. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: APR 12 2011

By: CHRISTOPHER POWERS
Deputy Clerk

(Seal of the Court)

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

GENOSCO, a California corporation doing business as KleanColor,

        Plaintiff,

   vs.

MAX MAKEUP CHERIMOYA, a corporation; MAX MAKEUP CHERIMOYA, a partnership; MAX MAKEUP CHERIMOYA, a business entity (form unknown); LAWRENCE KIM, an individual; CHRISTINE KIM, an individual; SUNNA KIM aka CLAIRE KIM aka CLAIR WALDORF, an individual; JEFFREY YOO, an individual; SEUNG WOOK SIM aka PAUL SIM aka SEUNG WOOK SHIM aka PAUL SHIM, an individual; and DOES 1 through 10 inclusive,

        Defendants.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
GENOSCO, a California corporation doing business as KleanColor

**DEFENDANTS**
MAX MAKEUP CHERIMOYA, a corporation; MAX MAKEUP CHERIMOYA, a partnership; et al.

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
TODD W. BONDER, ESQ.
FRANCIE R. GOROWITZ, ESQ.
ROSENFELD, MEYER & SUSMAN, LLP
9601 WILSHIRE BLVD., SUITE 710
BEVERLY HILLS, CA 90210-5225
(310) 858-7700

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
[X] 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

[X] 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes [X] No

[X] **MONEY DEMANDED IN COMPLAINT: $** according to pro

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

17 U.S.C. § 101 - copyright infringement; 15 U.S.C. § 1051 - trademark infringement, unfair competition, trade dress infringement

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/ PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
[X] 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

SACV11-00567

FOR OFFICE USE ONLY: Case Number: ______

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)

[ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE COUNTY | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ______ **Date** APRIL 7, 2011

TODD W. BONDER

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |