

TODD W. BONDER, ESQ. (Cal. Bar No. 116482)
*tbonder@rmslaw.com*
FRANCIE R. GOROWITZ, ESQ. (Cal. Bar No. 125728)
*fgorowitz@rmslaw.com*
ROSENFELD, MEYER & SUSMAN, LLP
9601 Wilshire Boulevard, Suite 710
Beverly Hills, California 90210-5225
Telephone:  (310) 858-7700
Facsimile:   (310) 860-2430

Attorneys for Plaintiff
GENOSCO dba KleanColor

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| GENOSCO, a California corporation doing business as KleanColor,<br><br>Plaintiff,<br><br>vs.<br><br>MAX MAKEUP CHERIMOYA, a corporation; MAX MAKEUP CHERIMOYA, a partnership; MAX MAKEUP CHERIMOYA, a business entity (form unknown); LAWRENCE KIM, an individual; CHRISTINE KIM, an individual; SUNNA KIM aka CLAIRE KIM aka CLAIR WALDORF, an individual; JEFFREY YOO, an individual; SEUNG WOOK SIM aka PAUL SIM aka SEUNG WOOK SHIM aka PAUL SHIM, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. SACV11-567 DOC (MLGx)<br><br>**AMENDED COMPLAINT FOR DIRECT AND CONTRIBUTORY LIABILITY FOR:**<br><br>(1) **COPYRIGHT INFRINGEMENT;**<br>(2) **VIOLATION OF SECTION 43(a) OF THE TRADEMARK ACT – INFRINGEMENT OF UNREGISTERED TRADEMARKS;**<br>(3) **VIOLATION OF SECTION 43(a) OF THE TRADEMARK ACT – TRADE DRESS INFRINGEMENT;**<br>(4) **VIOLATION OF SECTION 43(a) OF THE TRADEMARK ACT – UNFAIR COMPETITION;**<br>(5) **VIOLATION OF CAL. CIV. CODE SECTION 3426 ET SEQ.- MISAPPROPRIATION OF TRADE SECRETS;**<br>(6) **VIOLATION OF CALIFORNIA BUS. & PROF. CODE SECTIONS 17040 ET SEQ. - UNFAIR COMPETITION;**<br>(7) **INTERFERENCE WITH CONTRACTUAL RELATIONS;**<br>(8) **BREACH OF EMPLOYMENT AGREEMENT; AND**<br>(9) **DEFAMATION**<br><br>**DEMAND FOR JURY TRIAL** |

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

1

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1    Plaintiff, GENOSCO, a California corporation doing business as KleanColor

2    (hereinafter "Genosco" or "Plaintiff"), complains and alleges as follows:

3    **ALLEGATIONS COMMON TO ALL CLAIMS**

4    **JURISDICTION AND VENUE**

5    1.    The first and second claims hereof arise under the Copyright Act of

6    1976, 17 U.S.C. § 101 et seq.  This Court has jurisdiction over the subject matter of

7    such claims pursuant to 28 U.S.C. Sections 1331 and 1338(a).  The third through

8    fifth claims hereof each arise under the provisions of the Trademark Act of 1946, as

9    amended, 15 U.S.C. § 1051 et seq., particularly under 15 U.S.C. Section 1125(a),

10   Section 1114 and Section 1125(c), as amended, respectively, and allege the use in

11   interstate commerce of false designations of origin and false descriptions and

12   representations of trade dress and unregistered marks.  This Court has jurisdiction

13   over the subject matter of these claims pursuant to 15 U.S.C. Section 1121 and 28

14   U.S.C. Sections 1331 and 1338.  The sixth through tenth claims hereof each arise

15   under the common law and statutory law of this State relating to misappropriation of

16   trade secrets, unfair competition, interference with contractual relations, breach of

17   employment agreement, and defamation, respectively.  This Court has jurisdiction

18   over the subject matter of such claims pursuant to the provisions of 28 U.S.C.

19   Section 1338(b), such being claims of unfair competition and misappropriation,

20   among others, joined with substantial and related claims under the Trademark Laws

21   of the United States, or under the law of supplemental jurisdiction.

22   2.    Venue is proper in this judicial district pursuant to 28 U.S.C. Sections

23   1391(b), 1392 and 1400(a).

24   **THE PARTIES**

25   3.    Plaintiff is a corporation duly organized and existing under and

26   operating in accordance with the laws of the State of California, having its principal

27   place of business located at 6190 Valley View Street, Buena Park, California 90620.

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02                                    2

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1      4.     Plaintiff is informed and believes, and upon that basis alleges, that at all

2  times relevant hereto:

3      a.     Defendant MAX MAKEUP CHERIMOYA is a corporation

4  (hereinafter "Cherimoya Corporation") doing business in the County of Los Angeles,

5  State of California, with its principal place of business at 819 S. Gladys Avenue,

6  Los Angeles, California 90021, and is and/or was carrying out the activities and/or

7  causing the damages complained of herein in this District and elsewhere;

8      b.     Defendant MAX MAKEUP CHERIMOYA is a partnership

9  (hereinafter "Cherimoya Partnership") doing business in the County of Los Angeles,

10  State of California, with its principal place of business at 819 S. Gladys Avenue,

11  Los Angeles, California 90021, and is and/or was carrying out the activities and/or

12  causing the damages complained of herein in this District and elsewhere;

13      c.     Defendant MAX MAKEUP CHERIMOYA is a business entity

14  of unknown form (hereinafter "Cherimoya Business Entity") doing business in the

15  County of Los Angeles, State of California, with its principal place of business at

16  819 S. Gladys Avenue, Los Angeles, California 90021, and is and/or was carrying

17  out the activities and/or causing the damages complained of herein in this District

18  and elsewhere;

19      d.     Defendant LAWRENCE KIM ("L. Kim") is an individual whose

20  principal place of business is 819 S. Gladys Avenue, Los Angeles, California 90021,

21  is and/or was an officer and owner of defendants Cherimoya Corporation,

22  Cherimoya Partnership and/or Cherimoya Business Entity, and is and/or was

23  carrying out the activities and/or causing the damages complained of herein in this

24  judicial district and elsewhere

25      e.     Defendant CHRISTINE KIM ("C. Kim") is an individual whose

26  principal place of business is 819 S. Gladys Avenue, Los Angeles, California 90021,

27  is and/or was an officer and owner of defendants Cherimoya Corporation,

28  Cherimoya Partnership and/or Cherimoya Business Entity, and is and/or was

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02          3

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  carrying out the activities and/or causing the damages complained of herein in this

2  judicial district and elsewhere;

3          f.        Defendant SUNNA KIM aka CLAIRE KIM aka CLAIR

4  WALDORF ("S. Kim") is an individual whose principal place of business is 819 S.

5  Gladys Avenue, Los Angeles, California 90021, is the owner of U.S. Trademark

6  Application No. 85159621 for the mark MAX MAKEUP CHERIMOYA, is and/or

7  was an officer and owner of defendants Cherimoya Corporation, Cherimoya

8  Partnership and/or Cherimoya Business Entity, and is and/or was carrying out the

9  activities and/or causing the damages complained of herein in this judicial district

10 and elsewhere;

11         g.        Defendant JEFFREY YOO ("J. Yoo") is an individual whose

12 principal place of business is 819 S. Gladys Avenue, Los Angeles, California 90021,

13 is and/or was an officer and owner of defendants Cherimoya Corporation,

14 Cherimoya Partnership and/or Cherimoya Business Entity, and is and/or was

15 carrying out the activities and/or causing the damages complained of herein in this

16 judicial district and elsewhere;

17         h.        Defendant Seung Wook Sim aka Paul Sim aka Seung Wook

18 Shim aka Paul Shim ("P. Sim") is an individual residing at 686 W. El Segundo

19 Boulevard, Suite A, Los Angeles, California 90061, and is and/or was carrying out

20 the activities and/or causing the damages complained of herein in this judicial

21 district and elsewhere;

22         i.        Defendants L. Kim, C. Kim, S. Kim, J. Yoo, P. Sim and DOES 1

23 through 8, inclusive, are each officers, directors, owners, partners or agents of

24 defendants Cherimoya Corporation, Cherimoya Partnership and/or Cherimoya

25 Business Entity (collectively "Cherimoya"), and are each doing business under the

26 name and style "Max Makeup Cherimoya," on the World Wide Web at

27 www.makeupcherimoya.com, and at 819 S. Gladys Avenue, Los Angeles,

28 California 90021;

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02                                4

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1          j.    The true names and capacities, whether individual, corporate,

2   associate or otherwise, of defendant DOES 1 through 10, inclusive, and each of

3   them, are unknown to Plaintiff at this time, who therefore sues said defendants by

4   such fictitious names.  Each of defendant DOES 1 through 10, inclusive, has and/or

5   is assisting, aiding and abetting the named defendants in carrying out the activities

6   complained of herein, or otherwise participated in, contributed to, or is legally

7   responsible in some other manner for the events and occurrences herein alleged,

8   Plaintiff's damages as alleged herein were proximately caused thereby, and each

9   such defendant is liable to Plaintiff thereon.  Plaintiff will, with leave of court,

10  amend this Complaint to show the true names and capacities of DOES 1 through 10

11  when the same have been ascertained.

12         k.    Defendants Cherimoya, L. Kim, C. Kim, S. Kim, J. Yoo, P. Sim

13  and DOES 1 through 10, inclusive, and each of them, were at all times relevant

14  hereto the agents, servants, partners, employees, representatives, co-conspirators

15  and/or alter egos of each of the other defendants with respect to the matters and

16  events alleged herein, and were acting within the course and scope of such agency,

17  partnership, employment, representative, conspiracy and/or alter ego relationship in

18  doing the things herein alleged with the consent, permission, authorization and

19  ratification of said other defendants, and each of them.

20  **PLAINTIFF'S ACTIVITIES**

21         5.    Plaintiff is an importer and distributer of color cosmetics including nail

22  lacquers and make-up ("Plaintiff's Products"), a business it has engaged in since in

23  or about October 1999.  Plaintiff's products are manufactured for it in China

24  pursuant to Plaintiff's specifications.

25         6.    Plaintiff's Products are sold throughout the world.  Within the United

26  States of America, Plaintiff's Products are sold to approximately 350 wholesalers

27  and distributors by sales representatives, who are employees of Plaintiff.

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02                                    5

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

7.     Plaintiff's Products are relatively inexpensive and are primarily sold to and used by teenagers and young adults.  They are sold primarily at independent beauty supply retailers, accessory and clothing stores, dollar stores and on-line on sites such as Amazon.com and eBay.

8.     One of the most popular lines of Plaintiff's products is its nail lacquers. Plaintiff's nail lacquers are packaged in a unique bottle that was designed by Plaintiff.  The bottle has four protruding edges which are solely ornamental.  Other ornamental features include use of the color black for the bottle cap and use of either black or white for the labeling information printed on the bottle.  On the front of the bottle the name "Kleancolor" is depicted on top in a small font size.  Thereunder in larger font is "NAIL LACQUER," under which in a very small font size is "esmalte de uñas" and "vernis á ongles" (nail lacquer in Spanish and French).  At the very bottom of the front of the bottle is the net weight "0.5fl. oz."  In small print on the back of the bottle is a list of the ingredients, numbers of dyes that it "May Contain," the net weight and the place of manufacture.  On the bottom of the bottle is a printed label containing the name (often fanciful) and number assigned to the particular color product, the name and contact information for the distributor, and the designation "USA."  Attached hereto as Exhibit A and incorporated herein by this reference are true and correct photographs of Plaintiff's distinctive bottle for its nail lacquers.

9.     The unique shaped bottles do not fit in any generic display units for nail lacquer.  To accommodate the distinctive shape of the bottles Plaintiff designed its own unique display unit.

10.    Annually, Plaintiff publishes a nail lacquer color chart comprised of a scheme of numbered nail lacquer colors, many of which consist of arbitrary terms used to identify the source of the nail lacquer.  The 2010 "KLEANCOLOR Nail Lacquer Color Chart" (hereinafter the "2010 Color Chart") included 155 numbered colors of nail polish and included colors such as "Cobalt," "Pearl Jungle," and

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

6

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1 "Bikini Green." The 2010 Color Chart was created by Plaintiff in 2009 and was

2 first published on September 1, 2009. Attached hereto as Exhibit B and

3 incorporated herein by this reference is a true and correct copy of the 2010 Color

4 Chart.

5    11.   The 2010 Color Chart embodies original text, photographs and other

6 material that is copyrightable under the Copyright Act of 1976, as amended, 17

7 U.S.C.§ 101 et seq.

8    12.   Genosco filed an application to register its copyrights in the 2010 Color

9 Chart, on or about January 21, 2011.

10    13.   Plaintiff also creates an annual catalog containing photographs of its

11 products and color charts for various products, including lipstick shades, lip liner

12 and eyeliner, nail lacquer, and nail art, including one published in calendar year

13 2010 (hereinafter the "KleanColor 2010 Catalog"). The KleanColor 2010 Catalog

14 was published on or about January 1, 2010. Attached hereto as Exhibit C and

15 incorporated herein by this reference is a true and correct copy of the KleanColor

16 2010 Catalog.

17    14.   The KleanColor 2010 Catalog embodies original text, photographs and

18 other material that is copyrightable under the Copyright Act of 1976, as amended,

19 17 U.S.C.§ 101 et seq.

20    15.   On or about January 21, 2011, Genosco applied for, and on or about

21 January 24, 2011 the United States Copyright Office issued to Genosco, a certificate

22 of copyright registration (Registration No. TX 7-319-018) with respect to its

23 copyrights in the KleanColor 2010 Catalog.

24    16.   The trademarks for nail lacquer numbers 9 and 24 are, respectively,

25 "Cobalt" and "Bikini Green." There were, at one point, typographical errors in the

26 labels for these products: Number 9 was inadvertently listed on the label as

27 "Covalt" rather than "Cobalt" and Number 24 was inadvertently listed as "Vikini

28 Green" rather than "Bikini Green." Attached hereto as Exhibit D and incorporated

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02                                    7

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1   herein by this reference is a true and correct photograph of the labels for 9 Cobalt

2   and 24 Bikini Green both with and without the typographical error noted above.

3   **DEFENDANTS' WRONGFUL ACTIVITIES**

4        17.    Prior to April 2009, defendant P. Sim approached Plaintiff several

5   times requesting a job as a sales representative. In or about March 2009, Plaintiff

6   granted P. Sim's request and hired P. Sim as a sales representative for an area

7   consisting of downtown Los Angeles, Chicago, and New York.

8        18.    On or about April 1, 2009, Plaintiff and P. Sim entered into an

9   Employment Agreement pursuant to which P. Sim agreed to abide by the general

10   employment policies and procedures of Plaintiff, which were set forth in the

11   Genosco Employee Handbook. P. Sim was provided copies of both the

12   Employment Agreement and the Employee Handbook. Attached hereto as

13   Exhibit E and Exhibit F and incorporated herein by this reference are partially-

14   redacted true and correct copies of the relevant provisions of the above-mentioned

15   Employment Agreement and Employee Handbook.

16        19.    Both the Employment Agreement and the Employee Handbook

17   required P. Sim to help protect confidential information by keeping all nonpublic

18   information concerning Genosco, its vendors and suppliers strictly confidential.

19   Nonpublic information was defined as including trade secrets (information that

20   gives Plaintiff a material and substantial advantage over its competitors, which does

21   not include knowledge, skills, or information that is otherwise publicly disclosed)

22   including but not limited to customer lists, and company financial information. The

23   confidentiality of the nonpublic information was to be maintained both during the

24   period of employment and following termination for any reason.

25        20.    The following precautionary measures designed to protect the

26   confidential information were set forth in the Employee Handbook:

27

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

8

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

a.     "Discuss work matters only with other GENOSCO (dba KleanColor) employees who have a specific business reason to know or have access to such information;

b.     Do not discuss work matters in public places;

c.     Monitor and supervise visitors to GENOSCO (dba KleanColor) to insure that they do not have access to company information;

d.     Destroy hard copies of documents containing confidential information that is not filed or archived;

e.     Secure confidential information in desk drawers and cabinets at the end of every business day."

21.     The Employee Handbook also required P. Sim to avoid conflicts of interest, by avoiding "any situation in which your loyalty may be divided and promptly disclose any situation where an actual or potential conflict may exist." The following example was given of a situation creating a potential conflict: "owning or having a significant financial interest in or other relationship with, a GENOSCO (dba KleanColor) competitor, customer, or supplier."

22.     In or about August 2010, Plaintiff learned that P. Sim was soliciting its employees to leave Genosco and join P. Sim in a competing company. P. Sim also attempted to obtain confidential information from said employees, including but not limited to asking them to import their customer lists for him. Plaintiff is informed and believes, and upon that basis alleges, that the above-described activities of P. Sim were carried out as part of a common plan and scheme among Defendants to engage in corporate espionage in order to infiltrate and obtain from Plaintiff, through false pretenses, confidential information concerning Plaintiff's business and then use such information in a competing business venture.

23.     In August 2010, P. Sim was confronted by Plaintiff regarding his wrongful activities. P. Sim abruptly left Genosco's facilities and never returned.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

9

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1    24.    Plaintiff is informed and believes, and upon that basis alleges, that as a

2    part of a common plan and scheme entered into among defendants P. Sim, L. Kim,

3    C. Kim, S. Kim, J. Yoo, Cherimoya and DOES 1 though 10, inclusive (collectively

4    and individually referred to hereinafter as "Defendants"), and each of them, to steal

5    Plaintiff's trade secrets, business, customers and other confidential information, C.

6    Kim and L. Kim visited at least one of Plaintiff's vendors in China and asked said

7    vendor(s) to copy for Defendants the products in the KleanColor 2010 Catalog.

8    25.    Plaintiff is informed and believes, and upon that basis alleges, that

9    when Plaintiff's vendor refused to copy Plaintiff's Products for Defendants,

10   Defendants successfully hired another vendor to replicate some or all of the products

11   in the KleanColor 2010 Catalog.

12   26.    Plaintiff is informed and believes, and upon that basis alleges, that in or

13   about September 2010, Defendants started selling nail lacquer under the trademark

14   "MAX MAKEUP CHERIMOYA" in packaging that is virtually identical to the

15   distinctive packaging created by Plaintiff for its nail lacquer.

16   27.    Defendants' nail lacquer bottle has the ornamental protruding edges

17   that appear on Plaintiff's bottles, a black bottle cap, as well as the use of either black

18   or white for the labeling information printed on the bottle.  On the front of the bottle

19   the name "max Makeup Cherimoya" is depicted on top in a small font size.  The

20   formatting and language of all other features of the bottle are virtually identical to

21   Plaintiff's, including the appearance in large font on the front of the bottle of the

22   term "NAIL LACQUER," the use below of the terms "esmalte de uñas" and "vernis

23   á ongles" in small font, and designation ".05 fl. oz" at the bottom of the bottle.  The

24   only difference in the respective backs of the bottles is the use of the designation

25   "PRC" instead of "China."  From the time Defendants started selling the nail lacquer

26   until approximately February 15, 2011, the labels at the bottom were also virtually

27   identical to Plaintiff's labels both in use of Plaintiff's numbering system and in use

28   of Plaintiff's trademarks for the colors associated with said numbers.  Attached

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02                                    10

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  hereto as <u>Exhibit G</u> and incorporated herein by this reference are true and correct

2  photographs of copies of both Genosco's nail lacquers and Defendants'

3  corresponding versions thereof.

4      28.    Plaintiff is informed and believes, and upon that basis alleges, that

5  Defendants have also copied and are using the unique display unit designed by

6  Plaintiff.

7      29.    Plaintiff is informed and believes, and upon that basis alleges, that

8  Defendants' website is located at www.makeupcherimoya.com.  The domain name

9  "makeupcherimoya.com" is registered to Cherimoya.  The administrative and

10  technical contact is listed as Claire Kim, whose email address is set forth as

11  "clairwaldorf@hotmail.com."

12      30.    In or about January 2011, Defendants' website

13  www.makeupcherimoya.com contained a nail lacquer color chart that was copied

14  from Plaintiff's 2010 Color Chart ("Copy of KC's 2010 Color Chart").  The Copy of

15  KC's 2010 Color Chart includes 120 nail colors.  Attached hereto as <u>Exhibit H</u> and

16  incorporated herein by this reference is a true and correct copy, taken from

17  Defendants' website, of the Copy of KC's 2010 Color Chart.

18      31.    Most if not all of the trademarks for Plaintiff's nail colors have been

19  copied, including Numbers 9 (Cobalt) and 24 (Bikini Green) as to which Defendants

20  copied the typographical errors on Plaintiff's original labels (CNP 9 is "Covalt" and

21  CNP 24 is "Vikini Green").

22      32.    Defendants' Copy of KC's 2010 Color Chart consists of 120 numbered

23  colors.  Plaintiff's 2010 Color Chart consists of 155 numbered colors.

24      33.    Defendants' Copy of KC's 2010 Color Chart, included the following

25  108 trademarks that were copied from Plaintiff's 2010 Color Chart, all of which

26  consist of a combination of numbers and words:  "01 Clear," "02 Nail Hardener,"

27  "03 Calcium," "04 White," "05 Black," "06 Charcoal," "07 Pearl Silver," "08

28  Silver," "09 Covalt," "10 Sapphire," "11 Blue Pearl," "12 Melon Green," "13 Pearl

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

11

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  Jungle," "14 Neon Aqua," "15 Neon Sapphire," "16 Neon Purple," "17 Neon
2  Green," "18 Neon Yellow," "19 Neon Orange,"  "20 Neon Pink," "21 Neon
3  Fuchsia," "22 Barbie Pink" "23 Mango," "24 Vikini Green," "25 Beach Blue," "26
4  Gold Shimmer," "27 Silver Glitter," "28 Chunky Silver," "29 Aurora," "30 Pinky
5  Moon," "31 Silver Star," "32 Peaceful Heart," "33 Starry Blue," "34 Sparkle
6  Emerald," "35 Starry Purple," "36 Sparkle Purple," "37 Blue Satin," "38 Twinkly
7  Love," "39 Fuchsia Glitter," "40 Red Sparkle," "41 Pearl Beige," "42 Sandstone,"
8  "43 Dessert," "44 Americano," "45 Copper," "46 Sweet Orange," "47 Gold Bright,"
9  "48 Café au lait," "49 Mocha," "50 Cappucino," "51 Brown," "52 Dark Brown,"
10 "53 Garnet Red," "54 Dark Red," "55 Black Hole," "57 Coffee," "58 Espresso,"
11 "59 Dark Cherry," "60 Chocolate Brown," "61 Frapuccino," "62 Fusion Pink," "63
12 Pearl Pink," "64 Shear Pink," "65 Salsa," "66 Sweet Pink," "67 Pink Sleepers," "68
13 Pink Star," "69 Plum," "70 Sheer Lilac," "71 Silver Purple," "72 Purple," "74 Red
14 Heart," "75 Titanic," "76 Jewelry Red," "77 Blood," "78 Angel Red," "79 Light
15 Red," "80 Red," "83 Pearl Sherry," "84 Pearl Fuchsia," "85 Funky Yellow," "86
16 Purple Velvet," "87 Iridescent Fuchsia," "88 Firework," "89 Starry Night," "91
17 Puppy Love," "93 Dolly Girl," "94 Holo Chrome," "95 Disco Ball," "96 Vegas
18 Night," "97 Love Affair," "98 Fairy Lover," "99 IT Purple," "100 Wicked Plum,"
19 "101 Concrete Gray," "103 TLC," "104 Fashionista," "105 Military Green," "107
20 Boogie Nights," "108 Top Coat," "109 Green Grass," "110 Moon Dance," "111
21 Cream Pearl," "112 Golden Nightmare," "115 Ocean Wave," "117 Forest Fairy,"
22 "118 Jazz Olive" and "120 Teal Envy."
23       34.    In addition, Defendants' Copy of KC's 2010 Color Chart included the
24 following twelve (12) trademarks that were copied from Plaintiff's 2010 Color
25 Chart, all of which consist solely of  words:  "Mystic Grass," "Teal Marble,"
26 "Lavenbaby," "Luscious Lilac," "Disco Purple," "Pink Lady," "Wild Rose,"
27 "Orchid Chrome," "Tahiti Sun," "Starry Meteor," "Silver Lining" and "24 Carat."
28

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

35.   Plaintiff is informed and believes, and upon that basis alleges, that defendant P. Sim, either alone or in concert with the other Defendants as part of a common plan and conspiracy, obtained all or part of Plaintiff's customer lists and used the same to sell Defendants' infringing products to Plaintiff's customers.

36.   Plaintiff is informed and believes, and upon that basis alleges, that defendant P. Sim, either alone or in concert with the other Defendants as part of a common plan and conspiracy, relied on trade secrets and other confidential information of Plaintiffs in order to sell Defendants' products to Plaintiff's customers and others.

37.   Plaintiff is informed and believes, and upon that basis alleges, that defendant P. Sim, either alone or in concert with the other Defendants as part of a common plan and conspiracy, told Plaintiff's customers that Defendants' products were the same as Plaintiff's products only less expensive.

38.   Plaintiff is informed and believes, and upon that basis alleges, that defendant P. Sim, either alone or in concert with the other Defendants as part of a common plan and conspiracy, made false and defamatory accusations concerning Plaintiff's officer and principal, Brandon Kim, to one or more of Plaintiff's customers.

## FIRST CLAIM

### Direct Copyright Infringement

### (Against All Defendants)

39.   Plaintiff repeats, realleges, and incorporates the allegations contained in paragraphs 1 through 38, inclusive, hereof as if fully set forth herein.

40.   Plaintiff is, and at all times has been, the sole owner of all copyrights in and to Plaintiff's 2010 Color Chart and the KleanColor 2010 Catalog (individually and collectively referred to hereinafter as "Plaintiff's Copyrighted Works").

41.   Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, have infringed and threaten to further infringe

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP
482466.02
13
AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  Plaintiff's Copyrighted Works and other copyrighted works of Genosco by, among

2  other things, manufacturing or causing to be manufactured, importing, exporting,

3  marketing, advertising, displaying, promoting, distributing, providing, offering for

4  sale and/or selling within this judicial district and elsewhere, including but not

5  limited to over the World Wide Web at www.makeupcherimoya.com, unauthorized

6  goods featuring or otherwise using in the promotion thereof certain of Plaintiff's

7  Copyrighted Works.  The unauthorized goods which are being manufactured,

8  imported, exported, marketed, advertised, displayed, promoted, distributed, provided,

9  offered for sale and/or sold by, for or on behalf of the Defendants, or any of them,

10  and/or Defendants' promotional activities with respect thereto, utilize simulations

11  and unauthorized copies and/or depictions of certain of Plaintiff's Copyrighted

12  Works and/or constitute unauthorized "derivative works" within the purview of 17

13  U.S.C. Sections 101 and 106.  Without authorization, Defendants have copied most

14  of Plaintiff's Copyrighted Works, including but not limited to the color and number

15  scheme and the design elements of the product packaging.  Defendants have utilized

16  the unauthorized copies of Plaintiff's Copyrighted Works to make derivative works,

17  which Defendants have distributed on their website and in other manners.  The

18  unauthorized reproduction of Plaintiff's Copyrighted Works by Defendants is in

19  violation of 17 U.S.C. Section 106(1).  The unauthorized preparation of derivative

20  works is in violation of 17 U.S.C. Section 106(2).  The unauthorized distribution of

21  copies of Plaintiff's Copyrighted Works and derivative works created therefrom is

22  in violation of 17 U.S.C. Section 106(3).  The advertising and/or display of such

23  copies and derivative works by Defendants is an unauthorized public display of

24  Plaintiff's Copyrighted Works in violation of 17 U.S.C. Section 106(5).

25        42.    Plaintiff has fully complied with its obligations under the copyright

26  laws and, as stated above, Plaintiff has at all times been and still is the sole

27  proprietor of all right, title and interest in and to the copyrights in Plaintiff's

28  Copyrighted Works.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

14

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1    43.    The reproduction, creation of derivative works, advertisement, display,

2  and distribution of Plaintiff's Copyrighted Works by Defendants is without any

3  permission, license or other authorization from Plaintiff.

4    44.    Defendants have been notified of their infringing and illegal activity.

5  Despite clear requests to Defendants, Plaintiff is informed and believes, and upon

6  that basis alleges, that Defendants, and each of them, have willfully and knowingly

7  undertaken and continued at least certain of their respective unlawful infringing

8  activities through the date of the filing of this Complaint.

9    45.    Plaintiff has no adequate remedy at law and has suffered, and is

10  continuing to suffer, irreparable harm and damage as a result of the aforesaid acts of

11  infringement.  Defendants are each liable in amounts within the jurisdiction of this

12  Court.

13    46.    Plaintiff is informed and believes, and upon that basis alleges, that the

14  aforesaid infringements by Defendants were and continue to be with the knowledge

15  that Plaintiff's 2010 Color Chart and the KleanColor 2010 Catalog are each

16  copyrighted, and that the Defendants, and each of them, in doing the acts

17  complained of herein, have willfully infringed Plaintiff's rights under the Copyright

18  Laws of the United States, 17 U.S.C. Section 101 et seq.

19    47.    Plaintiff is informed and believes, and upon that basis alleges, that

20  Defendants have each obtained gains, profits and advantages as a result of their

21  respective wrongful acts in amounts within the jurisdiction of this Court.

22    48.    Plaintiff is informed and believes, and upon that basis alleges, that it

23  has suffered, and is continuing to suffer, direct and actual damages as a result of

24  Defendants' wrongful conduct as alleged herein, in amounts within the jurisdiction

25  of this Court.  In order to determine the full extent of such damages, including such

26  profits as may be recoverable under 17 U.S.C. Section 504, Plaintiff will require an

27  accounting from each defendant of all monies generated from the products sold as a

28  result of the reproduction, creation of derivative works, advertisement, display, and

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02                                15

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  distribution of Plaintiff's Copyrighted Works by Defendants, or otherwise as a result

2  of their above-described wrongful conduct.

3      49.    In the alternative, Plaintiff may potentially elect to recover for each of

4  its copyrighted works infringed statutory damages pursuant to 17 U.S.C. Section

5  504(c). Defendants have each violated certain copyrighted works of Plaintiff, as set

6  forth above. Plaintiff is informed and believes, and upon that basis alleges, that

7  Defendants have each infringed, <u>inter alia</u>, the following works of Genosco:

8             (i)    Plaintiff's 2010 Color Chart; and

9             (ii)    the KleanColor 2010 Catalog.

10  Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and

11  each of them, are liable for statutory damages to Plaintiff for each copyrighted work

12  of Genosco infringed by said Defendants, pursuant to 17 U.S.C. Section 504(c).

13  Furthermore, Plaintiff is informed and believes, and upon that basis alleges, that

14  each defendant's acts as described above are in willful violation of Genosco's rights,

15  and statutory damages against each such willfully infringing defendant in the

16  Court's discretion up to the amount of $150,000.00 for each of the not less than

17  two (2) separate copyrighted works infringed should be assessed by the Court

18  pursuant to 17 U.S.C. Section 504(c)(2).

19      50.    Plaintiff is informed and believes, and upon that basis alleges, that

20  unless enjoined by the Court, the unlawful infringement by Defendants of Plaintiff's

21  Copyrighted Works will continue with irreparable harm and damage to Plaintiff.

22  Accordingly, Plaintiff seeks preliminary and permanent injunctive relief pursuant to

23  17 U.S.C. Section 502.

24      51.    By reason of the foregoing, Plaintiff has incurred, and will continue to

25  incur, attorneys' fees and other costs in connection with the prosecution of its claims

26  herein, which attorneys' fees and costs Plaintiff is entitled to recover from the

27  Defendants, and each of them, herein.

28  ///

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

16

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

## SECOND CLAIM

### Contributory Copyright Infringement

### (Against Defendants P. Sim, L. Kim, C. Kim, S. Kim, J. Yoo, Cherimoya and DOES 1 though 10, inclusive)

52.     Plaintiff repeats, realleges, and incorporates the allegations contained in paragraphs 1 through 38 and 40 through 51, inclusive, hereof as if fully set forth herein.

53.     Plaintiff is informed and believes, and upon that basis alleges, that defendants P. Sim, L. Kim, C. Kim, S. Kim, J. Yoo, Cherimoya and DOES 1 though 10, inclusive, and each of them (hereinafter individually and collectively referred to as the "Supplier Defendants"), with knowledge of the infringing activities of the other Defendants and customers of the Supplier Defendants, as well as with the ability to control same and the intent to themselves benefit, either directly or indirectly, therefrom, have infringed and threaten to further infringe Plaintiff's Copyrighted Works by, among other things, participating in or otherwise knowingly contributing to the manufacture, production, importation, exportation, advertisement, display, promotion, marketing, distribution, provision, offering for sale and/or selling within this judicial district and elsewhere of certain unauthorized goods by such other Defendants and customers featuring or otherwise utilizing Plaintiff's Copyrighted Works, or unauthorized derivative works thereof, and have induced, caused and materially contributed to, and continue to induce, cause and materially contribute to the infringing conduct by such other Defendants and customers.

54.     The unauthorized goods which have been and/or are being produced, manufactured, imported, exported, advertised, displayed, promoted, marketed, distributed, provided, offered for sale and/or sold by, for or on behalf of Supplier Defendants, or any of them, and/or Supplier Defendants' respective promotional activities with respect thereto, utilize unauthorized copies and/or depictions of Plaintiff's Copyrighted Works and/or constitute unauthorized "derivative works"

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP
482466.02

17

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  within the purview of 17 U.S.C. Sections 101 and 106. The participation in or

2  otherwise knowing contribution by Supplier Defendants to the production or

3  manufacture of such infringing goods is an unauthorized reproduction of Plaintiff's

4  Copyrighted Works violating 17 U.S.C. Section 106(1), and/or the unauthorized

5  preparation of derivative works violating 17 U.S.C. Section 106(2). The

6  participation in or otherwise knowing contribution by Supplier Defendants to the

7  marketing of such infringing goods is an unauthorized distribution of copies of

8  Plaintiff's copyrighted works violating 17 U.S.C. Section 106(3). The participation

9  in or otherwise knowing contribution by Supplier Defendants to the advertisement

10  and/or display of such infringing goods is an unauthorized public display of

11  Plaintiff's copyrighted works violating 17 U.S.C. Section 106(5).

12      55.    The manufacture, production, importation, exportation, advertisement,

13  display, promotion, marketing, distribution, provision, and/or sale of the

14  unauthorized and infringing goods by Supplier Defendants, or any of them, and/or

15  their third party customers and others for resale or other use(s) in commerce is

16  without any permission, license or other authorization from Plaintiff.

17      56.    Supplier Defendants have been notified of their infringing and illegal

18  activity. Despite clear requests to Supplier Defendants, Plaintiff is informed and

19  believes, and upon that basis alleges, that Supplier Defendants, and each of them,

20  have willfully and knowingly undertaken and continued at least certain of their

21  unlawful infringing activity through the date of the filing of this Complaint.

22      57.    Plaintiff has no adequate remedy at law and has suffered, and is

23  continuing to suffer, irreparable harm and damage as a result of the aforesaid

24  respective acts of contributory infringement. Supplier Defendants are each liable in

25  amounts within the jurisdiction of this Court.

26      58.    Plaintiff is informed and believes, and upon that basis alleges, that the

27  aforesaid contributory infringements by Supplier Defendants of Plaintiff's

28  Copyrighted Works was and continues to be with the knowledge that said works are

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

18

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1   copyrighted, and that the Supplier Defendants, and each of them, in doing the acts

2   complained of herein, have willfully contributorily infringed Plaintiff's rights under

3   the Copyright Laws of the United States, 17 U.S.C. Section 101 et seq.

4         59.    Plaintiff is informed and believes, and upon that basis alleges, that

5   Supplier Defendants have each obtained gains, profits and advantages as a result of

6   their respective wrongful acts of contributory infringement in amounts within the

7   jurisdiction of this Court.

8         60.    Plaintiff is informed and believes, and upon that basis alleges, that it

9   has suffered, and is continuing to suffer, direct and actual damages as a result of

10  Supplier Defendants' respective wrongful conduct as alleged herein, in amounts

11  within the jurisdiction of this Court.  In order to determine the full extent of such

12  damages, including such profits as may be recoverable under 17 U.S.C. Section 504,

13  Plaintiff will require an accounting from each defendant of all monies generated

14  from the manufacture, production, importation, exportation, distribution, provision,

15  and/or sale of infringing goods as alleged herein.

16        61.    In the alternative, Plaintiff may potentially elect to recover for each of

17  its copyrighted works contributorily infringed statutory damages pursuant to 17

18  U.S.C. Section 504(c).  Supplier Defendants have each contributed to the violation

19  of certain copyrighted works of Plaintiff, as set forth above.  Plaintiff is informed

20  and believes, and upon that basis alleges, that Supplier Defendants, and each of

21  them, have contributorily infringed, inter alia, the following works of Genosco:

22                     (i)      Plaintiff's 2010 Color Chart; and

23                     (ii)     the KleanColor 2010 Catalog.

24  Plaintiff is informed and believes, and upon that basis alleges, that Supplier

25  Defendants, and each of them, are liable for statutory damages to Plaintiff for each

26  copyrighted work of Genosco contributorily infringed by the Supplier Defendants,

27  pursuant to 17 U.S.C. Section 504(c).  Furthermore, Plaintiff is informed and

28  believes, and upon that basis alleges, that each of said defendant's acts as described

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

19

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  above are in willful violation of Genosco's rights, and statutory damages against

2  each such willfully infringing defendant in the Court's discretion up to the amount

3  of $150,000.00 for each of the not less than two (2) separate copyrighted works

4  contributorily infringed should be assessed by the Court pursuant to 17 U.S.C.

5  Section 504(c)(2).

6      62.    Plaintiff is informed and believes, and upon that basis alleges, that

7  unless enjoined by the Court, the unlawful contributory infringement by Supplier

8  Defendants of Plaintiff's copyrights will continue with irreparable harm and damage

9  to Plaintiff.  Accordingly, Plaintiff seeks preliminary and permanent injunctive relief

10  pursuant to 17 U.S.C. Section 502.

11     63.    By reason of the foregoing, Plaintiff has incurred, and will continue to

12  incur, attorneys' fees and other costs in connection with the prosecution of its claims

13  herein, which attorneys' fees and costs Plaintiff is entitled to recover from the

14  Supplier Defendants, and each of them, herein.

15                    **THIRD CLAIM**

16       **Direct Violation of Section 43(a) of the Trademark Act –**

17          **Infringement of Unregistered Trademarks**

18                **(Against All Defendants)**

19     64.    Plaintiff repeats, realleges, and incorporates the allegations contained in

20  paragraphs 1 through 38, 40 through 51 and 53 through 63, inclusive, hereof as if

21  fully set forth herein.

22     65.    Since at least as early as January 2010, Plaintiff has been using the

23  following inherently distinctive trademarks in connection with its sale of nail

24  lacquer: "01 Clear," "02 Nail Hardener," "03 Calcium," "04 White," "05 Black,"

25  "06 Charcoal," "07 Pearl Silver," "08 Silver," "09 Covalt" (or "09 Cobalt"), "10

26  Sapphire," "11 Blue Pearl," "12 Melon Green," "13 Pearl Jungle," "14 Neon Aqua,"

27  "15 Neon Sapphire," "16 Neon Purple," "17 Neon Green," "18 Neon Yellow," "19

28  Neon Orange," "20 Neon Pink," "21 Neon Fuchsia," "22 Barbie Pink," "23

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP
482466.02                              20

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  Mango," "24 Vikini Green" (or "24 Bikini Green"), "25 Beach Blue," "26 Gold

2  Shimmer," "27 Silver Glitter," "28 Chunky Silver," "29 Aurora," "30 Pinky Moon,"

3  "31 Silver Star," "32 Peaceful Heart," "33 Starry Blue," "34 Sparkle Emerald," "35

4  Starry Purple," "36 Sparkle Purple," "37 Blue Satin," "38 Twinkly Love," " 39

5  Fuchsia Glitter," "40 Red Sparkle," "41 Pearl Beige," "42 Sandstone," "43 Dessert,"

6  "44 Americano," "45 Copper," "46 Sweet Orange," "47 Gold Bright," "48 Café au

7  lait," "49 Mocha," "50 Cappucino," "51 Brown," "52 Dark Brown," "53 Garnet

8  Red," "54 Dark Red," "55 Black Hole," "57 Coffee," "58 Espresso," "59 Dark

9  Cherry," "60 Chocolate Brown," "61 Frapuccino," "62 Fusion Pink," "63 Pearl

10 Pink," "64 Shear Pink," "65 Salsa," "66 Sweet Pink," "67 Pink Sleepers," "68 Pink

11 Star," "69 Plum," "70 Sheer Lilac," "71 Silver Purple," "72 Purple," 74 Red Heart,"

12 "75 Titanic," "76 Jewelry Red," "77 Blood," "78 Angel Red," "79 Light Red," "80

13 Red," "83 Pearl Sherry," "84 Pearl Fuchsia," "85 Funky Yellow," "86 Purple

14 Velvet," "87 Iridescent Fuchsia," "88 Firework," "89 Starry Night," "91 Puppy

15 Love," "93 Dolly Girl," "94 Holo Chrome," "95 Disco Ball," "96 Vegas Night," "97

16 Love Affair," "98 Fairy Lover," "99 IT Purple," "100 Wicked Plum," "101 Concrete

17 Gray," "103 TLC," "104 Fashionista," "105 Military Green," "107 Boogie Nights,"

18 "108 Top Coat," "109 Green Grass," "110 Moon Dance," "111 Cream Pearl," "112

19 Golden Nightmare," "115 Ocean Wave," "117 Forest Fairy," "118 Jazz Olive" and

20 "120 Teal Envy," as well as "Pearl Silver," "Blue Pearl," "Melon Green," "Pearl

21 Jungle," "Neon Aqua," "Neon Sapphire," "Neon Purple," "Neon Green," "Neon

22 Yellow," "Neon Orange," "Neon Pink," "Neon Fuchsia," "Barbie Pink" "Mango,"

23 "Beach Blue," "Gold Shimmer," "Silver Glitter," "Chunky Silver," "Aurora,"

24 "Pinky Moon," "Silver Star," "Peaceful Heart," "Starry Blue," "Sparkle Emerald,"

25 "Starry Purple," "Sparkle Purple," "Blue Satin," "Twinkly Love," "Fuchsia Glitter,"

26 "Red Sparkle," "Pearl Beige," "Sandstone," "Dessert," "Americano," "Sweet

27 Orange," "Gold Bright," "Café au lait," "Mocha," "Cappucino," "Garnet Red,"

28 "Black Hole," "Coffee," "Espresso," "Dark Cherry," "Chocolate Brown,"

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP
482466.02                                    21

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  "Frapuccino," "Fusion Pink," "Pearl Pink," "Salsa," "Sweet Pink," "Pink Sleepers,"

2  "Pink Star," "Sheer Lilac," "Silver Purple," "Red Heart," "Titanic," "Jewelry Red,"

3  "Blood," "Angel Red," "Pearl Sherry," "Pearl Fuchsia," "Funky Yellow," "Purple

4  Velvet," "Iridescent Fuchsia," "Firework," "Starry Night," "Puppy Love," "Dolly

5  Girl," "Holo Chrome," "Disco Ball," "Vegas Night," "Love Affair," "Fairy Lover,"

6  "IT Purple," "Wicked Plum," "Concrete Gray," "TLC," "Fashionista," "Military

7  Green," "Boogie Nights," "Green Grass," "Moon Dance," "Cream Pearl," "Golden

8  Nightmare," "Ocean Wave," "Forest Fairy," "Jazz Olive," "Teal Envy," "Mystic

9  Grass," "Teal Marble," "Lavenbaby," "Luscious Lilac," "Disco Purple," "Pink

10  Lady," "Wild Rose," "Orchid Chrome," "Tahiti Sun," "Starry Meteor," "Silver

11  Lining," "24 Carat," and "Vikini Green" or "Bikini Green" (hereinafter collectively

12  referred to as "Genosco's Marks").

13      66.    Defendants have copied and used all of Genosco's Marks on labels

14  affixed to their bottles and other packages for nail varnishes and nail art.

15      67.    Defendants' use of marks that are identical to Genosco's Marks on and

16  in connection with virtually identically products that are sold in interstate commerce,

17  is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation,

18  connection, or association of Defendants with Genosco, or as to the origin,

19  sponsorship, or approval of Defendants' goods by Genosco.

20      68.    Defendants' acts constitute false designation of origin and are in

21  violation of Section 43(a) of the Trademark Act, as amended. 15 U.S.C. Section

22  1125(a).

23      69.    Genosco has no adequate remedy at law and has suffered, and is

24  continuing to suffer, irreparable harm and damage as a result of Defendants'

25  respective acts of federal unfair competition in amounts thus far not determined but

26  within the jurisdiction of this Court, which amounts should each be trebled pursuant

27  to 15 U.S.C. Section 1117.

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP
482466.02                                    22                AMENDED COMPLAINT FOR
                                                              COPYRIGHT INFRINGEMENT,
                                                              TRADEMARK INFRINGEMENT,

70.     Genosco is informed and believes, and upon that basis alleges, that unless enjoined by the Court, the confusion and deception noted above, and the likelihood thereof, will continue with irreparable harm and damage to Genosco. Accordingly, Genosco seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. Section 1116.

71.     Genosco is informed and believes, and upon that basis alleges, that Defendants have each obtained gains, profits and advantages as a result of their wrongful acts of trademark infringement in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. Section 1117.

72.     In order to determine the full extent of such damages, including such profits as may be recoverable, Plaintiff will require an accounting from each defendant of all monies generated from the manufacture, production, importation, exportation, distribution, provision, and/or sale of the goods bearing the infringing trademarks as alleged herein.

73.     By reason of the foregoing, Genosco has incurred, and will continue to incur, attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Genosco is entitled to recover from the Defendants, and each of them, herein.

## FOURTH CLAIM

### Contributory Violation of Section 43(a) of the Trademark Act –

### Infringement of Unregistered Trademarks

### (Against All Supplier Defendants)

74.     Plaintiff repeats, realleges, and incorporates the allegations contained in paragraphs 1 through 38, 40 through 51, 53 through 63 and 65 through 73, inclusive, hereof as if fully set forth herein.

75.     Supplier Defendants have, with knowledge of the infringing activities of the other Defendants and customers of the Supplier Defendants, as well as with

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02                                          23

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  the ability to control same and the intent to themselves benefit, either directly or

2  indirectly, therefrom, have infringed and threaten to further infringe Genosco's

3  Marks by, among other things, participating in or otherwise knowingly contributing

4  to the copying and use by the other Defendants and customers of the Supplier

5  Defendants of all of Genosco's Marks on labels affixed to bottles and other

6  packages for nail varnishes and nail art.

7        76.    Supplier Defendants' participation in or otherwise knowing

8  contribution to the use by the other Defendants and customers of the Supplier

9  Defendants of marks that are identical to Genosco's Marks on and in connection

10 with virtually identically products that are sold in interstate commerce, is likely to

11 cause confusion, or to cause mistake, or to deceive as to the affiliation, connection,

12 or association of said persons and entities with Genosco, or as to the origin,

13 sponsorship, or approval of such persons and entities' respective goods by Genosco.

14       77.    Supplier Defendants' acts constitute false designation of origin and are

15 in violation of Section 43(a) of the Trademark Act, as amended. 15 U.S.C. Section

16 1125(a).

17       78.    Genosco has no adequate remedy at law and has suffered, and is

18 continuing to suffer, irreparable harm and damage as a result of Supplier

19 Defendants' respective acts of federal unfair competition in amounts thus far not

20 determined but within the jurisdiction of this Court, which amounts should each be

21 trebled pursuant to 15 U.S.C. Section 1117.

22       79.    Genosco is informed and believes, and upon that basis alleges, that

23 unless enjoined by the Court, the confusion and deception noted above, and the

24 likelihood thereof, will continue with irreparable harm and damage to Genosco.

25 Accordingly, Genosco seeks preliminary and permanent injunctive relief pursuant to

26 15 U.S.C. Section 1116.

27       80.    Genosco is informed and believes, and upon that basis alleges, that

28 Supplier Defendants have each obtained gains, profits and advantages as a result of

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP
482466.02

24

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1   their wrongful acts of contributory trademark infringement in amounts thus far not

2   determined but within the jurisdiction of this Court, which amounts should each be

3   trebled pursuant to 15 U.S.C. Section 1117.

4       81.   In order to determine the full extent of such damages, including such

5   profits as may be recoverable, Plaintiff will require an accounting from each of

6   Supplier Defendants and their customers of all monies generated from the

7   manufacture, production, importation, exportation, distribution, provision, and/or

8   sale of the goods bearing the infringing trademarks as alleged herein.

9       82.   By reason of the foregoing, Genosco has incurred, and will continue to

10  incur, attorneys' fees and other costs in connection with the prosecution of its claims

11  herein, which attorneys' fees and costs Genosco is entitled to recover from the

12  Supplier Defendants, and each of them, herein.

13                          **FIFTH CLAIM**

14         **Violation of Section 43(a) of the Trademark Act –**

15                    **Trade Dress Infringement**

16                     **(Against All Defendants)**

17      83.   Plaintiff repeats, realleges, and incorporates the allegations contained in

18  paragraphs 1 through 38, 40 through 51, 53 through 63, 65 through 73 and 75

19  through 82, inclusive, hereof as if fully set forth herein.

20      84.   The trade dress adopted by Defendants for its nail lacquer is virtually

21  identical to the unique trade dress designed and used by Genosco.

22      85.   The trade dress for the nail lacquer consists of a unique bottle that was

23  created for Genosco to identify the source of its product.  The bottle has four

24  protruding edges which are solely ornamental.  Other ornamental features include

25  use of the color black for the bottle cap and use of either black or white for the

26  labeling information printed on the bottle.  On the front of the bottle the name

27  "Kleancolor" is depicted on top in a small font size.  Thereunder in larger font is

28  "NAIL LACQUER," under which in a very small font size is "esmalte de uñas" and

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02                          25

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1   "vernis á ongles" (nail lacquer in Spanish and French).  At the very bottom of the

2   front of the bottle is the net weight "0.5fl. oz."  In small print on the back of the

3   bottle is a list of the ingredients, numbers of dyes that it "May Contain," the net

4   weight and the place of manufacture.  On the bottom of the bottle is a printed label

5   containing the number assigned to the color, the name of the color, the name and

6   contact information for the distributor, and the designation "USA."

7       86.    The distinctive elements, which include the four protruding edges and

8   the appearance of the labeling on the bottle, are not functional.

9       87.    Defendants' use of trade dress that is virtually identical to Genosco's

10  trade dress on and in connection with virtually identically products that are sold in

11  interstate commerce, is likely to cause confusion, or to cause mistake, or to deceive

12  as to the affiliation, connection, or association of Defendants with Genosco, or as to

13  the origin, sponsorship, or approval of Defendants' goods by Genosco.

14      88.    Defendants' acts constitute false designation of origin and are in

15  violation of Section 43(a) of the Trademark Act, as amended, 15 U.S.C. Section

16  1125(a).

17      89.    Plaintiff has no adequate remedy at law and has suffered, and is

18  continuing to suffer, irreparable harm and damage as a result of Defendants'

19  respective acts of trade dress infringement in amounts thus far not determined but

20  within the jurisdiction of this Court, which amounts should each be trebled pursuant

21  to 15 U.S.C. Section 1117.

22      90.    Plaintiff is informed and believes, and upon that basis alleges, that

23  unless enjoined by the Court, the confusion and deception noted above, and the

24  likelihood thereof, will continue with irreparable harm and damage to Genosco.

25  Accordingly, Plaintiff seeks preliminary and permanent injunctive relief pursuant to

26  15 U.S.C. Section 1116.

27      91.    Plaintiff is informed and believes, and upon that basis alleges, that

28  Defendants have each obtained gains, profits and advantages as a result of their

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP
482466.02                           26

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  wrongful acts of federal unfair competition in amounts thus far not determined but

2  within the jurisdiction of this Court, which amounts should each be trebled pursuant

3  to 15 U.S.C. Section 1117.

4      92.    In order to determine the full extent of such damages, including such

5  profits as may be recoverable, Genosco will require an accounting from each

6  defendant of all monies generated from the manufacture, production, importation,

7  exportation, distribution, provision, and/or sale of the goods packaged in the

8  infringing trade dress as alleged herein.

9      93.    By reason of the foregoing, Genosco has incurred, and will continue to

10  incur, attorneys' fees and other costs in connection with the prosecution of its claims

11  herein, which attorneys' fees and costs Plaintiff is entitled to recover from the

12  Defendants, and each of them, herein.

13                        **SIXTH CLAIM**

14          **Direct Violation of Section 43(a) of the Trademark Act –**

15                        **Unfair Competition**

16                      **(Against All Defendants)**

17      94.    Plaintiff repeats, realleges, and incorporates the allegations contained in

18  paragraphs 1 through 38, 40 through 51, 53 through 63, 65 through 73, 75 through

19  82 and 84 through 93, inclusive, hereof as if fully set forth herein.

20      95.    Defendants' use of a scheme of numbered nail lacquer colors that is

21  almost identical to Genosco's number scheme; identical trademarks for its nail

22  lacquer, and virtually identical trade dress for its nail lacquer, constitute unfair

23  competition and are in violation of Section 43(a) of the Trademark Act, as amended,

24  15 U.S.C. Section 1125(a).

25      96.    Defendants' respective unauthorized and unlawful acts of unfair

26  competition, and each of them, have enabled Defendants, and each of them, to trade

27  unlawfully upon the established goodwill and reputation of Genosco.  Defendants,

28  and each of them, are thereby unjustly enriching themselves at the expense and to

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02                          27

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  the damage and injury of Genosco and, unless enjoined by this Court, will further

2  impair the value of Genosco's trademarks, trade dress, trade copyrights and

3  goodwill.  By reason of the aforesaid, the continued use by any of the Defendants of

4  Genosco's copyrighted scheme of numbers and colors, trademarks, and trade dress

5  has caused, and unless restrained will continue to cause, serious irreparable injury to

6  PlaintiffGenosco.

7      97.    Genosco has no adequate remedy at law and has suffered, and is

8  continuing to suffer, irreparable harm and damage as a result of Defendants'

9  respective acts of unfair competition in amounts thus far not determined but within

10  the jurisdiction of this Court, which amounts should each be trebled pursuant to 15

11  U.S.C. Section 1117.

12      98.    Plaintiff is informed and believes, and upon that basis alleges, that

13  unless enjoined by the Court, the confusion and deception noted above, and the

14  likelihood thereof, will continue with irreparable harm and damage to Genosco.

15  Accordingly, Genosco seeks preliminary and permanent injunctive relief pursuant to

16  15 U.S.C. Section 1116.

17      99.    Genosco is informed and believes, and upon that basis alleges, that

18  Defendants have each obtained gains, profits and advantages as a result of their

19  wrongful acts of federal unfair competition in amounts thus far not determined but

20  within the jurisdiction of this Court, which amounts should each be trebled pursuant

21  to 15 U.S.C. Section 1117.

22      100.    In order to determine the full extent of such damages, including such

23  profits as may be recoverable, Genosco will require an accounting from each

24  defendant of all monies generated from the manufacture, production, importation,

25  exportation, distribution, provision, and/or sale of the competing goods as alleged

26  herein.

27      101.    By reason of the foregoing, Genosco has incurred, and will continue to

28  incur, attorneys' fees and other costs in connection with the prosecution of its claims

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02                28

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  herein, which attorneys' fees and costs Plaintiff entitled to recover from the

2  Defendants, and each of them, herein.

### SEVENTH CLAIM

**Contributory Violation of Section 43(a) of the Trademark Act –**

**Unfair Competition**

**(Against All Supplier Defendants)**

7  102.  Plaintiff repeats, realleges, and incorporates the allegations contained in

8  paragraphs 1 through 38, 40 through 51, 53 through 63, 65 through 73, 75 through

9  82, 84 through 93 and 95 through 101, inclusive, hereof as if fully set forth herein.

10  103.  Plaintiff is informed and believes, and upon that basis alleges, that as

11  alleged above, the Supplier Defendants' use of a scheme of numbered nail lacquer

12  colors that is almost identical to Genosco's number scheme; identical trademarks for

13  its nail lacquer, and virtually identical trade dress for its nail lacquer, constitute

14  unfair competition and are in violation of Section 43(a) of the Trademark Act, as

15  amended, 15 U.S.C. Section 1125(a).

16  104.  Plaintiff is informed and believes, and upon that basis alleges, that the

17  Supplier Defendants, and each of them, have, without permission, authority or

18  license from Genosco, participated in or otherwise knowingly contributed to the

19  affixation, application and/or use by their wholesale customers and others in

20  connection with the manufacture, advertisement, display, promotion, marketing,

21  distribution, provision, offering for sale and/or sale of goods, false descriptions and

22  representations, including words or other symbols, which tend falsely to describe or

23  represent such goods and/or services as Genosco's and/or as affiliated with Genosco,

24  and have participated in or otherwise knowingly contributed to causing such goods

25  to enter into interstate commerce with full knowledge of the falsity of such

26  designations of origin and such descriptions and representations, all to the detriment

27  of Plaintiff; in particular, the Supplier Defendants' participation in or otherwise

28  knowing contribution to the manufacture, advertisement, display, promotion,

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02                           29

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  marketing, distribution, provision, offering for sale and/or sale of goods

2  incorporating unauthorized depictions, counterfeits, infringements and/or the style

3  of one or more of Genosco's Marks, and/or employing all or part of Genosco's

4  Marks and/or Plaintiff's Copyrighted Works, and elements associated with the same,

5  constitutes false descriptions and representations tending falsely to describe or

6  represent goods provided and/or sold by Supplier Defendants' wholesale customers

7  and others.

8       105.   The Supplier Defendants' contributory conduct in connection with their

9  customers and others' respective unauthorized and unlawful acts of federal unfair

10  competition, and each of them, have enabled, assisted, aided and abetted their

11  customers and others to trade unlawfully upon the established goodwill and

12  reputation of Plaintiff.  The Supplier Defendants, and each of them, are thereby

13  unjustly enriching themselves at the expense and to the damage and injury of

14  Plaintiff and, unless enjoined by this Court, will further impair the value of

15  Plaintiff's trademarks, service marks, trade names, copyrights and goodwill.  By

16  reason of the aforesaid, the continued use by any of the Supplier Defendants and/or

17  their customers of any of Genosco's Marks or Plaintiff's Copyrighted Works, and/or

18  the likenesses thereof, has caused, and unless restrained will continue to cause,

19  serious irreparable injury to Plaintiff.

20       106.   Genosco has no adequate remedy at law and has suffered, and is

21  continuing to suffer, irreparable harm and damage as a result of the Supplier

22  Defendants' respective acts of contributory federal unfair competition in amounts

23  thus far not determined but within the jurisdiction of this Court, which amounts

24  should each be trebled pursuant to 15 U.S.C. Section 1117.

25       107.   Plaintiff is informed and believes, and upon that basis alleges, that

26  unless enjoined by the Court, the confusion and deception noted above, and the

27  likelihood thereof, will continue with irreparable harm and damage to Genosco.

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

30

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1    Accordingly, Genosco seeks preliminary and permanent injunctive relief pursuant to
2    15 U.S.C. Section 1116.

3        108.   Genosco is informed and believes, and upon that basis alleges, that the
4    Supplier Defendants have each obtained gains, profits and advantages as a result of
5    their respective wrongful acts of contributory federal unfair competition in amounts
6    thus far not determined but within the jurisdiction of this Court, which amounts
7    should each be trebled pursuant to 15 U.S.C. Section 1117.

8        109.   In order to determine the full extent of such damages, including such
9    profits as may be recoverable, Genosco will require an accounting from each
10   defendant and others of all monies generated from the manufacture, production,
11   importation, exportation, distribution, provision, and/or sale of the competing goods
12   as alleged herein.

13       110.   By reason of the foregoing, Genosco has incurred, and will continue to
14   incur, attorneys' fees and other costs in connection with the prosecution of its claims
15   herein, which attorneys' fees and costs Plaintiff entitled to recover from the Supplier
16   Defendants, and each of them, herein.

17                              **EIGHTH CLAIM**
18             **Violation of Uniform Trade Secrets Act, Cal. Civ. Code**
19          **Section 3426 et seq. - Misappropriation of Trade Secrets**
20                          **(Against All Defendants)**

21       111.   Plaintiff repeats, realleges, and incorporates the allegations contained in
22   paragraphs 1 through 38, 40 through 51, 53 through 63, 65 through 73, 75 through
23   82, 84 through 93, 95 through 101 and 103 through 110, inclusive, hereof as if fully
24   set forth herein.

25       112.   During his employment with Genosco, defendant P. Sim had access to
26   confidential information maintained by Genosco as trade secrets, including customer
27   and vendor lists and pricing information.

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02                                    31

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

113.   Plaintiff is informed and believes, and upon that basis alleges, that in violation of his Employment Agreement and without the consent or authorization of Genosco, P. Sim misappropriated Genosco's trade secrets, including vendor lists and pricing information, and used them in conjunction with the other Defendants to obtain products required to establish Defendants' business, Max Makeup Cherimoya.

114.   Plaintiff is informed and believes, and upon that basis alleges, that P. Sim and other Defendants used trade secrets misappropriated from Genosco, including pricing information and customer lists, to unlawfully sell products to Genosco's customers.

115.   Plaintiff is informed and believes, and upon that basis alleges, that defendant P. Sim's use of said trade secrets was to the economic detriment of Genosco and was in violation of the Uniform Trade Secrets Act, Cal. Civ. Code Section 3426 et seq.

116.   Plaintiff is informed and believes, and upon that basis alleges, that defendant P. Sim's actions constituted willful and malicious misappropriation of Genosco's trade secrets.

117.   Plaintiff is informed and believes, and upon that basis alleges, that Defendants L. Kim, C. Kim, S. Kim, J. Yoo, Cherimoya and DOES 1 through 10, inclusive, and each of them, acquired misappropriated trade secret information about Genosco's vendors, pricing, and customers from defendant P. Sim, which information Defendants, and each of them, used to obtain products required to establish Defendants' business, Max Makeup Cherimoya.

118.   Plaintiff is informed and believes, and upon that basis alleges, that Defendants L. Kim, C. Kim, S. Kim, J. Yoo, Cherimoya and DOES 1 through 10, inclusive, and each of them, participated in the use of the misappropriated trade secret information for the unlawful sale of products to Genosco's customers.

119.   Plaintiff is informed and believes, and upon that basis alleges, that the use and participation of Defendants C. Kim, L. Kim, S. Kim, J. Yoo, Cherimoya and

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  DOES 1 through 10, inclusive, in the use of said trade secrets was to the economic

2  detriment of Genosco and was in violation of the Uniform Trade Secrets Act, Cal.

3  Civ. Code Section 3426 et seq.

4       120.   Plaintiff is informed and believes, and upon that basis alleges, that the

5  actions of Defendants C. Kim, L. Kim, S. Kim, J. Yoo, Cherimoya and DOES 1

6  through 10, inclusive, constitute willful and malicious misappropriation of

7  Genosco's trade secrets.

8       121.   Genosco has no adequate remedy at law and has suffered, and is

9  continuing to suffer, irreparable harm and damage as a result of P. Sim and the other

10 Defendants' misappropriation and use of its trade secrets in amounts thus far not

11 determined but within the jurisdiction of this Court, which due to the willful and

12 malicious nature of the misappropriation should be doubled pursuant to Cal. Civ.

13 Code Section 3426.3(c).

14      122.   Plaintiff is informed and believes, and upon that basis alleges, that

15 unless enjoined by the Court, the unlawful use of Genosco's trade secrets will

16 continue with irreparable harm and damage to Genosco.  Accordingly, Genosco

17 seeks preliminary and permanent injunctive relief pursuant to Cal. Civ. Code

18 Section 3426.2.

19      123.   In order to determine the full extent of such damages, including actual

20 loss and unjust enrichment as may be recoverable, Genosco will require an

21 accounting from each defendant of all monies generated from the use of the

22 misappropriated trade secrets.

## NINTH CLAIM

### Violation of California Unfair Business Practices Act,

### Cal. Bus. & Prof. Code Sections 17040 et seq. - Unfair Competition

### (Against All Defendants)

27      124.   Plaintiff repeats, realleges, and incorporates the allegations contained in

28 paragraphs 1 through 38, 40 through 51, 53 through 63, 65 through 73, 75 through

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP
482466.02                                    33                    AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  82, 84 through 93, 95 through 101, 103 through 110 and 112 through 123, inclusive,

2  hereof as if fully set forth herein.

3       125.   Defendants' acts as complained of herein constitute deceptive, unfair

4  and fraudulent practices in violation of California Bus. & Prof. Code Sections 17040

5  et seq.

6       126.   Plaintiff is informed and believes, and upon that basis alleges, that

7  these deceptive, unfair and fraudulent practices have been undertaken with

8  knowledge by each defendant of their wrongfulness, in violation of the California

9  Unfair Business Practices Act, Cal. Bus. & Prof. Code §17200 et seq.

10       127.   Genosco has no adequate remedy at law and has suffered, and is

11  continuing to suffer, irreparable harm and damage as a result of each defendant's

12  acts of unfair competition in amounts thus far not determined but within the

13  jurisdiction of this Court.

14       128.   Plaintiff is informed and believes, and upon that basis alleges, that

15  unless enjoined by the Court, the confusion and deception noted above, and the

16  likelihood thereof, will continue with irreparable harm and damage to Genosco.

17       129.   Plaintiff is informed and believes, and upon that basis alleges, that

18  Defendants have each unlawfully and wrongfully derived, and will continue to

19  derive, income, gains, profits and advantages as a result of their wrongful acts of

20  unfair competition in amounts thus far not determined but within the jurisdiction of

21  this Court.  In addition, Plaintiff is informed and believes, and upon that basis

22  alleges, that it has lost and will continue to lose profits and goodwill as a result of

23  Defendants' respective conduct.

24       130.   By reason of the foregoing acts of unfair competition, Genosco is

25  entitled to restitution from each defendant of all income, gains, profits and

26  advantages resulting from their wrongful conduct in amounts to be determined

27  according to proof at trial.

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02                                          34

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

131.   In order to determine the full extent of such restitution, including such profits as may be recoverable, Genosco will require an accounting from each defendant of all monies generated from the manufacture, production, importation, exportation, distribution, provision, and/or sale of the competing goods as alleged herein.

132.   Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with intent to injure Genosco in its business and with conscious disregard of Genosco's rights, thereby justifying awards of punitive and exemplary damages against each defendant in amounts sufficient to punish said defendant and set an example for others.

## TENTH CLAIM

### Interference with Contractual Relations

### (Against All Defendants)

133.   Plaintiff repeats, realleges, and incorporates the allegations contained in paragraphs 1 through 38, 40 through 51, 53 through 63, 65 through 73, 75 through 82, 84 through 93, 95 through 101, 103 through 110, 112 through 123 and 125 through 132, inclusive, hereof as if fully set forth herein.

134.   Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, had knowledge of Genosco's contracts with its vendors and suppliers, and the prices it paid thereto.

135.   Genosco had contractual relationships with its customers pursuant to which Genosco would supply its customers with cosmetic products, including nail lacquer, at agreed upon prices.

136.   Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, had knowledge of Genosco's contractual agreements with its customers and the agreed upon prices therein.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

35

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1    137.   Plaintiff is informed and believes, and upon that basis alleges, that

2  Defendants, and each of them, acted alone or in concert to contact Genosco's

3  customers and offer to sell products which they alleged were "the same as"

4  Genosco's products for prices lower than Genosco's contractual prices.

5    138.   Plaintiff is informed and believes, and upon that basis alleges, that as a

6  result of Defendants' interference with Genosco's contractual relations as aforesaid,

7  one or more of Genosco's customers terminated their contracts with Genosco and

8  entered into agreements with Defendants.

9    139.   Plaintiff has been damaged, and is continuing to be damaged, and

10  Defendants, and each of them, have profited and otherwise obtained advantages, and

11  are continuing to profit and otherwise obtain advantages, as a result of Defendants'

12  respective acts of interference with Genosco's contractual relations, and Defendants,

13  and each of them, are liable to Plaintiff thereon in amounts according to proof.

14    140.   In order to determine the full extent of such damages, including such

15  profits of Defendants as may be recoverable, Genosco will require an accounting

16  from each defendant of all monies generated from sale of the competing goods to

17  Genosco's customers or otherwise as a result of their interfering conduct.

18    141.   Plaintiff is informed and believes, and upon that basis alleges, that

19  Defendants, and each of them, committed the acts alleged herein intentionally,

20  fraudulently, maliciously, willfully, wantonly and oppressively with intent to injure

21  Genosco in its business and with conscious disregard of Genosco's rights, thereby

22  justifying awards of punitive and exemplary damages against each defendant in

23  amounts sufficient to punish said defendant and set an example for others.

24                          **ELEVENTH CLAIM**

25                   **Breach of Employment Agreement**

26                     **(Against Defendant P. Sim)**

27    142.   Plaintiff repeats, realleges, and incorporates the allegations contained in

28  paragraphs 1 through 38, 40 through 51, 53 through 63, 65 through 73, 75 through

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02                        36

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1 | 82, 84 through 93, 95 through 101, 103 through 110, 112 through 123, 125 through
2 | 132 and 134 through 141, inclusive, hereof as if fully set forth herein.

3 |     143.  Plaintiff is informed and believes, and upon that basis alleges, that P.
4 | Sim breached the confidential provisions of his above-mentioned contract by
5 | revealing nonpublic information concerning Genosco, its vendors and suppliers.

6 |     144.  Plaintiff is informed and believes, and upon that basis alleges, that P.
7 | Sim breached the conflicts provisions of said contract by soliciting Genosco's
8 | employees to leave Genosco and join P. Sim in another company and by forming a
9 | relationship with Cherimoya during his employment with Genosco.

10 |     145.  The Employment Handbook prohibited employees of Genosco from
11 | concurrently working for a third party without written approval of Genosco.

12 |     146.  Plaintiff is informed and believes, and upon that basis alleges, that P.
13 | Sim breached the prohibition against outside employment by obtaining employment
14 | and/or an ownership interest in Cherimoya during his employment with Genosco
15 | and not revealing said employment and/or ownership interest to Genosco.

16 |     147.  Plaintiff is informed and believes, and upon that basis alleges, that
17 | unless enjoined by the Court, P. Sim will continue breaching the employment
18 | agreement by revealing nonpublic information concerning Genosco, its vendors and
19 | suppliers to third parties. Accordingly, Genosco seeks preliminary and permanent
20 | injunctive relief requiring P. Sim to refrain from any further revelations of
21 | nonpublic information concerning Genosco, its vendors and suppliers to third parties.

22 |     148.  By reason of the foregoing breach(es) of contract, Genosco is entitled
23 | to compensatory damages from P. Sim in an amount to be determined according to
24 | proof at trial.

25 | ///
26 | ///
27 | ///
28 |

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

37

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

## TWELFTH CLAIM

### Defamation

### (Against All Defendants)

149.   Plaintiff repeats, realleges, and incorporates the allegations contained in paragraphs 1 through 38, 40 through 51, 53 through 63, 65 through 73, 75 through 82, 84 through 93, 95 through 101, 103 through 110, 112 through 123, 125 through 132, 134 through 141 and 143 through 148, inclusive, hereof as if fully set forth herein.

150.   Plaintiff is informed and believes, and upon that basis alleges, that defendant P. Sim and DOES 7 through 9, inclusive, and each of them, deliberately told customers of Genosco with knowledge of the falsehood of the statement that in connection with his divorce Genosco's principal, Brandon Kim, abandoned his three children.

151.   Brandon Kim never abandoned his children and has been paying more in child support than ordered by the court.

152.   Plaintiff is informed and believes, and upon that basis alleges, that defendant P. Sim and DOES 7 through 9, inclusive, and each of them, deliberately told customers of Genosco with knowledge of the falsehood of the statements that Brandon Kim is "powerless" in dealing with the Chinese factories manufacturing Genosco's products and that as a result Genosco was having a hard time importing products from China.

153.   Genosco has not had problems importing products from China.

154.   Plaintiff is informed and believes, and upon that basis alleges, that defendant P. Sim and DOES 7 through 9, inclusive, and each of them, deliberately told customers of Genosco with knowledge of the falsehood of the statement, that Brandon Kim mistreated P. Sim when P. Sim was an employee of Genosco.

155.   P. Sim was never mistreated by Brandon Kim or Genosco.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

38

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

156.   Plaintiff is informed and believes, and upon that basis alleges, that the aforesaid false and defamatory statements were made pursuant to a common plan and scheme agreed to among Defendants, and each of them, to defame Brandon Kim and Genosco in order to damage Plaintiff in its business and obtain business, profits and other advantages for Defendants' competing business, instead

157.   The false statements made by P. Sim and DOES 7 through 9, inclusive, and each of them, to Genosco's customers and others have caused damage to the reputation of Brandon Kim personally and Genosco, have presented Brandon Kim personally and Genosco in a false light and have resulted in criticism, dishonor, and condemnation of Mr. Kim by Genosco's customers and others.

158.   Plaintiff is informed and believes, and upon that basis alleges, that Genosco has lost several of its customers and other contacts as a direct result of Defendants' false statements about Brandon Kim, and has been damaged as a result of Defendants' defamatory statements, and Defendants, and each of them, are liable to Plaintiff thereon, in an amount to be proven at trial.

159.   Plaintiff is informed and believes, and upon that basis alleges, that unless enjoined by the Court, Defendants, and each of them, will continue defaming Mr. Kim and Genosco by making false statements to Genosco's customers and others. Accordingly, Genosco seeks preliminary and permanent injunctive relief requiring Defendants, and each of them, to refrain from making any further defamatory statements about either Genosco or its President and principal, Brandon Kim.

160.   Plaintiff is informed and believes, and upon that basis alleges, that Defendants, and each of them, committed or otherwise participated in the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with intent to injure both Brandon Kim and Genosco in their business and with conscious disregard of both Brandon Kim and Genosco's rights, thereby justifying awards of punitive and exemplary damages against Defendants, and each

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP
482466.02
39
AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  of them, in amounts sufficient to punish said defendants and set an example for

2  others.

### PRAYER FOR RELIEF

4    WHEREFORE, Genosco demands judgment as follows:

5    1.    That Defendants, and each of them, be adjudged to have directly

6  infringed, willfully or otherwise, certain of Plaintiff's Copyrighted Works and/or

7  other copyrighted works of Genosco, according to proof;

8    2.    That the Supplier Defendants, and each of them, be adjudged to have

9  contributorily infringed, willfully or otherwise, certain of Plaintiff's Copyrighted

10  Works and/or other copyrighted works of Genosco, according to proof;

11    3.    That Defendants, and each of them, be adjudged to have directly

12  infringed, willfully or otherwise, certain of Genosco's Marks and/or other

13  trademarks of Genosco, according to proof;

14    4.    That the Supplier Defendants, and each of them, be adjudged to have

15  contributorily infringed, willfully or otherwise, certain of Genosco's Marks and/or

16  other trademarks of Genosco, according to proof;

17    5.    That Defendants, and each of them, be adjudged to have

18  misappropriated Genosco's trade secrets, willfully and maliciously, or otherwise,

19  according to proof;

20    6.    That defendant P. Sim be adjudged to have breached his contractual

21  obligations to Genosco, according to proof;

22    7.    That defendant P. Sim and the other Defendants, and each of them, be

23  adjudged to have defamed Genosco and its principal, Brandon Kim, to the detriment

24  of Genosco;

25    8.    That Defendants, and each of them, be adjudged to have infringed,

26  willfully or otherwise, certain of Genosco's trade dress, according to proof;

27    9.    That Defendants, and each of them, and each of their respective officers,

28  directors, agents, servants, employees, affiliated companies, representatives,

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

40

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  licensees, attorneys, successors and assigns, and all those persons, firms,

2  associations, corporations or other entities in active concert or participation with any

3  of them, be enjoined throughout the world during the pendency of this action, and

4  permanently thereafter:

5        (i)    From further violating, directly or indirectly, any of the exclusive

6  rights of Genosco in Plaintiff's Copyrighted Works, Genosco's Marks and/or

7  Genosco's trade dress, including the manufacture, importation, exportation,

8  reproduction, preparation, advertisement, marketing, promotion, display, publication,

9  provision, license, sale, distribution or other disposal of any and all products which

10  infringe any of Plaintiff's Copyrighted Works, Genosco's Marks or trade dress;

11        (ii)   From otherwise infringing any of Plaintiff's Copyrighted Works,

12  Genosco's Marks or trade dress or any elements thereof, and from otherwise

13  unfairly competing with Genosco in any manner whatsoever;

14        (iii)  From engaging in any acts or activities directly or indirectly

15  likely to trade upon or injure the name, reputation or goodwill of Genosco or in any

16  manner competing unfairly with Genosco by appropriating the distinctive features of

17  any of Plaintiff's Copyrighted Works, Genosco's Marks or trade dress;

18        (iv)  From using any simulation, reproduction, counterfeit, copy or

19  colorable imitation of any of Plaintiff's Copyrighted Works, Genosco's Marks or

20  trade dress or any elements thereof, in connection with the promotion, advertisement,

21  display, publication, provision, licensing, sale, offering for license or sale,

22  manufacture, importation, exportation, production, circulation or distribution of any

23  product, in such fashion as to relate or connect, or tend to relate or connect, such

24  product in any way to Genosco, or to any goods licensed, sold, provided,

25  manufactured, sponsored or approved by, or connected with, Genosco;

26        (v)   From making any statement or representation whatsoever, or

27  using any false designation of origin or false description, or performing any act,

28  which can, or is likely to, lead the trade or public, or individual members thereof, to

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

41

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  believe that any product imported, manufactured, exported, provided, distributed,

2  published, licensed, offered or sold by Defendants, or any of them, is in any manner

3  associated or connected with Genosco, or is sold, provided, manufactured, licensed,

4  offered, published, sponsored, approved or authorized by Genosco;

5          (vi)   From transferring, consigning, licensing, renting, selling,

6  shipping or otherwise moving or providing any goods, services, packaging or other

7  materials in their possession, custody or control bearing a design or style

8  substantially identical or confusingly similar to any or all of Genosco's copyrights,

9  trademarks, trade dress, trade names and/or other copyrighted works and Marks, or

10  any elements thereof;

11          (vii)   From using any of Plaintiff's Copyrighted Works and Genosco's

12  Marks, or any element or combination of elements thereof, or any other form of

13  design or artwork which so resembles any of Genosco's trademarks, service marks,

14  trade names and/or other copyrighted designs and trademarks, or any elements

15  thereof, as to be likely to cause confusion, deception or mistake, on or in connection

16  with the importation, manufacture, exportation, promotion, distribution, provision,

17  publication, licensing, rental, sale, offering for license, rental or sale, advertisement,

18  or promotion of any good;

19          (viii)  From making any statement or representation whatsoever, or

20  using any false designation of origin or false description, or performing any act,

21  which can, or is likely to, lead the trade or public, or individual members thereof, to

22  believe that any product imported, manufactured, exported, provided, distributed,

23  published, offered, licensed or sold by Genosco, is in any manner associated or

24  connected with Defendants, or is sold, provided, manufactured, licensed, offered,

25  published, sponsored, approved or authorized by Defendants, or any of them;

26          (ix)   From representing in any manner, or by any method whatsoever,

27  that any goods not sponsored, approved, or authorized by or originating from

28  Genosco, but imported, manufactured, exported, promoted, distributed, provided,

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

42

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  published, offered for licensing or sale, licensed and/or sold by Defendants, or any
2  of them, are sponsored, approved, or authorized by or originate from Genosco, or
3  *vice versa*, or from otherwise taking any action likely to cause confusion, mistake,
4  or deception as to the origin, approval, sponsorship, or certification of such goods
5  and/or services;

6          (x)    From representing in any manner or by any method whatsoever
7  that any business conducted by Defendants, or any of them, is connected, affiliated,
8  or otherwise associated with Genosco, or *vice versa*, or from otherwise taking any
9  action likely to cause confusion, mistake, or deception on the part of the public as to
10  the connection, affiliation, or other association of the business(es) of the Defendants,
11  or any of them, with Genosco;

12         (xi)    From engaging in any acts or activities directly or indirectly
13  using any trade secret information obtained from Genosco;

14         (xii)   From committing any acts calculated to cause purchasers to
15  falsely believe that any of Defendants' products are licensed, sold or otherwise
16  provided under the control or supervision of Genosco, or sponsored by, approved by,
17  or associated with, affiliated with, or produced under the control or supervision of
18  Genosco, or *vice versa*;

19         (xiii)  From otherwise competing unfairly with Genosco in any manner;

20         (xiv)   From defaming Brandon Kim and Genosco by making false
21  statements about Brandon Kim and/or Genosco;

22         (xv)    From assisting, aiding or abetting any other person or business
23  entity in engaging in or performing any of the prohibited activities referred to in
24  subparagraphs (i) through (xiv), above;

25         (xvi)   From effecting assignments or transfers, forming new entities or
26  associations or utilizing any other device for the purpose of circumventing or
27  otherwise avoiding the prohibitions set forth in subparagraphs (i) through (xv),
28  above; and

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02                                          43

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  (xvii) From secreting, destroying, altering, removing or otherwise

2  dealing with the products or any books or records which contain any information

3  relating to the importing, manufacturing, exporting, producing, distributing,

4  circulating, publishing, providing, selling, licensing, marketing, offering for license

5  or sale, advertising, promoting or displaying of any products and/or services which

6  infringe any of Genosco's rights;

7       10.    That defendant P. Sim and all those persons, firms, associations,

8  corporations or other entities in active concert or participation with him, be enjoined

9  throughout the world during the pendency of this action, and permanently thereafter,

10  from revealing nonpublic information concerning Genosco, its vendors and

11  suppliers that was obtained as a result of P. Sim's employment with Genosco, to

12  third parties.

13       11.    That Defendants, and each of them, be further ordered and directed:

14       (i)    To remove from all servers and computers and deliver up for

15  destruction all of the merchandise, discs, tapes, computers, servers, code,

16  downloadable materials, images, labels, tags, signs, prints, catalogs, trade press and

17  advertising, marketing and promotional materials, and packaging in any defendant's

18  possession, custody and control bearing any reference to, or any or all of the

19  distinctive features of any of Plaintiff's Copyrighted Works, Genosco's Marks  and

20  trade dress, or any elements thereof;

21       (ii)    To deliver up for destruction all of the merchandise, displays,

22  images, labels, tags, signs, prints, catalogs, trade press and advertising, marketing

23  and promotional materials, and packaging in any defendant's possession, custody

24  and control bearing any reference to, or any or all of the distinctive features of any

25  of Plaintiff's Copyrighted Works, Genosco's Marks and trade dress, or any elements

26  thereof;

27       (iii)    To remove from all servers and computers and deliver up for

28  destruction all of the trade press and advertising, marketing and promotional

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP
482466.02
44
AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1  materials, whether online or otherwise, and packaging associated with or relating to

2  any of Defendants' infringing merchandise and/or packaging, including but not

3  limited to Defendants' respective images, display cartons, signs, labels, prints,

4  packages, dyes, wrappers, receptacles, business cards and letterheads and other

5  representations;

6         (iv)  To remove from all servers and computers and deliver up for

7  destruction all trade secret information obtained from Genosco, including but not

8  limited to customer lists, vendor lists, supplier lists, and pricing information;

9         (v)  To make a diligent effort to recall and deliver up for destruction

10  all of Defendants' respective infringing images, merchandise and goods and

11  packaging, catalogs, trade press and advertising, marketing and promotional

12  materials, whether online or otherwise, already distributed so that such images,

13  merchandise, goods, packaging, catalogs, trade press and advertising, marketing and

14  promotional materials can be destroyed; and

15         (vi)  To file with this Court and serve on Genosco, ten (10) days after

16  the issuance of any preliminary or permanent injunction by the Court, whichever

17  occurs sooner, a report in writing and under oath setting forth in detail the manner

18  and form in which such defendant has complied with the foregoing;

19     12.  For a full and complete accounting from each defendant of all

20  infringing merchandise or goods manufactured, imported, exported, reproduced,

21  distributed, marketed, published, held or offered for license or sale, licensed,

22  provided and/or sold by it, whether online or otherwise, and of all income, profits,

23  gains and advantages received by such defendant therefrom;

24     13.  That judgment be rendered, jointly and severally, against Defendants,

25  and each of them, for:

26         (i)  All income, profits, gains and advantages received by any of the

27  Defendants as a result of any of the Defendants' respective acts of copyright

28  infringement, as provided by 17 U.S.C. Section 504;

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

45

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1            (ii)    All damages suffered by Genosco as a result of any of the

2 Defendants' respective acts of copyright infringement, as provided by 17 U.S.C.

3 Section 504;

4            (iii)    Statutory damages against the Defendants in the amount of up to

5 $30,000.00, or $150,000.00 if such acts are found to be willful, for each of the not

6 less than two (2) separate copyrighted works infringed according to proof, as

7 provided for in 17 U.S.C. Section 504(c), if such amounts are greater than the

8 amounts of items set forth in subparagraphs 13(i) and 13(ii) above;

9            (iv)    All income, gains, profits and other advantages received by any

10 of the Defendants and all damages sustained by Genosco on account of the

11 Defendants' respective acts of trademark infringement, trade dress infringement

12 and/or unfair competition; and furthermore, that such profits and damages as found

13 herein be trebled pursuant to 15 U.S.C. Section 1117;

14            (v)    All income, gains, profits and other advantages received by any

15 of the Defendants and all damages sustained by Genosco on account of the

16 Defendants' respective acts of misappropriation of trade secrets; and furthermore,

17 that such profits and damages as found herein be doubled pursuant to Cal. Civ. Code

18 Section 3426.3(c);

19            (vi)    All income, gains, profits and other advantages received by any

20 of the Defendants and all damages sustained by Genosco on account of the

21 Defendants' respective acts of state law unfair competition, interference with

22 contracts and defamation, and/or conspiracy with respect thereto;

23            (vii)   Plaintiff's costs and disbursements incurred in this action,

24 including an award of its reasonable attorneys' and investigator's fees;

25            (viii)  Exemplary and punitive damages; and

26            (ix)    Such other and further damages and relief as may be available in

27 accord with California Business and Professions Code Sections 17200 et seq.;

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

46

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

14.     That judgment be further rendered, jointly and severally, against the Supplier Defendants, and each of them, for:

       (i)     All income, profits, gains and advantages received by any of the Supplier Defendants as a result of any of the Supplier Defendants' respective acts of contributory copyright infringement, as provided by 17 U.S.C. Section 504;

       (ii)     All damages suffered by Genosco as a result of any of the Supplier Defendants' respective acts of contributory copyright infringement, as provided by 17 U.S.C. Section 504;

       (iii)     Statutory damages against the Supplier Defendants in the amount of up to $30,000.00, or $150,000.00 if such acts are found to be willful, for each of the not less than two (2) separate copyrighted works contributorily infringed according to proof, as provided for in 17 U.S.C. Section 504(c), if such amounts are greater than the amounts of items set forth in subparagraphs 14(i) and 14(ii) above;

       (iv)     All income, gains, profits and other advantages received by any of the Supplier Defendants and all damages sustained by Genosco on account of the Defendants' respective acts of contributory trademark infringement and/or unfair competition; and furthermore, that such profits and damages as found herein be trebled pursuant to 15 U.S.C. Section 1117;

       (v)     Plaintiff's costs and disbursements incurred in this action, including an award of its reasonable attorneys' and investigator's fees;

       (vi)     Exemplary and punitive damages; and

       (vii)     Such other and further damages and relief as may be available in accord with California Business and Professions Code Section 17200 et seq.;

15.     That judgment be rendered against defendant P. Sim for all general and special damages sustained by Genosco as a result of defendant P. Sim's breach of contract, according to proof at trial.

16.     That judgment be further rendered, jointly and severally, against each of the Defendants for restitutionary damages in amounts to be determined at trial,

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02

47

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1   but in no event less than all income, gains, profits and other advantages derived as a

2   result of such defendant's direct and/or contributory unfair business activities;

3        17.    For an order compelling the Defendants, and each of them, to fully

4   account to Genosco for all monies received as a result of the wrongful acts

5   hereinabove alleged, and requiring the Defendants, and each of them, to transfer

6   possession of said monies to Genosco;

7        18.    That Genosco have and recover its costs and disbursements incurred in

8   this action, including an award of its reasonable attorneys' and investigator's fees;

9        19.    That Genosco have and recover prejudgment interest on all profits and

10   damages awarded by this Court;

11        20.    That the Court retain jurisdiction of this action for the purpose of

12   enabling Genosco to apply to the Court at any time for such further orders and

13   directions as may be necessary or appropriate for the interpretation or execution of

14   any order entered in this action, for the modification of any such order, for the

15   enforcement of compliance therewith and for the punishment of any violations

16   thereof; and

17        21.    That Genosco have such other and further relief as the Court may deem

18   just and proper.

19

20   DATED:  April 15, 2011          TODD W. BONDER, ESQ.

21                                  FRANCIE R. GOROWITZ, ESQ.

                                   ROSENFELD, MEYER & SUSMAN, LLP

22

23                                    By:

24                                      Todd W. Bonder

                                   Attorneys for Plaintiff GENOSCO dba

25                                    KleanColor

26

27

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02                 48

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,

1

## DEMAND FOR JURY TRIAL

2

3        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff

4    GENOSCO dba KleanColor hereby demands a trial by jury of all issues so triable.

5

6    DATED:  April 15, 2011                 TODD W. BONDER, ESQ.
                                             FRANCIE R. GOROWITZ, ESQ.
7                                            ROSENFELD, MEYER & SUSMAN, LLP

8

9                                            By: _____
                                                  /Todd W. Bonder
10                                           Attorneys for Plaintiff GENOSCO dba
                                             KleanColor
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

482466.02                                    49

AMENDED COMPLAINT FOR
COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT,