1  TODD W. BONDER, ESQ. (Cal. Bar No. 116482)
   *tbonder@rmslaw.com*
2  FRANCIE R. GOROWITZ, ESQ. (Cal. Bar No. 125728)     JS 6
   *fgorowitz@rmslaw.com*
3  ROSENFELD, MEYER & SUSMAN, LLP
   9601 Wilshire Boulevard, Suite 710
4  Beverly Hills, California 90210-5225
   Telephone:  (310) 858-7700
5  Facsimile:  (310) 860-2430

6  Attorneys for Plaintiff
   GENOSCO dba KleanColor
7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                    SOUTHERN DIVISION

| | |
|---|---|
| GENOSCO, a California corporation doing business as KleanColor,<br><br>Plaintiff,<br><br>vs.<br><br>MAX MAKEUP CHERIMOYA, a corporation; MAX MAKEUP CHERIMOYA, a partnership; MAX MAKEUP CHERIMOYA, a business entity (form unknown); LAWRENCE KIM, an individual; CHRISTINE KIM, an individual; SUNNA KIM aka CLAIRE KIM aka CLAIR WALDORF, an individual; JEFFREY YOO, an individual; SEUNG WOOK SIM aka PAUL SIM aka SEUNG WOOK SHIM aka PAUL SHIM, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. SACV11-567 DOC (MLGx)<br><br>**CONSENT DECREE AND JUDGMENT**<br><br>DATE:<br>TIME:<br>PLACE:   Courtroom of the Hon.<br>              David O. Carter |

        Plaintiff, GENOSCO, a California corporation doing business as KleanColor ("Genosco" or "plaintiff"), and defendants JUNG HO YOO aka JEFF YOO, individually and doing business as Max Makeup Cherimoya, LAWRENCE KIM, an individual, IL SIL KIM aka CHRISTINE KIM, an individual, SUNNA KIM aka CLAIRE KIM aka CLAIR WALDORF, an individual, and SEUNG WOOK SIM aka PAUL SIM aka SEUNG

1  WOOK SHIM aka PAUL SHIM, an individual (hereinafter collectively referred to as
2  "Settling Defendants"), desire to settle the controversy associate with this action for direct
3  and contributory liability for copyright infringement, violations of the Lanham Trademark
4  Act, violation of California Civil Code § 3426 et seq., unfair competition under California
5  common law and under the California Unfair Business Practices Act, Cal. Bus. & Prof.
6  Code § 17040 et seq., breach of employment agreement and defamation. Accordingly, the
7  undersigned parties hereto agree and ask that the Court make the following findings and
8  decree:

9      1. This Court has jurisdiction over the parties to this action and over the
10 subject matter hereof pursuant to 17 U.S.C. § 101 et seq., 17 U.S.C. § 501, 15 U.S.C. §
11 1051 et seq., 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367.
12 Service of process was or is stipulated to have been properly made against Settling
13 Defendants, and each of them. To the extent they have not previously made an appearance
14 in this action, the Settling Defendants are each appearing hereby and join in this consent
15 decree.

16     2. Genosco claims to be the owner of all rights in and to:
17         2.1 the nail lacquer bottle, cap and label designs depicted in
18 Exhibit "A" attached hereto and incorporated herein by this reference;
19         2.2 the scheme of named and numbered nail lacquer colors, each of
20 the marks "Covalt," "Pearl Jungle," "Vikini Green," "Bikini Green," "Beach Blue,"
21 "Chunky Silver," "Aurora," "Pinky Moon," "Silver Star," "Peaceful Heart," "Starry
22 Blue," "Sparkle Emerald," "Starry Purple," "Twinkly Love," "Dessert," "Sweet
23 Orange," "Gold Bright," "Black Hole," "Salsa," "Sweet Pink," "Pink Sleepers,"
24 "Pink Star," "Red Heart," "Titanic," "Jewelry Red," "Angel Red," "Funky Yellow,"
25 "Purple Velvet," "Firework," "Starry Night," "Puppy Love," "Dolly Girl," "Holo
26 Chrome," "Disco Ball," "Vegas Night," "Love Affair," "Fairy Lover," "IT Purple,"
27 "Wicked Plum," "Concrete Gray," "TLC," "Fashionista," "Boogie Nights," "Green
28 Grass," "Moon Dance," "Cream Pearl," "Golden Nightmare," "Ocean Wave,"

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP
487983.04
2
Case No. SACV11-567 DOC (MLGx))
CONSENT DECREE AND JUDGMENT

"Forest Fairy," "Jazz Olive," "Teal Envy," "Coffee Addict," "Grand Finale," "Midnight Seduction," "Kiss Goodbye," "V.I.P.," "My Rightful Throne," "Diamond Pink," "Diamond Red," "Diamond Gold," "Diamond Green," "Diamond Blue," "Diamond Purple," "Mix Signal," "Take a Hint," "Bridal Shower," "Golden Nirvanna," "Gold Caviar," "Go Bunny," "Tango," "Black Out," "Red-Hot," "Blue Eyed Girl," "Born to Purple," "Sugar Coat," "Afternoon Picnic," "Blind Date," "Top of the World," "Salsa Much," "Bite Me," "Hot Stuff," "Shooting Star," "My Valentine," "Party Fever" and "City Never Sleeps," the name and number combinations depicted in the charts, and the charts themselves, all of which are set forth or otherwise reflected in Exhibit "B" attached hereto and incorporated herein by this reference;

    2.3    each of the annual catalogs, and the original text, the original photographs and the compilation of these and the other material contained therein, as reflected in Exhibit "C" attached hereto and incorporated herein by this reference; and

    2.4    the copyrights, trademarks and trade dress associated with any of the same, including but not limited to the federally-registered copyrights and trademarks identified in Exhibit "D" attached hereto and incorporated herein by this reference.

(As used hereinafter, all of Genosco's claimed copyrights, trademarks, trade dress and other proprietary rights of Genosco as described in subparagraphs 2.1 through 2.4, above, and as depicted in Exhibits "A" through "D", inclusive, are individually referred to as a "Genosco Property" and collectively referred to as the "Genosco Properties.")

    3.    Genosco claims to have expended considerable resources in the creation, marketing and commercial exploitation of the Genosco Properties on merchandise such as cosmetics and in the enforcement of its intellectual property rights in the Genosco Properties.

    4.    Genosco has alleged that Settling Defendants have made unauthorized

uses of the Genosco Properties or substantially similar likenesses or colorable imitations thereof, all as more particularly described in Genosco's Amended Complaint on file in this action.

5. Settling Defendants expressly deny that they committed any infringement against, or unauthorized use of, any of the Genosco Properties, and further deny any wrongdoing, fault or liability whatsoever.

6. Settling Defendants, and each of them, along with each of their respective officers, directors, employees, servants, agents, heirs, affiliated companies, representatives, successors and assigns, and all persons, firms, associations, corporations and other entities acting or claiming to act on behalf of or under the direction or authority of any of them, and all persons, firms, associations, corporations and other entities acting in active concert or participation with any of them within the meaning of Federal Rule of Civil Procedure 65(d) who receive notice of this order, shall forever refrain and are hereby immediately and permanently enjoined and restrained from:

    6.1 Making any unauthorized use, directly or indirectly, of any of the Genosco Properties in any manner whatsoever, including generally, but not limited to:

        6.1.1 Manufacturing or causing to be manufactured, designing, producing, advertising, importing, exporting, displaying, licensing, distributing, promoting, offering for sale, selling and/or otherwise disposing of, or otherwise offering any product, including but not limited to any nail lacquer product, which depicts, portrays, includes or makes any other use of any Genosco Property or substantially similar likeness, colorable imitation or derivative of any Genosco Property;

        6.1.2 Manufacturing or causing to be manufactured, designing, producing, advertising, importing, exporting, displaying, licensing, distributing, promoting, offering for sale, selling and/or otherwise disposing of, or otherwise offering in connection with any product, including

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

487983.04

4

Case No. SACV11-567 DOC (MLGx))
CONSENT DECREE AND JUDGMENT

but not limited to any nail lacquer product, which depicts, portrays, includes or makes any other use of any Genosco Property or substantially similar likeness, colorable imitation or derivative of any Genosco Property, any promotional material, label, packaging, or container which depicts, portrays or includes any Genosco Property or substantially similar likeness, colorable imitation or derivative of any Genosco Property;

   6.1.3 Utilizing or making any other use of any Genosco Property or substantially similar likeness, colorable imitation or derivative of any Genosco Property, to advertise, market or otherwise promote in any way any product, service or business, including but not limited to any nail lacquer or other products manufactured, marketed, advertised, or offered for sale, or business conducted, by Settling Defendants, or any of them;

   6.1.4 Directly or indirectly infringing any of the above-described Genosco Properties in any manner whatsoever, including but not limited to any copyrights, trademarks or trade dress associated with the same; or

   6.1.5 Using any simulation, reproduction, counterfeit, copy or colorable imitation of any of the Genosco Properties, including but not limited to any copyrights, trademarks or trade dress associated with the same, in any manner whatsoever;

  6.2 Holding him, her or itself out to anyone as a duly authorized and licensed provider of any intellectual property owned or controlled by Genosco, including but not limited to the Genosco Properties;

  6.3 Engaging in any acts or activities directly or indirectly likely to dilute any of the Genosco Properties, or to trade upon or injure the name, reputation or goodwill of Genosco or in any manner competing unfairly with Genosco by appropriating any of the Genosco Properties, including without limitation:

   6.3.1 Using any simulation, reproduction, counterfeit, copy or

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

487983.04

5

Case No. SACV11-567 DOC (MLGx))
CONSENT DECREE AND JUDGMENT

colorable imitation of any of the Genosco Properties in connection with the promotion, advertisement, design, display, provision, sale, offering for sale, manufacture, importation, exportation, production, circulation or distribution of any product, including but not limited to any nail lacquer product, in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Genosco, or to any product sold, provided, manufactured, sponsored or approved by, or connected with, Genosco; or

  6.3.2 Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can, or is likely to, lead the trade or public, or individual members thereof, to believe that any product not distributed by Genosco, including but not limited to any nail lacquer product imported, manufactured, exported, provided, designed, distributed or sold by Settling Defendants, or any of them, is in any manner associated or connected with Genosco, or is sold, provided, manufactured, licensed, sponsored, approved or authorized by Genosco;

 6.4 Directly or indirectly applying in connection with any product or service, any of the Genosco Properties or any other mark, trade dress, emblem, logo, decal or term which is confusingly similar to any of the Genosco Properties, or any elements thereof;

 6.5 Transferring, consigning, selling, shipping or otherwise moving or providing any product, packaging or other materials in any of his, hers or its possession, custody or control bearing a design or style substantially identical or confusingly similar to any or all of the Genosco Properties, or any elements thereof;

 6.6 Representing in any manner or by any method whatsoever that he, she or it, or any business conducted by him, her or it, is connected, affiliated, or otherwise associated with or sanctioned by Genosco, or *vice versa*, or from otherwise taking any action likely to cause confusion, mistake, or deception on the

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

487983.04

6

Case No. SACV11-567 DOC (MLGx))
CONSENT DECREE AND JUDGMENT

part of the public as to the connection, affiliation or other association of any such person or entity with Genosco;

  6.7 Committing any acts calculated to cause anyone to believe that any of the Settling Defendants' products not originating from Genosco is licensed, sold or otherwise provided under the control or supervision of Genosco, or is sponsored or approved by, or associated or affiliated with, or produced under the supervision and control of, Genosco, or *vice versa*;

  6.8 Assisting, aiding or abetting any other person, firm, association, corporation or other entity in engaging in or performing any of the prohibited activities referred to above; and

  6.9 Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

  7. Subject to the terms of that certain Confidential Settlement Agreement, dated as of April 12, 2012, that has been entered into by and between plaintiff and cross-defendants Genosco and BRANDON KIM aka CHANG KEUN KIM, on the one hand, and defendants and cross-complainant JUNG HO YOO aka JEFF YOO, individually and doing business as Max Makeup Cherimoya, LAWRENCE KIM, IL SIL KIM aka CHRISTINE KIM, SUNNA KIM aka CLAIRE KIM aka CLAIR WALDORF and SEUNG WOOK SIM aka PAUL SIM aka SEUNG WOOK SHIM aka PAUL SHIM, on the other hand (hereinafter the "Settlement Agreement"), each side shall bear its own fees and costs of suit.

  8. The above-captioned action shall be reopened should Settling Defendants default under the terms of the parties' Confidential Settlement Agreement.

  9. This Court shall retain jurisdiction over each of the Settling Defendants and the subject matter hereof for the purpose of making any further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; and the punishment of any violations hereof.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

487983.04

7

Case No. SACV11-567 DOC (MLGx))
CONSENT DECREE AND JUDGMENT

10. This consent decree and judgment shall be deemed to have been served upon Defendants JUNG HO YOO aka JEFF YOO, individually and doing business as Max Makeup Cherimoya, LAWRENCE KIM, an individual, IL SIL KIM aka CHRISTINE KIM, an individual, SUNNA KIM aka CLAIRE KIM aka CLAIR WALDORF, an individual, and SEUNG WOOK SIM aka PAUL SIM aka SEUNG WOOK SHIM aka PAUL SHIM, an individual, and each of them, at the time of its execution by the Court.

11. The Court expressly finds that there is no just reason for delay in entering this Judgment and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of judgment against defendants JUNG HO YOO aka JEFF YOO, individually and doing business as Max Makeup Cherimoya, LAWRENCE KIM, an individual, IL SIL KIM aka CHRISTINE KIM, an individual, SUNNA KIM aka CLAIRE KIM aka CLAIR WALDORF, an individual, and SEUNG WOOK SIM aka PAUL SIM aka SEUNG WOOK SHIM aka PAUL SHIM, an individual, and each of them.

IT IS SO ORDERED this 23rd day of April, 2012.

_____
THE HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

CONSENTED TO AND SUBMITTED JOINTLY BY:

Dated: April 13, 2012     /s/ Jeff Yoo
                          JUNG HO YOO aka JEFF YOO, individually
                          and doing business as Max Makeup Cherimoya

Dated: April 16, 2012     /s/ Lawrence Kim
                          LAWRENCE KIM, an individual

(signatures continued on next page)

| | | |
|---|---|---|
| Dated: April 13, 2012 | | /s/ Christine Kim<br>IL SIL KIM aka CHRISTINE KIM, an individual |
| Dated: April 13, 2012 | | /s/ Clair Waldorf<br>SUNNA KIM aka CLAIRE KIM aka CLAIR WALDORF, an individual |
| Dated: April 13, 2012 | | /s/ Paul Sim<br>SEUNG WOOK SIM aka PAUL SIM aka SEUNG WOOK SHIM aka PAUL SHIM, an individual |
| Dated: April 13, 2012 | | /s/ Peter Y/ Lee<br>PETER Y. LEE, ESQ.<br>LEE, HONG, DEGERMAN, KANG & WAIMEY<br>Attorneys for Defendants and Cross-complainant JUNG HO YOO aka JEFF YOO, individually and doing business as Max Makeup Cherimoya, SUNNA KIM aka CLAIRE KIM aka CLAIR WALDORF and SEUNG WOOK SIM aka PAUL SIM aka SEUNG WOOK SHIM aka PAUL SHIM |
| Dated: April 17, 2012 | | /s/ Todd W. Bonder<br>TODD W. BONDER, ESQ.<br>ROSENFELD, MEYER & SUSMAN, LLP<br>Attorneys for Plaintiff and Cross-Defendants GENOSCO doing business as KleanColor and CHANG KIM aka BRANDON KIM |